UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
-------------------------------------------------------x
**In re:**

| | |
|---|---|
| **AREDIA and ZOMETA** | **No. 3:06-MD-1760** |
| **PRODUCTS LIABILITY LITIGATION** | **JUDGE CAMPBELL** |
| (MDL No. 1760) | |

This Document Relates to: 3:05-cv-00719
-------------------------------------------------------x

## THIRD AMENDED COMPLAINT

Plaintiffs bring this Rule 23 pharmaceutical liability action individually and as class representatives against Novartis Pharmaceutical Corporation, who manufactured ZOMETA. Plaintiffs file this Second Amended Complaint pursuant to the Court's Order dated 11/14/05 and state the following facts:

01. The Plaintiffs bring this Rule 23 class action on behalf of putative class members who took ZOMETA. This drug causes Zometa-induced osteonecrosis (bone loss). The drug substantially increased the risk of osteonecrosis of the jaw in some putative class members, and caused osteonecrosis of the jaw in other putative class members.

02. Plaintiff, Terry Anderson, is a citizen of the State of Minnesota. A doctor prescribed him ZOMETA. He purchased and took ZOMETA. As a result, he suffered osteonecrosis of the jaw. He seeks to be a class representative.

03. Plaintiff, Susan Becker, is a citizen of the State of Connecticut. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw and is now deceased. Julie Fritzky is the personal representative of her estate and seeks all personal injury and wrongful death damages available by law. Ms. Fritzky

1

seeks to be a class representative.

04. Plaintiff, Angelina Casali, is a citizen of the State of New York. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw and is now deceased. John Casali is the personal representative of her estate and seeks all personal injury and wrongful death damages available by law. Mr. Casali seeks to be a class representative.

05. Plaintiff, Susan Eberhart, is a citizen of the State of Georgia. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw. She seeks to be a class representative.

06. Plaintiff, Suzanne Edwin Melau, is a citizen of the State of Illinois. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw and is now deceased. Patricia Melau is the personal representative of her estate and seeks all personal injury and wrongful death damages available by law. Ms. Melau seeks to be a class representative.

07. Plaintiff, Elizabeth Miller, is a citizen of the State of New Jersey. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw. She seeks to be a class representative. Daniel Miller is the spouse of Elizabeth Miller and has lost the consortium of his wife due to the Defendant's negligence.

08. Plaintiff, Corina Maria Roman, is a citizen of the Nation of Denmark. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw. She seeks to be a class representative.

09. Plaintiff, George Tracy, is a citizen of the State of Oregon. A doctor prescribed

him ZOMETA. He then purchased and took ZOMETA. As a result, he suffered osteonecrosis of the jaw. He seeks to be a class representative. Marilyn Tracy is the spouse of George Tracy and has lost the consortium of her husband due to the Defendant's negligence.

10. Plaintiff, Denise White, is a citizen of the State of Iowa. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw. She seeks to be a class representative. John White is the spouse of Denise White and has lost the consortium of his wife due to the Defendant's negligence.

11. Plaintiff, Otilia Zinger, is a citizen of the State of Massachusetts. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw. She seeks to be a class representative.

12. Plaintiff, James Kennedy, is a citizen of the State of North Carolina. A doctor prescribed him ZOMETA. He then purchased and took ZOMETA. As a result, he suffered osteonecrosis of the jaw and is now deceased. Mrs. Kennedy is the personal representative of his estate and seeks all personal injury and wrongful death damages available by law. Mrs. Kennedy seeks to be a class representative.

13. Plaintiff, Phyllis Newman, is a citizen of the Nation of Italy. A doctor prescribed her ZOMETA. She then purchased and took ZOMETA. As a result, she suffered osteonecrosis of the jaw. She seeks to be a class representative.

14. The putative class numbers in the thousands or tens of thousands across the United States. The Plaintiffs and putative class members all used ZOMETA as prescribed.

15. Defendant Novartis Pharmaceutical Corporation ("Novartis") is a Delaware corporation with its principal place of business located at One Health Plaza, East Hanover, New

3

Jersey 07936-1080.

16. During all times relevant hereto, Novartis was in the business of manufacturing, marketing, distributing, promoting, testing, labeling, and selling ZOMETA.

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship, and the amount in controversy exceeds $75,000 exclusive of interest and costs. With regard to the class action, the diversity requirements are specified in §1332(d) and the pertinent provisions of the Class Action Fairness Act. This Court has subject matter jurisdiction over the class action as well.

18. This Court has *in personam* jurisdiction pursuant to TENN.CODE ANN. § 20-2-214 ("Tennessee Long Arm Statute") and the Fourteenth Amendment to the United States Constitution. Novartis markets ZOMETA to Tennessee physicians so that they will prescribe it to their patients in Tennessee. Novartis distributes and sells ZOMETA to patients in Tennessee. Novartis compensates agents who "pitch" the drug to doctors here in Tennessee. Novartis sends instructional materials about the drug and other Novartis products to patients and physicians in Tennessee. Novartis profits from health maintenance organizations administered in Tennessee. Patients in Tennessee remit a co-payment to pharmacists when purchasing Novartis products. Novartis profits from Tennessee patients who use its medications.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c). Novartis "resides" in Tennessee as defined in paragraph (a) of § 1391 because it is a corporation subject to personal jurisdiction in Tennessee. There are multiple judicial districts in Tennessee. Consequently, venue in this Court is appropriate in the Middle District of Tennessee as defined in paragraph (c) of § 1391.

4

20. ZOMETA ("pamidronate disodium") is a bisphosphonate. The principal pharmacologic action of ZOMETA is inhibition of bone resorption. Bisphosphonates prevent and treat osteoporosis in post-menopausal women. Stronger forms of bisphosphonates are used in the management of advanced cancers that have metastasized to the bone. When bisphosphonates are given in cancer chemotherapy, drugs like ZOMETA are given intravenously and usually for longer periods.

21. ZOMETA increases the risk of osteonecrosis of the jaw. ZOMETA causes osteonecrosis of the bone. Nevertheless, Novartis failed to warn consumers adequately of this risk. Novartis made a labelling change on September of 2003, but this change was also inadequate to warn consumers and remains so to this date.

### RULE 23 CLASS ACTION ALLEGATIONS

22. The Plaintiffs bring this action for themselves and as representatives of putative class members who are defined as follows:

> *All persons who consume or have consumed ZOMETA, whether intravenously or by mouth*

23. With regard to the specific provisions of Rule 23(a) and Local Rule 15, the suit is properly maintainable as a class action because:

>> **23(a)(1)**     Since 2001, one million people have taken ZOMETA (numerosity);
>>
>> **23(a)(2)**     Whether ZOMETA is defective or unreasonably dangerous as a result of having an inadequate warning label (commonality);
>>
>>                Whether ZOMETA causes or contributes to ONJ (commonality);
>>
>> **23(a)(3)**     Each person who took ZOMETA is at risk for developing ONJ because these bisphosphonates irreversibly inhibit osteoclasts. In

addition, because the jaws have a greater blood supply than other bones and a faster bone turnover rate related to their daily activity and the presence of teeth, these bisphosphonates are highly concentrated in the jaw. This combined with invasive dental diseases and/or treatments causes the condition to manifest itself in the jaw (typicality); and

**23(a)(4)** The plaintiffs herein will fairly and adequately represent the class because they themselves suffer from bisphosphonate induced ONJ. In addition, the lawyers retained by plaintiffs have substantial experience in the prosecution of class actions, product liability claims, and mass torts. The lawyers have sufficient financial resources, staffing and technology to prosecute this case in a proper and timely fashion (adequate representation).

24. This case falls squarely within the provisions of Rule 23(b) and Local Rule 15, the suit. The Dental Monitoring (injunctive relief) is proper maintainable under 23(b)(2) because:

1. Since 2001, 1 million people have taken ZOMETA. The geographic dispersion of the class members is worldwide;

2. All of these people are at increased risk of developing osteonecrosis of the jaw even after bisphosphonate therapy is stopped because these drugs irreversibly inhibit osteoclasts. They concentrate themselves in the jawbone and when the patient suffers an invasive dental disease or dental treatment the jaw will not heal and may progress to ONJ;

3. There were no warnings from Novartis about osteonecrosis of the jaw until September of 2003. Since that time, the warnings have been inadequate with regard to ONJ;

4. Dental monitoring will contain or control Zometa-induced ONJ;

5. The cost of the proposed dental monitoring will be at least $900 per year per patient for the life of the patient.

6. Dental monitoring is likewise essential for 30% of the patients who will spontaneously develop Zometa-induced ONJ in absence of prior dental treatment;

6

The Personal Injury Claims are proper under 23(b)(3) because:

    1.    The predominating common questions of fact are:

        a.    Is ZOMETA defective or unreasonably dangerous due to the lack of a warning and current inadequate warning about ONJ?

        b.    Is ZOMETA defective or unreasonably dangerous due to the lack of a warning about ONJ since September of 2003?

        b.    Does ZOMETA cause ONJ?

    2.    The predominating common questions of law are:

        a.    Those mixed questions of law and fact that flow, directly or indirectly, from the predominating common questions of fact.

    3.    The class action is clearly superior to any other procedural method for fairly and efficiently adjudicating the controversy.

    4.    **23(b)(3)(A)** - the value of a class action substantially outweighs the interest, if any, of individual members prosecuting separate actions.

    5.    **23(b)(3)(B)** - as far as we know there are no other cases pending against Novartis for Zometa-induced ONJ.

    6.    **23(b)(3)(C)** - concentration of the claims in this forum will result in substantial judicial economy and in uniformity of rulings in the litigation

    7.    **23(b)(3)(D)** - Plaintiffs do not see difficulties in managing the class action.

25.    Plaintiffs' counsel is experienced in class actions, mass tort, and product liability law. They are well financed and staffed to maintain the class action and prosecute it to a successful conclusion.

26.    With regard to the jurisdictional amount, the Plaintiffs' claims exceed $5,000,000. On February 18, 2005, the President signed into law the Class Action Fairness Act (CAFA), Pub.L. 109-2, 119 Stat. 4 (2005). CAFA amended the federal diversity statute at 28 U.S.C. § 1332(d) and now vests original jurisdiction for class actions in federal court where there is

minimal diversity and the amount in controversy exceeds $5,000,000. The Act became effective for all actions that "commenced on or after" February 18, 2005. This case commenced after February 18, 2005, therefore, original jurisdiction is in this Court.

**COUNT I.   STRICT LIABILITY**

27.   Novartis was engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, advertising, warning, and otherwise distributing ZOMETA in interstate commerce, which it then sold and distributed throughout the world. Therefore, Novartis is a "manufacturer" and this is a "product liability action" as defined by TENN.CODE ANN. § 29-28-102 of the Tennessee Products Liability Act ("TPLA").

28.   The Plaintiffs and putative class members were using ZOMETA in a reasonably foreseeable manner.

29.   ZOMETA reached the Plaintiffs and putative class members without a substantial change in condition.

30.   The Plaintiffs and putative class members were not aware of and reasonably could not have discovered this specific danger of severe osteonecrosis associated with the use ZOMETA.

31.   ZOMETA increases the risk of osteonecrosis of the jaw. ZOMETA causes osteonecrosis of the jaw. Therefore, it is an "unreasonably dangerous / defective product" as specified in the TPLA due to Novartis' failure to warn the Plaintiffs and putative class members.

32.   This unreasonably dangerous / defective drug increases the risk of osteonecrosis

of the jaw. It causes Zometa-induced osteonecrosis. Plaintiffs have suffered osteonecrosis of the jaw. Putative class members have suffered osteonecrosis of the jaw. Other putative class members live with an increased risk of developing osteonecrosis of the jaw. All have sustained compensatory damages in an amount to be proven at trial.

33. Novartis is strictly liable to the Plaintiffs and putative class members pursuant to the TPLA. Additionally, Novartis' conduct was "reckless" as defined by *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). To this day, Novartis has not warned dentists across the nation of this danger or how to monitor and treat patients who took ZOMETA as prescribed. Therefore, the Plaintiffs, individually and as class representatives, seek imposition of punitive damages in order to punish Novartis and deter other drug companies from the same wrongdoing.

## COUNT II. NEGLIGENCE

34. Novartis owed the Plaintiffs and putative class members a common law duty to use reasonable care in manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling, and advertising ZOMETA. This duty included a warning about the danger of Zometa-induced osteonecrosis.

35. Novartis breached that duty of care in one or more of the following respects:

   a. Failing to test and inspect ZOMETA in a reasonable manner in order to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured, and sold;

   b. Failing to utilize and implement a reasonably safe design in the manufacture of ZOMETA;

   c. Failing to manufacture ZOMETA in a reasonably safe condition;

   d. Failing to warn the Plaintiffs and putative class of the danger of Zometa-induced osteonecrosis;

   e. Failing to label ZOMETA reasonably so as to warn the Plaintiffs and

putative class members of the danger of Zometa-induced osteonecrosis; and

  f.  Manufacturing ZOMETA, which is an unreasonably dangerous / defective drug.

36. Furthermore, Novartis is guilty of negligence *per se*. Novartis violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301, *et seq*., and the Sherman Food, Drug and Cosmetic Law, as well as other applicable laws, statutes, and regulations. Novartis' acts and omissions constitute an adulteration and/or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §331. This is negligence *per se*.

37. Novartis failed to meet the standard of care set forth by the following statutes and regulations. Legislators enacted these statutes and regulations for the benefit of a specific class of citizens. The Plaintiffs and putative class members are part of this class. Therefore, Novartis is negligent *per se* in the following respects:

  (a) The labeling lacked adequate information on the use of the drug ZOMETA (21 C.F.R. Section 201.56[a] and [d]);

  (b) The labeling failed to provide adequate warnings of severe and disabling medical conditions including, without limitations, osteonecrosis of the jaw, and other adverse medical conditions as soon as there was reasonable evidence of their association with the drug (21 C.F.R. 201.57[e]);

  (c) There was inadequate information for patients for the safe and effective use of Novartis' drug (21 C.F.R. 201.57[f][2]);

  (d) There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Novartis' drug (21 C.F.R. 201.57[f][2]); and

  (e) The labeling was misleading and promotional (21 C.F.R. 201.56[b]).

38. Novartis' negligence is a legal cause of all damages. Plaintiffs have suffered osteonecrosis of the jaw. Putative class members have suffered osteonecrosis of the jaw. Other

10

putative class members live with an increased risk of developing osteonecrosis of the jaw. All have sustained compensatory damages in an amount to be proven at trial.

## COUNT III. DENTAL MONITORING

39. Putative class members were significantly exposed to a hazardous substance ("ZOMETA") through the intentional, negligent, or wrongful actions of Novartis.

40. As a result of this exposure, the putative class members suffer a significantly increased risk of developing Zometa-induced osteonecrosis of the jaw, which is latent and serious.

41. The increased risk of Zometa-induced osteonecrosis makes periodic, diagnostic medical examinations reasonably necessary. Monitoring and testing procedures already exist to make early detection, diagnosis, and treatment of Zometa-induced osteonecrosis possible and beneficial.

42. Novartis is liable for all costs associated with a comprehensive, court-supervised dental monitoring program for the putative class members. This dental monitoring program, funded by Novartis, will assist the putative class members in the early detection and treatment of Zometa-induced osteonecrosis. Such a program should include the following:

    a. A method to notify individuals who took ZOMETA of the risk of Zometa-induced osteonecrosis;

    b. Provision for the accumulation and analysis of relevant medical and demographic information including, but not limited to, the results of all appropriate diagnostic tests performed as part of a dental research and education fund;

    c. Provision for the creation, maintenance, and operation of a medical registry in which relevant demographic and dental information is gathered, maintained, and analyzed;

    d. Provision for medical research concerning the incidence, prevalence,

11

natural course and history, diagnosis, and treatment of Zometa-induced osteonecrosis; and

e. Publication and other dissemination of all such information to relevant health care providers, including physicians, oral surgeons, and dentists.

f. Requesting preventative and corrective treatment for ONJ.

43. Because timing and technique are important elements in the prevention or treatment of Zometa-induced osteonecrosis, this proposed Dental Monitoring Program will help health care providers advise their patients and take steps that substantially reduce the risk of Zometa-induced osteonecrosis.

WHEREFORE, Plaintiffs and the putative class members seek a judgment against Novartis for the following relief:

*The*

A. Certify this case as a Rule 23 class action, and appoint ***Kelly, Kelly & Allman***, ***Threadgill Law Firm***, ***Flynn & Radford***, and ***Pittman, Germany, Roberts & Welsh*** as class counsel;

the

B. Declare that ZOMETA is "unreasonably dangerous or defective," as defined by TPLA;

C. Award compensatory and punitive damages in an amount to be proven at trial;

D. Award attorney's fees and costs, plus interest, as allowed by law from a common fund created for the class;

E. Hold Novartis financially responsible for notifying the putative class members of Zometa-induced osteonecrosis and the need for dental monitoring;

F. Order Novartis to fund a Court-approved dental monitoring program for putative class members, which includes payment or reimbursement of dental and/or medical screening and treatment related to Zometa-induced osteonecrosis; and

G. Order such other or further judicial determinations, and relief, as may be appropriate under the circumstances.

12

Respectfully submitted,

**KELLY, KELLY & ALLMAN**

_____
F. Dulin Kelly #04085
Clinton L. Kelly #16171
Andy L. Allman #17857
629 E. Main Street
Hendersonville, TN 37075
Telephone: (615) 824-3703
Facsimile: (615) 822-7339

And

John O. Threadgill #1102
Threadgill Law Firm
9724 Kingston Pike, Suite 701
Knoxville, TN 37922

And

C. Patrick Flynn #2718
Michael K. Radford #12763
Flynn and Radford Attorneys, P.C.
Seven Springs I, Suite 150
320 Seven Springs Way
Brentwood, TN 37207
Office: 615-370-9448

And

Crymes G. Pittman #4391
Robert G. Germany #4800
Joseph E. Roberts, Jr. #5587
Pittman, Germany, Roberts & Welsh, LLP
410 S. President Street
Jackson, MS 39201

**Counsel for the Plaintiffs**

13

**CERTIFICATE OF SERVICE**

I certify that this pleading was served in accordance with the Federal Rules of Civil Procedure on April 21, 2006 to the following recipients:

Yanika C. Smith
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 1000
Nashville, TN 37201
Telephone: (615) 726-5600
Telecopier: (615) 726-0464

    And

Joe G. Hollingsworth
Donald W. Fowler
Katharine R. Latimer
Robert E. Johnston
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Ninth Floor
Washington, DC 20005
Telephone: (202) 898-5800
Telecopier: (202) 682-1639

    And

Andrew L. Colocotronis, BPR # 017052
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
2200 Riverview Tower
900 South Gay Street
Knoxville, TN 37902
Telephone: (865) 549-7000
Telecopier: (865) 525-8569

**Counsel for the Defendant**

_____
CLINTON L. KELLY

14

Case 3:06-md-01760   Document 18   Filed 04/21/06   Page 14 of 14 PageID #: 83