IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA and ZOMETA PRODUCTS | ) | No. 3:06-MD-1760 |
| LIABILITY LITIGATION | ) | Judge Campbell |
| (MDL No. 1760) | ) | Magistrate Judge Brown |
| | ) | |
| This Document Relates to: **ALL CASES** | ) | |

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER**
**PURSUANT TO 28 U.S.C. § 1407(A)**

1. This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to its order of April 19, 2006, as well as all related actions originally filed in this court or transferred or removed to this court. These actions are listed in Schedule A attached hereto. This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the Clerk of this Court, and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

2. The actions described in paragraph 1 of this order are coordinated for pretrial purposes.

3. All filings in this litigation shall be by electronic means unless excused by a specific order of the Court. All attorneys are responsible for reading and complying with this District's Administrative Order No. 167 concerning electronic

filing. Attorneys who do not have an appropriate registration account with this District shall promptly secure one from the Clerk of Court. Management of this case will be in accordance with this District's Local Rules. The District's Local Rules and requirements for case management/electronic case filing (CM/ECF) may be found at the Court's website, www.tnmd.uscourts.gov.

All materials filed in these actions shall be captioned as above. The MDL case number on the left-hand side of the caption shall bear the notation "All Cases" if the matter relates to all of these actions. If such filing does **not** relate to all cases, the individual case number(s) (listed in Schedule A) assigned by the Clerk of this Court shall be listed.

5. Any matter which is to be filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

6. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

7. Prior to the initial case management conference, service of all matters shall be made on each of the attorneys on the Panel Attorney Service List, attached hereto as Schedule B. Any attorney who wishes to have his name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk of this Court with notice to all other persons on such

2

Service List. One attorney for each separate case must be listed on the Panel Attorney Service List. Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney Service List.

8. Prior to the initial case management conference, counsel for each group of parties whose interests are similarly aligned are encouraged to designate liaison counsel, subject to the approval of the Court. The undersigned anticipates that during the course of this litigation a number of telephone conferences will be necessary. The use of liaison counsel will simplify this process. Liaison counsel must have authority to speak for their group on scheduling issues and other issues that may arise during the course of this litigation.

9. No parties to any of these actions shall be required to obtain local counsel in this district and the requirements of Local Rules 83.01(a), (b), (c), and (d) are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court. The fee for pro hac vice admission, Administrative Order No. 147, is also waived for attorneys appearing in cases not originally filed in this District. All counsel appearing in this case are subject to and shall adhere to the Court's Local Rules.

10. Hearings shall not be held on any motions filed except by order of Court upon such notice as the Court may direct.

11.  Any filing in any of these actions which is substantially identical to any other filing in another of these actions shall be sufficient if it incorporates by reference the filing to which it is substantially identical.  Where counsel for more than one party plan to file substantially identical matters they shall join in the submission of such matters and shall file only one document on behalf of all so joined.

12.  Any orders, including protective orders previously entered by this Court, or any transferor district court, shall remain in full force and effect unless modified by this Court.

13.  All discovery proceedings in these actions are stayed until the initial case management conference.  The time required to perform any act or file any documents, pursuant to Rules 26-37 of the Federal Rules of Civil Procedure, is tolled until the initial case management conference.  A discovery schedule will be established at the initial case management conference.

14.  The Court will be guided by the <u>Manual for Complex Litigation, Fourth</u> approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

15.  The initial case management conference will be held on **June 29, 2006, at 9:30 a.m.**, in Courtroom 776, U. S. Courthouse, 801 Broadway, Nashville, TN. On or before noon on June 25, 2006, counsel shall file with the Court any suggestions they have for

items to be included on the agenda for this conference. The parties should consider proposed dates for determination of class action status and their recommendation for the use of alternate dispute resolution.

15. Plaintiffs' counsel may designate a liaison counsel to represent them at the initial case management conference and for further proceedings. Any counsel so designated must have authority to enter into the initial scheduling order. Liaison counsel shall file with the Court three (3) business days prior to the initial case management conference a list of the membership of their group.

16. If plaintiffs are unable to agree on or fail to designate appropriate liaison counsel one attorney for each such non-designating plaintiff shall appear.

17. In accordance with the Practice and Procedures of this District, counsel for the parties to cases filed in this District and counsel for any parties who anticipate that their cases will be tried in this District shall propose a target trial date. Following the initial case management conference, trial dates will be set by the District Judge for those cases so triable in this District.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge