IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____
                                    )
IN RE: AREDIA® AND ZOMETA®          )   No. 3:06-MD-1760
PRODUCTS LIABILITY LITIGATION       )
(MDL No. 1760)                      )   JUDGE CAMPBELL
This Document Relates to:           )
ALL CASES                           )   MAGISTRATE JUDGE BROWN
_____)

### NOVARTIS PHARMACEUTICALS CORPORATION'S MEMORANDUM OPPOSING DIRECT FILING OF ACTIONS IN THE MDL

Pursuant to the Court's request during the June 29, 2006 Status Conference, Novartis Pharmaceuticals Corporation ("NPC") submits its memorandum in opposition to plaintiffs' request for leave to directly file new actions in the *In re Aredia and Zometa Products Liability Litigation* MDL. Allowing plaintiffs to file future actions directly in this MDL would (1) conflict with the language of the multidistrict litigation statute, 28 U.S.C. §1407, and the Supreme Court's interpretation thereof in *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); and (2) create significant inefficiencies and uncertainties, as well as potential unfair prejudice to NPC at the conclusion of the pretrial proceedings when the actions are then ripe for "transfer out" of the MDL.

### ARGUMENT

28 U.S.C. §1407 provides that, if requisite conditions are met, an MDL may be created, such that "actions *may be transferred*" to a single court for pretrial proceedings. 28 U.S.C. §1407(a) (2006)(emphasis added). "Such *transfers shall be made* by the judicial panel on multidistrict litigation ["JPML"]." *Id.* The statute provides the only mechanism for moving cases into an MDL – a mechanism which ensures, at the front end, that only those cases (or parts of cases) which meet the criteria of a given MDL are in fact transferred. The JPML's Rules of

Procedure thus allow a party – here, perhaps a co-defendant – to object to a given case (or part of a case) being transferred at all. *See, e.g.,* JPML Rule of Procedure 7.4 (2006) (providing 15-day opposition period prior to transfer of tag-along action). Plaintiffs' "direct filing" proposal, which would, as this Court observed, "in effect, bypass the MDL panel," Hr'g. Tr. (June 29, 2006) at 10, would ignore the plain language of the statute and would strip NPC and potential other defendants of preliminary procedural rights.

28 U.S.C. §1407 also sets the process for the "back end" of the MDL "at or before the conclusion of [the] pretrial proceedings," another process that is relevant to plaintiffs' "direct filing" proposal. The statute affords the JPML no discretion: "Each action so transferred *shall be remanded* by the panel . . . *to the district from which it was transferred*." 28 U.S.C. §1407(a) (emphasis added); *see also* JPML Rule of Procedure 7.6 (2006) ("Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court *shall be remanded by the Panel to the transferor district* for trial.") (emphasis added); *Lexecon*, 523 U.S. at 34 (§1407 "obligates the Panel to remand any pending case to its originating court… ."). The Supreme Court made clear in *Lexecon* that the statute was to be strictly construed, finding that §1407 *precludes a judge presiding over an MDL from exercising his classically "pretrial" statutory powers under 28 U.S.C. §1404(a) to transfer a centralized case* (in that case, to himself). *See Lexecon*, 523 U.S. at 41, n. 4 ("[W]e find that the statutory language of §1407 precludes a transferee court from granting any §1404(a) motion… ."); *see also id.* at 28 ("The issue here is whether a district court conducting such 'pretrial proceedings' may invoke §1404(a) to assign a transferred case to itself for trial. We hold it has no such authority."); *see also id.* at 35 ("The Panel's instruction comes in terms of the mandatory 'shall', which normally creates an obligation impervious to judicial discretion.")(citation omitted).

Thus, when pretrial proceedings are concluded for a given case in this MDL, this Court will issue a suggestion of remand, and the Panel must remand the case to the transferor court. Should plaintiffs' "direct filing" proposal be implemented, the Panel will be obliged to "remand" the cases right back to this Court (assuming the Panel agrees it has authority to treat this Court as a proper transferor court in the first place), notwithstanding plaintiffs' "recognition that the cases must be remanded to an appropriate [other] federal district court for trials." Plaintiffs' Proposed Agenda (Docket No. 65) at 6.

A "remand" back to this Court post-MDL pretrial proceedings here, even if consistent with the statute and *Lexecon*, would be particularly inefficient and frustrating. *None* of the plaintiffs in any of the consolidated cases is a resident of this district. Prior to the creation of this MDL, only three cases had been filed in this district, and the notion that the Middle District of Tennessee was a "convenient" venue for those three cases rested on plaintiffs' now-abandoned plan to attempt to secure a world-wide (later limited to the United States) personal injury class. In sum, none of the pending cases is or has any chance of becoming a *bona fide* candidate for trial in this district, unless plaintiffs hope to end-run *Lexecon* though "direct filing" and remand back. *See generally* 28 U.S.C. §1404 (2006) (change of venue).[1]

Additional practical considerations support the denial of plaintiffs' request for "direct filing." For example, "direct filing" would unnecessarily complicate choice of laws analyses – must the parties consider Tennessee's conflicts laws for "direct filed" cases or must the court establish other procedures for determining controlling substantive law? Would the court in the

---

[1] Judge Fallon's Order in *In re: Vioxx Products Liability Litigation*, MDL No. 1657 (May 18, 2005), expressly states that, for cases filed directly in that MDL, the plaintiffs and defendant agree that, upon completion of pretrial matters, they will jointly make a recommendation to the Court regarding where each case should be transferred for trial. Such an arrangement, if

ultimately proper jurisdiction be apportioned some or all of the filing fees that would presumably be paid into this Court for the right to maintain the case here temporarily?

Finally, the only "advantage" offered by "direct filing" that plaintiffs have identified is one of timing: plaintiffs argue that "direct filing" would avoid the delay that occurs between the time a case is filed and the time the JPML transfers the case to this Court. While direct filing would eliminate that short delay at the outset, complex MDL scheduling issues likely render that delay immaterial, and there should be little difficulty in crafting a case management order that promptly integrates such cases into the MDL.[2] Any time savings achieved through direct filing is also likely to be more than balanced by the increased time and burden to the Court associated with resolving motions to transfer pursuant to 28 U.S.C. §1404(a) *after* remand back.[3]

---

ultimately deemed acceptable to the JPML and any other body that considers it, could reduce the back-end pressures identified here, but will not avoid the mandatory remand processes of §1407.

[2] Later-filed cases are highly likely to be staged on various discovery tracks, so it is hard to imagine any actual prejudice that could result from the "delay." (Indeed, plaintiffs' most recent scheduling proposal – with which NPC strongly disagrees – would have NPC conducting no plaintiff-specific discovery at all in most cases.) Furthermore, only a handful of plaintiffs' attorney groups have taken an interest in this proceeding, so that later plaintiffs are likely to be represented by attorneys who are already participating in the litigation and therefore would not suffer any prejudice occasioned by the "delay."

[3] In any event, it is impossible to reconcile the Beatie group's stated desire to avoid delay with their continued practice of filing cases in New York even though most of their plaintiffs have no connection to New York whatsoever. For those cases, a double-transfer on the back-end is a certainty: the MDL Panel will be obliged to remand to New York, whereupon the New York court will transfer based on §1404 to a proper venue. *See* Plaintiffs' Memorandum of Law in Support of Her Motion for Multidistrict Transfer at 3 n.2 ("[m]any of these actions could, and perhaps should, have been filed in other districts, and many may be susceptible to a motion to change venue."); *see also* Hr'g Tr. at 38-9 ("I don't see any reason why we can't agree now or later that they would be sent to a jurisdiction that would be appropriate. For example, the residence of the plaintiff, state of residence of the plaintiffs. There may be one or two cases that require motion practice because of peculiar circumstances.").

## CONCLUSION

This Court should reject plaintiffs' request to directly file future cases in this Court and require plaintiffs to file in the plaintiffs' home forum or another forum convenient to the parties that bears a relationship to the dispute.[4]

Respectfully submitted,

July 10, 2006

/s/ Katharine R. Latimer
Joe G. Hollingsworth
Katharine R. Latimer
Donald W. Fowler
Robert E. Johnston
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

---

[4] NPC does not intend to foreclose the M.D. Tenn. as a proper final forum for any future plaintiff who resides in or otherwise has proper connections with this district. *See* JPML Rules of Procedure 7.6(a) (2006).

# CERTIFICATE OF SERVICE

I hereby certify that I have on this 10th day of July 2006 served a true and correct copy of the foregoing Novartis Pharmaceuticals Corporation's Memorandum Opposing Direct Filing of Actions in the MDL, by operation of the Court's Electronic Case Filing System, on Plaintiffs' designated liaison counsel:

C. Patrick Flynn
Michael K. Radford
Flynn & Radford
320 Seven Springs Way
Suite 150
Brentwood, TN 37027
(615) 370-9448

/s/ Katharine R. Latimer
Katharine R. Latimer
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*