UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
-------------------------------------------------------x
In re:

| | |
|---|---|
| **AREDIA and ZOMETA** | **No. 3:06-MD-1760** |
| **PRODUCTS LIABILITY LITIGATION** | **JUDGE CAMPBELL** |
| (MDL No. 1760) | **MAGISTRATE JUDGE ROWN** |

This Documents Relates to: **All Cases**
-------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF DIRECT FILING OF ACTIONS IN THE MDL

Plaintiffs submit their memorandum in support of direct filing of actions in the MDL pursuant to the court's request during the June 29, 2006 case management conference. Also, pursuant to the court's request, a copy of the Order addressing this issue in the *Vioxx* MDL is attached hereto as <u>Exhibit</u> A. Admittedly, the direct filing ordered by Judge Fallon was by agreement[1], but defendant's opposition to direct filing of actions in this MDL places form over substance. Venue of virtually every action that has been filed or will be filed against Novartis with regard to Aredia and Zometa properly lies in this district and can be filed here. The question, therefore, is not really whether the court will permit direct filing in the MDL, but whether the court will permit plaintiffs who desire trials in other districts to file initially in this district for purposes of the MDL without prejudice to seeking transfer to a different court for trial. The court should permit such filings.

---

[1] The agreement was simply that Merck would not object to venue with respect to any cases filed in that district which were to be part of the MDL with the understanding that the case would be transferred pursuant to 28 U.S.C. 1404(a) to a court with venue for trial. That agreement is irrelevant here as venue is proper in this court.

## ARGUMENT

Defendant's position on this issue attempts to improperly equate proper venue with plaintiffs' connections to the district in which the action is filed. In fact, the plaintiffs' residence or connections to any particular district have no bearing on venue. Venue is concerned with the residence of the defendant or the location of the occurrence of the events giving rise to the claim. *See* 28 U.S.C. §1391(a). Further, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *See* 28 U.S.C. §1391(c). Novartis is subject to personal jurisdiction in the Middle District of Tennessee. Novartis has not contested this issue. Accordingly, venue properly lies in this district for any plaintiff anywhere who seeks to sue Novartis for the manufacture and sale of defective and/or unreasonably dangerous drugs. Because venue is appropriate in this district for virtually any plaintiff who seeks to sue Novartis in connection with Aredia and/or Zometa, it would be wholly inappropriate for this court to disallow filing of actions directly in this court for purposes of the MDL.

Defendant's reliance on *In Re: Lexecon, Inc. v. Milberg Weiss Bershad Hynes and Lerach,* 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed. 2d, 62 (1998) for the contrary position is misplaced. *Lexecon* holds only that the transferee court in multi-district litigation proceedings has no authority to transfer a case to itself for trial pursuant to 28 U.S.C. §1404(a). Direct filing of actions in the MDL was not at issue in that case. Moreover, courts routinely implement methods to avoid the transfer power limitation announced in *Lexecon.*

Indeed, *The Manual for Complex Litigation*, Fourth, 2005 recognizes and discusses "evolving alternatives. . . [which] permit the transferee court to resolve multidistrict litigation through trial while remaining faithful to the *Lexecon* limitations. . ." *Id.* at §20.132, p. 246. Among the alternatives discussed are dismissal of the original action and subsequent refiling in the transferee district if venue lies there or filing of an amended complaint asserting venue in the transferee district. Another alternative is transfer back to the transferee court by the original court pursuant to 28 U.S.C. §1404(a) after remand by the Panel on Multidistrict Litigation at the recommendation of the transferee court in its suggestion of remand to the Panel.

According to *The Manual*, prior to the *Lexecon* decision in 1998, most cases transferred pursuant to 28 U.S.C. §1407 remained in the transferee district for trial. *Id.* The policy reasons for the pre-*Lexecon* practice centered upon the transferee judge's understanding of the case, the efficiencies of adjudicating related actions or portions thereof in one trial and the potential of the transferee judge having a greater ability to facilitate a global settlement. *Id.* *The Manual* also notes that despite the Supreme Court's decision in *Lexecon,* these pre-*Lexecon* policy reasons remain sound and justify the various alternatives that have been evolving to avoid the *Lexecon* limitations. Thus, *Lexecon* reflects a statutory construction that courts routinely elide when the interests of justice so require and the only objections appear to be in aid of increasing costs and expense in litigation. In the case at bar, where most plaintiffs are cancer patients, there would be great harm to their interests in causing unnecessary delay and expense to the process required to file their claims and present them to this Court.

If the factors that justify a trial of transferred actions in the transferee court prevail in this action, direct filing here will allow those trials to go forward with no further action. On the other hand, if transfer is appropriate, this court could transfer any action filed directly into the MDL to any district court in which it might originally have been filed pursuant to 28 U.S.C. §1404(a) at the conclusion of pre-trial proceedings. *See e.g., Altamont Pharmacy, Inc., v. Abbott Laboratories*, 2002 WL 694495 (N.D. Ill. 2002) (unpublished – copy attached as Exhibit B). The Plaintiffs acknowledge that this procedure will not use the MDL panel in precisely the manner normally contemplated. Plaintiffs maintain, however, that there is nothing inappropriate in doing so. Indeed, direct filing in this district will eliminate any limitation on this court's power to transfer the actions to appropriate courts under 28 U.S.C. §1404 as delineated by the Supreme Court in *Lexecon* and also eliminate "the increased time and burden to the court associated with resolving motions to transfer pursuant to 28 U.S.C. §1404(a) *after* remand back. . . ." *See* Defendant's memorandum at p. 4 (emphasis in original). Finally, an order that direct filing here will not prejudice plaintiffs from seeking a transfer will facilitate at least one facet underlying *Lexecon*; namely, that a plaintiffs' choice of forum cannot be overridden by transfer for purposes of multidistrict litigation.

## CONCLUSION

Direct filing in this court without prejudice to the parties' ability to seek a transfer will allow this court to try any actions deemed triable in this court without the charade of suggestion of remand with a recommendation to the transferor court to transfer the action back to this court for trial. Direct filing in this court without prejudice to the parties' ability to seek a subsequent transfer will also allow this court to transfer for trial any

4

action in which transfer is deemed appropriate to any court in which the action could have originally been filed. This will eliminate the delay associated initially with transfer of the action to this court through the Panel on Multidistrict Litigation and eliminate delay associated with resolution of motions under 28 U.S.C. Section 1404(a) after remand of the action to the transferor court. Accordingly, direct filing of actions in the MDL without prejudice to the parties seeking a subsequent transfer should be permitted.

          Respectfully submitted,

          FLYNN AND RADFORD,
          ATTORNEYS, P.C.


          __/s/_____
          CHARLES PATRICK FLYNN, #2718
          Plaintiffs' Liaison Counsel
          320 Seven Springs Way, Ste. 150
          Brentwood, TN 37027
          (615) 370-9448

## CERTIFICATE OF SERVICE

   I hereby certify that I have on this 13th day of July, 2006, served a true and correct copy of the foregoing Case Management Order by operation of the Court's Electronic Case Filing System, on the following:

**Catherine R. Baumer**
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
cbaumer@spriggs.com

**Andrew L. Colocotronis**
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
900 South Gay Street
2200 Riverview Tower
Knoxville, TN 37902
(865) 549-7000
acolocotronis@bakerdonelson.com

**Jim C. Curtis**
Kemp Smith, LLP
221 N Kansas St., Suite 1700
El Paso, TX 79901
(915) 533-4424
(915) 546-5360 (fax)
jcurtis@kempsmith.com

**Jeffrey A. Dickey**
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5853
(202) 682-1639 (fax)
jdickey@spriggs.com

**Penelope A. Dixon**
Carlton Fields, P.A.
P.O. Box 3239
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33601-3239
(813) 223-7000
(813) 229-4133 (fax)
pdixon@carltonfields.com

**Donald W. Fowler**
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
dfowler@spriggs.com

**Anne Marla Friedman**
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5856
(202) 682-1639 (fax)
annefriedman@hotmail.com

**Edward W. Gerecke**
Carlton Fields, P.A.
P.O. Box 3239
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33601-3239
(813) 223-7000
(813) 229-4133 (fax)
egerecke@carltonfields.com

**Joe G. Hollingsworth**
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
jhollingsworth@spriggs.com

7

**Robert E. Johnston**
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
rjohnston@spriggs.com

**Katharine R. Latimer**
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
klatimer@spriggs.com

**Stephen E. Matasich**
Day Ketterer, Ltd.
Millennium Center
200 Market Ave., N., Suite 300
P.O. Box 24213
Canton, OH 44701-4213
(330) 455-0173
(330) 455-2633 (fax)
sematasich@dayketterer.com

**Mark N. Osborn**
Kemp Smith, LLP
221 N Kansas Street, Suite 1700
El Paso, TX 79901
(915) 533-4424
(915) 546-5360 (fax)
mosborn@kempsmith.com

**Peter G. Pappas**
Nexsen, Pruet, Adams & Kleemeier, PLLC
P.O. Box 3463
Greensboro, NC 27402
(336) 373-1600
(336) 273-5357 (fax)
ppappas@npaklaw.com

8

Case 3:06-md-01760 Document 79 Filed 07/13/06 Page 8 of 12 PageID #: 606

**Yanika C. Smith**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Commerce Center, Suite 1000
211 Commerce Street
Nashville, TN 37201
(615) 726-5600
ysmith@bakerdonelson.com

**Ethan D. Stein**
Gibbons, Del Deo, Dolan, Griffinger & Veccione
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
(212) 649-4700
(212) 333-5980 (fax)
estein@gibbonslaw.com

**Alicia M. Wyler**
Day Ketterer, Ltd.
Millennium Center, Suite 300
200 Market Ave., North
P.O. Box 24213
Canton, OH 44701-4213
(330) 455-0173
(330) 455-2633 (fax)
amwyler@dayketterer.com

**Andy L. Allman**
Kelly, Kelly & Allman
629 E. Main Street
Hendersonville, TN 37075
(615) 824-3703
kellykellyallman@comcast.net

**Russell H. Beatie**
Beatie & Osborn, LLP
521 Fifth Ave., Suite 3400
New York, NY 10175
(212) 888-9000
(212) 888-9664 (fax)
bhunter@bandolaw.com

**Robert W. Briley**
Briley Law Group, PLLC
511 Union Street, Suite 1610
Nashville, TN 37219
(615) 986-2684
rob@brileylaw.com

**Myers Carroll Cayer**
Terrell, Hogan
233 E. Bay Street, Suite 800
Jacksonville, FL 32202-3451
(904) 632-2424
(904) 632-0549 (fax)
cayer@terrellhogan.com

**Pamela J. Diedrich**
Mason, Cawood & Hobbs, PA
69 Franklin Street
Annapolis, MD 21401
(410) 269-6620
(410) 269-5452 (fax)
pjd@mkc-law.com

**Robert G. Germany**
Pittman, Germany, Roberts & Welsh, LLP
410 S. President Street
Jackson, MS 39201
(601) 948-6200
(601) 948-6187 (fax)
rgg@pgrwlaw.com

**Clinton L. Kelly**
Kelly, Kelly & Allman
629 E. Main Street
Hendersonville, TN 37075
(615) 824-3703
(615) 822-7339 (fax)
kellykkellyallman@comcast.net

**Fred Dulin Kelly**
Kelly, Kelly & Allman
629 E. Main Street
Hendersonville, TN 37075
(615) 824-3703
(615) 822-7339 (fax)
kellykellyallman@comcast.net

**Roy Lenard Mason**
Mason, Cawood & Hobbs, PA
69 Franklin Street
Annapolis, MD 21401
(410) 269-6620
(410) 269-5452 (fax)
rmason@mkc-law.com

**Philip J. Miller**
Beatie & Osborne
521 Fifth Avenue, 34th Floor
New York, NY 10175
(212) 888-9000
(212) 888-9664 (fax)
pmiller@bandolaw.com

**Daniel A. Osborn**
Beatie & Osborne
521 Fifth Avenue, 34th Floor
New York NY 10175
(212) 888-9000
(212) 888-9664 (fax)
dosborn@bandolaw.com

**Crymes G. Pittman**
Pittman, Germany, Roberts & Welsh, LLP
410 S. President Street
Jackson, MS 39201
(601) 948-6200
(601) 948-6187 (fax)
cgp@pgrwlaw.com

**Joseph E. Roberts, Jr.**
Pittman, Germany, Roberts & Welsh, LLP
410 S. President Street
Jackson, MS 39201
(601) 948-6200
(601) 948-6187) fax)
jer@pgrwlaw.com

11

**John O. Threadgill**
Threadgill Law Firm
9724 Kingston Pike, Suite 701
Knoxville, TN 37922
(865) 588-4100
(865) 588-4120
jthreadgill@threadgillfirm.com

**Windle Turley**
Law Offices of Windle Turley, P.C.
6440 N. Central Expressway
1000 Turley Law Center
Dallas, TX 75206
(214) 691-4025
(214) 361-5802 (fax)

**Bart T. Valad**
Law Firm of Bart T. Valad, PLLC
10640 Main Street, Suite 200
Fairfax, VA 22030
(703) 352-4820
bvalad@valadlaw.com

**John C. Weisensell**
Bernlohr & Wertz
301 Nantuck Building
23 S. Main Street
Akron, OH 44308
(330) 434-1000
(330) 434-1001 (fax)
jack@b-wlaw.com

      /s/
Charles Patrick Flynn