IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA and ZOMETA PRODUCTS | ) | No. 3:06-MD-1760 |
| LIABILITY LITIGATION | ) | Judge Campbell |
| (MDL No. 1760) | ) | Magistrate Judge Brown |
| | ) | |
| This Document Relates to: All Cases | ) | |

## PRETRIAL ORDER #1
## Plaintiff's Counsel Structure

**1. Plaintiffs' Steering Committee.**

The Court hereby appoints the following counsel to be members of the Plaintiffs' Steering Committee ("PSC"):

Russel H. Beatie, Esq.
(Co-Lead Counsel)
BEATIE AND OSBORN LLP
521 Fifth Avenue, Suite 3400
New York, New York 10175

Daniel A. Osborn, Esq.
BEATIE AND OSBORN LLP
521 Fifth Avenue, Suite 3400
New York, New York 10175

F. Dulin Kelly, Esq.
(Co-Lead Counsel)
KELLY, KELLY & ALLMAN
629 East Main Street
Hendersonville, Tennessee 37075

Robert G. Germany, Esq.
PITTMAN, GERMANY, ROBERTS &
 WELSH, L.L.P.
410 South President Street
Jackson, Mississippi 39225

Bart T. Valad, Esq.
(Co-Lead Counsel)
THE LAW FIRM OF
 BART T. VALAD, PLLC
3863 Plaza Drive
Fairfax, Virginia 22030

John Vecchione, Esq.
THE LAW FIRM OF
 BART T. VALAD, PLLC
3863 Plaza Drive
Fairfax, Virginia 22030

The PSC will have the following responsibilities:

**Discovery**

1.  initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multidistrict litigation;

2.  develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

3.  cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims;

4.  conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs;

**Hearing and Meetings**

1.  call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings;

2.  examine witnesses and introduce evidence at hearings on behalf of plaintiffs;

3.  act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions;

**Miscellaneous**

1.  submit and argue any verbal or written motions presented to the Court or Magistrate Judge on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC;

2. negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party;

3. explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

4. maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all MDL Plaintiffs or their attorneys;

5. perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC; and

6. perform any other functions that may be expressly authorized by further orders of this Court.

Additionally, the Court appoints Co-Lead Counsel, Russel H. Beatie, F. Dulin Kelly and Bart T. Valad, to comprise the PSC Executive Committee. The Executive Committee shall coordinate the responsibilities of the PSC, schedule PSC meetings, keep minutes or transcripts of these meetings, appear at periodic court noticed status conferences, perform other necessary administrative or logistic functions of the PSC and carry out any other duty the Court may order. The Executive Committee shall attempt to reach unanimous decisions but may act by a majority vote. In the event that a decision of the Executive Committee is reached by a majority

vote, each Executive Committee member retains the right to bring the disagreement to the attention of the Court or to present an alternative position to the Court.

The appointment to the PSC is personal. Accordingly, the appointees cannot substitute other attorneys, including members of the appointee's law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except with prior approval of the Court.

**2. Plaintiffs' Liaison Counsel.**

The Court hereby appoints the following counsel as Plaintiffs' Liaison Counsel:

```
C. Patrick Flynn, Esq.
FLYNN AND RADFORD ATTORNEYS, P.C.
Seven Springs I, Suite 150
320 Seven Springs Way
Brentwood, Tennessee 37207
```

Plaintiffs' Liaison Counsel will have the following responsibilities:

1. Coordinate service and filings;
2. Handle communications between the Court and other plaintiff's counsel, to the extent that such communications are not carried out by the Court's ECF system;
3. Serve as the "meet and confer" designee for the plaintiffs as directed by the PSC or one of the Co-Lead Counsel on all discovery disputes and other issues which may be the subject of motion practice;

4. Establish and maintain a document repository, real or virtual, to be available to all plaintiffs counsel;

5. Establish and maintain a complete copy of all pleadings not electronically filed with the Court, to be available to all plaintiff's counsel;

6. Establish and enforce procedures to govern access to the documents and pleadings identified in subparagraphs 4 and 5;

7. Confer with counsel of any additional cases transferred to this Court by the MDL Panel to insure they are in agreement with established procedures and are aware of the Court's prior orders.

8. Such other duties as the Court may order.

The appointment as Plaintiffs' Liaison Counsel is personal. Accordingly, the appointee cannot substitute another attorney, including a member of the appointee's law firm, to perform the Plaintiffs' Liaison Counsel's exclusive functions, such as court appearances, except with prior approval of the Court.

Plaintiffs' Liaison Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court.

All plaintiffs counsel are directed to provide updated contact information to be used for service to Plaintiffs' Liaison Counsel within 10 days of receipt of this order.

The Clerk will send a copy of this order to Mr. Flynn as Plaintiffs' Liaison Counsel.

It is so **ORDERED**.

                                                         /s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge