IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: | No. 3:06-MD-1760 |
| AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION | JUDGE CAMPBELL |
| | MAGISTRATE JUDGE BROWN |
| (MDL No. 1760) | |
| This Document Relates To: ALL CASES | |

## NOVARTIS PHARMACEUTICALS CORPORATION'S
## NOTICE OF FILING A PROPOSED PLAINTIFF'S FACT SHEET

Novartis Pharmaceuticals Corporation ("NPC") submits its proposed Plaintiff's Fact Sheet ("PFS") for the Court's consideration in advance of the telephonic conference on August 22, 2006. The PFS is attached as Exhibit A.

NPC's PFS contains twelve sections, each of which requests information directly relevant to and necessary for discovery of the claims and defenses at issue in this litigation. The sections seek basic background information about the plaintiffs, information regarding plaintiffs' cancer and dental histories, information about plaintiffs' general medical condition and history, information about plaintiffs' alleged use of NPC's products and other drugs and the injuries allegedly suffered as a result of use, and information regarding plaintiffs' alleged damages. NPC's proposal also includes a standard set of document requests.

On July 20, 2006, NPC provided its proposed PFS to plaintiffs. On August 4, 2006, plaintiffs proposed to strike entirely sections five (dental history), six (cancer history), seven (general medical history), eight (use of drugs), nine (alleged injuries), and eleven (document requests). In an effort to resolve the dispute prior to the court-ordered PFS service deadline,

NPC revised its proposed PFS on August 11, 2006, shortening it by 8 pages. After securing a five day extension of their deadline with a plan to continue negotiations, plaintiffs elected not to proffer a counter-proposal at all and simply reverted to their original position of objecting to the most important sections of the PFS.

Federal Rules of Civil Procedure 33 and 34 clearly allow discovery of the information sought in NPC's proposed PFS. For example, according to scientific literature, there are numerous drugs and conditions that are risk factors for ONJ. NPC is entitled to find out which, if any, of those conditions a particular plaintiff has or drugs a particular plaintiff has used. It is difficult to imagine information more "relevant to the claim or defense of any party" as set out in Federal Rule of Civil Procedure 26(b).[1]

Numerous courts and the Manual for Complex Litigation (Fourth) have recognized that the use of a fact sheet decreases the amount of written discovery required, significantly lessens the probability of recurring discovery disputes, and is a highly efficient way of collecting baseline information needed from all plaintiffs in mass litigation. One advantage the typical MDL products liability PFS has over traditional interrogatories is the inclusion of checklists as potential "memory triggers" for a plaintiff. For example, in section seven, NPC asks about prior dental problems each plaintiff may have experienced. NPC provided a checklist of the conditions particularly at interest in this litigation, thus both narrowing the scope of the question

---

[1] Similarly, plaintiffs also objected to providing signed medical records releases allowing for the collection of their records. The Court already directed plaintiffs to "release[ ] all their medical records and such" to NPC, *see* Transcript of June 29, 2006 Hearing at page 76 (attached as Exhibit E), so plaintiffs' objection to this section is inexplicable. Plaintiffs' refusal to provide medical records authorizations inserts inefficiencies and major delays into the process and would force NPC to depose each treater listed in order to find out what records he/she has.

2

and providing plaintiffs with the names of specific conditions to aid in recall.[2] The use of a standardized PFS asking the questions posed in NPC's version about the key allegations in the case is even more important because the Case Management Order (Docket #89) ("CMO") circumscribes the number of interrogatories and document requests NPC may serve beyond the limits set forth in the Rules and because of the CMO's highly compressed discovery schedule (as sought by plaintiffs).[3]

Ultimately, NPC has sent two proposed PFSs to plaintiffs, both of which were substantially rejected without any good faith counter-proposal. The details sought by NPC's proposed PFS are unquestionably discoverable under Rule 26.[4] The use of NPC's proposed PFS is the most efficient method of obtaining initial information about each plaintiff in these complex cases, and this Court and plaintiffs have already recognized the benefits of a meaningful PFS. *See* Transcript of June 29, 2006 Hearing at pp. 62-64, 76 (attached as Exhibit E).

Therefore, NPC requests that the Court approve its proposed PFS as the standardized method for conducting initial discovery in the cases transferred to MDL 1760. NPC also requests that the Wave One plaintiffs complete the PFS in 35 days rather than 45 days to compensate for the delay in service.

---

[2] Other MDL proceedings – including those specifically referenced in the Manual for Complex Litigation (Fourth) – have used Plaintiff Fact Sheets with similar built-in memory trigger checklists. *See, e.g.,* Plaintiffs' Fact Sheet, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, MDL No. 1407 (W.D. Wash.) (attached as Exhibit B); Plaintiff's Fact Sheet, *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348 (S.D.N.Y.) (attached as Exhibit C); Plaintiff's Fact Sheet, *In re Serzone Prods. Liab. Litig.*, MDL No. 1477 (S.D. W. Va.) (attached as Exhibit D).

[3] NPC's proposals to limit future discovery of plaintiffs to five interrogatories and five document requests, which were adopted in the CMO, were premised on plaintiffs' completion of a meaningful and comprehensive PFS. If plaintiffs' proposed PFS revisions are accepted, NPC requests that the CMO be modified to permit NPC the full number of interrogatories and document requests permissible under Rules 33 and 34.

[4] The length and content of NPC's proposed PFS is similar to those used in other pharmaceutical product liability MDLs. For example, the fact sheets used in the PPA MDL, the Rezulin MDL, and the Serzone MDL were 47, 44, and 45 pages, respectively.

3

Respectfully Submitted,

Dated this 18th day of August, 2006

s/ Katharine R. Latimer
Joe G. Hollingsworth
Katharine R. Latimer
Donald W. Fowler
Robert E. Johnston
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Ninth Floor
Washington, DC 20005
Telephone: (202) 898-5800
Telecopier: (202) 682-1639

*Attorneys for Novartis Pharmaceuticals Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of August, 2006 served a true and correct copy of Novartis Pharmaceuticals Corporation's Notice of Filing a Proposed Plaintiff's Fact Sheet, by operation of the court's electronic case filing system, on plaintiffs' liaison counsel:

C. Patrick Flynn
Flynn and Radford, Attorneys, P.C.
320 Seven Springs Way, Suite 150
Brentwood, TN 37027

s/ Katharine R. Latimer
Katharine R. Latimer