```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

In Re:                              )
                                    )
AREDIA and ZOMETA PRODUCTS          )   No. 3:06-MDL-01760
LIABILITY LITIGATION                )
(MDL No. 1760)                      )   JUDGE CAMPBELL/BROWN
                                    )
This Document Relates to:           )
Case 3:05-cv-00718

**TO: The Honorable Chief Judge Todd J. Campbell**

### REPORT AND RECOMMENDATION

For reasons stated below, the Magistrate Judge recommends that the claims of Mr. Samuel Orozco be dismissed without prejudice for failing to prosecute his case.

### I. BACKGROUND

Mr. Orozco was a named plaintiff in one of the original suits filed in this matter, *Anderson, et al. v. Novartis Pharmaceutical Company*, No. 3:05-CV-718. That case was subsequently consolidated into the MDL case, No. 3:06-MD-1760.

On July 13, 2006, Mr. Orozco's attorneys filed for permission to withdraw as attorneys for Mr. Orozco (Docket Entry 78). Their motion cited the fact that Mr. Orozco had advised them that he no longer wished for them to represent him and they had provided him adequate notice of their intention to withdraw. This motion was granted by the Magistrate Judge on July 18, 2006 (Docket Entry 82). In this order, Mr. Orozco was directed to notify the Court by August 1, 2006, whether he intended to proceed *pro se* or whether he intended to secure other counsel.

On September 7, 2006 (Docket Entry 118), the Magistrate Judge entered an order pointing out that Mr. Orozco had been advised to notify the Court by August 1, 2006, of his plans in this matter and that he had failed to do so. Mr. Orozco was reminded since it appeared he was proceeding *pro se* he must attend the pretrial conference scheduled for October 12, 2006. Certified mail sent to Mr. Orozco was returned as refused (Docket Entries 124 and 133).

The case management conference was held in court on October 12, 2006, as scheduled. Mr. Orozco did not appear at the hearing.

## II. LEGAL DISCUSSION

A Court must have the ability to control its docket and to have its orders obeyed. In this case, Mr. Orozco has terminated the services of his attorneys and has not notified that Court that he has secured the services of any other attorney. He has thereby elected to proceed *pro se*. Mr. Orozco is apparently refusing mail from the Court and has failed to attend the case management conference as ordered by the Court. Under these circumstances it appears clear that Mr. Orozco has abandoned his case.

The Sixth Circuit has discussed the grounds for dismissal under Rule 41(b). *Petro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 998 (6th Cir. 1999). The Court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dulitory conduct of the party; (3) whether the

2

dismissed party was warned and failure to cooperate could lead to dismissal; and (4) whether the lesser sanctions were imposed or considered before dismissal was ordered.

In this case, the Plaintiff has terminated his attorneys and has failed to take any action after this termination. It appears that his conduct is willful inasmuch as mail is being returned as being refused. The Defendant in this case will be prejudiced because the Defendant will be unable to obtain a plaintiff's fact sheet from this Plaintiff and will have no way of communicating with the Plaintiff as much as he is refusing his mail. The Plaintiff has been ordered by the Court to advise the Court of whether he intended to represent himself or to have an attorney and he has ignored that order. He has also ignored the Court's order that he attend the pretrial conference on October 12, 2006.

While the Magistrate Judge could recommend that the dismissal be with prejudice, at this point it would seem appropriate to consider the less drastic sanction and recommend that the dismissal be without prejudice. Of course, if the Plaintiff does not take action to reinstitute his case prior to the expiration of the statute of limitations the dismissal would, in fact, be with prejudice.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the claims of Defendant Samuel Orozco be dismissed without prejudice for failure to prosecute his case under Federal

3

Rules of Civil Procedure 41(b). Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4