**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AREDIA and ZOMETA PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | |
| This document relates to: 3:07-cv-0665 | ) | |
| | ) | |
| JOAN LECOMPTE and ARMAND | ) | |
| LECOMPTE, | ) | |
|     Plaintiffs | ) | |
| | ) | No. 3:06-MDL-01760 |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Brown |
| NOVARTIS PHARMACEUTICALS | ) | |
| CORPORATION, | ) | |
|     Defendant. | ) | |

To:  The Honorable Todd J. Campbell, District Judge

## REPORT AND RECOMMENDATION

**I.  Introduction**

Pending before the District Court is Plaintiff's Motion for Attorneys' Fees for "improvident removal" and failure to consent to remand as well as a Motion to Remand. (Docket Entry 499 and New Jersey District Court Docket Entry 5).

**II.  Analysis**

Plaintiffs contend that Novartis is unjustifiably refusing to consent to remand. Plaintiffs submit that this case should be remanded back to state court based on the same reasoning of the Magistrate Judge's February 2, 2007 Report and Recommendation in <u>Scalamoni et al. v.</u>

1

Novartis Pharmaceuticals Corp., 3:06-cv-1166. (Docket No. 293). It appears from the correspondence between the parties that the Defendant consented to remand provided that the Scalamoni Report and Recommendation was adopted as the basis for it's consent. However, Plaintiffs refused this condition. (Docket No. 499 Part 8). Therefore, it appears to the Magistrate Judge that Plaintiffs would like to have their cake and eat it too. It is unreasonable for the Plaintiffs to seek remand based upon the reasons stated in the Scalamoni Report and Recommendation while at the same time refusing to agree to the Defendant's request that the Scalamoni Report and Recommendation be incorporated as a basis for it's consent. It is for this reason that the Magistrate Judge recommends that Plaintiffs' Motion for Attorney Fees be denied.

The other pending motion is a motion to remand. Defendant now argues that the Scalamoni Report and Recommendation should be reconsidered in light of a new New Jersey state court decision. Cona v. Merck & Co., ATL-L-3553-05-MT, ATL-L-1296-05-MT (N.J. Super. Ct. Jun. 8, 2007) (see Exhibit B attached to Defendant's Opposition to Plaintiffs' Motion for Attorneys' Fees, Docket Entry 532). However, for the reasons that follow, this argument is without merit. While the Magistrate Judge does not agree with the decision in Cona, this decision does not establish federal jurisdiction.

As stated in the Scalamoni Report and Recommendation, a case may not be removed to federal court on the basis of a federal defense. See Caterpillar Inc. v. Williams, 482 U.S. 386, 107, S.Ct. 2425 (1987). The New Jersey punitive damages statute in question is clearly a defensive statute. Specifically, Defendant can avoid liability for punitive damages unless there is a showing that it knowingly withheld or misrepresented information required to be submitted

2

under the FDA's regulations. N.J.S.T. § 2A:58C-5. As stated in the Scalamoni Report and Recommendation, it is the Magistrate Judge's opinion that the FDA should make a finding on the matter of fraud before the Plaintiffs will be entitled to recover punitive damages under New Jersey law. In contrast, the Cona Court opined that any fraud determination in relation to punitive damages is a matter inherently within the state's police power. Cona at 46-49. Whether fraud must be determined by the FDA or by a New Jersey state court is, at least initially, an issue of statutory interpretation for the New Jersey state courts. In the instant case, regardless of that decision, the statute is meant to be a defense, and a defense, even when arguably based on federal question, is not a basis for removal.

Therefore, the Magistrate Judge recommends that the motion for remand be granted for the reasons set forth above and in the Scalamoni Report and Recommendation. Further, the Magistrate Judge would caution both parties that any additional cases to which Scalamoni would apply should be remanded by consent in the future unless there is a substantial, valid reason for reconsideration.

## III. Recommendation

For the reasons stated above, the Magistrate Judge recommends that Plaintiff's Motion for Attorneys' Fees be **DENIED** and this case be **REMANDED** back to Superior Court of New Jersey for the reasons cited in the Scalamoni Report and Recommendation with each party bearing its own costs.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10)

3

days from receipt of any objections in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985).

ENTERED this 8th day of August 2007.

_____
JOE B. BROWN
United States Magistrate Judge