# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>AREDIA® and ZOMETA® PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to: All Cases | No. 3:06-MDL-01760<br>Judge Campbell<br>Magistrate Judge Brown |

**PRETRIAL ORDER ESTABLISHING PLAINTIFFS' LITIGATION FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

This order is entered to provide for the fair and equitable sharing among Plaintiffs of the cost of services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this multi-district litigation, to protect the Plaintiffs' Steering Committee ("PSC") work product, and to establish a procedure to secure an equitable reserve for future allocation of counsel fees earned and costs incurred for common benefit work.

1. <u>Plaintiffs' Litigation Fund to be Established</u>

The members of the PSC are directed to cause to be established an interest-bearing account to receive and disburse funds as provided in this order. The PSC shall designate an escrow agent for this purpose. These funds will be held as funds subject to the direction of the Court. No party or

attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds will not constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by Court order to a specific person. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this order.

2. <u>Assessment</u>

A. All plaintiffs and their attorneys who either agree or have agreed—for a monetary consideration—to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to an Aredia® and/or Zometa® claim are subject to an assessment of the "gross monetary recovery," as provided herein.

B. Defendant is directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment. If for any reasons

the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying into the fund promptly.

    C. No orders of dismissal of any plaintiff's claim, subject to this order, shall be filed unless accompanied by a certificate of plaintiffs and defendants counsel that the assessment has been withheld and deposited into the fund.

    D. The PSC shall provide Defendant's lead counsel, the escrow agent, and the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the PSC in order to gain access to and the right to use the common benefit work performed in this litigation. In the event that there is a dispute as to whether a case should be on the list, the PSC shall resolve the matter with the particular plaintiff's counsel either informally or upon motion.

    E. In measuring the "gross monetary recovery":

        1) Exclude court costs that are to be paid by the defendant.

        2) Exclude any payments to be made by the defendant on an intervention asserted by third parties, such as to physicians, hospitals, and other health care providers in subrogation related to treatment of a plaintiff.

        3)     Include the present value of any fixed and certain payments to be made in the future.

    F.     The obligation attaches to all cases in which plaintiff or plaintiff's counsel has agreed to cooperate with the MDL by signing an appropriate agreement (attached hereto as ***Exhibit A***). Any attorney who has not entered into the written agreement shown at Exhibit A shall not be entitled to access or use the common benefit work product developed by or at the direction of the PSC in this case. Unauthorized use of such material shall be deemed agreement to Exhibit A. The assessment shall apply to Aredia® and/or Zometa® cases of counsel now pending or later filed, whether in this proceeding or any federal or state court, or counsel's cases that are on tolling agreements or are otherwise not filed but are nonetheless settled or resolved for a monetary consideration. The assessment in these cases shall be six percent (6%) of the gross monetary recovery, with four percent (4%) deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%) deemed to be costs to be subtracted from the client portion of the individual fee contracts. All members of the PSC and the MDL committee members shall be required to enter into the agreement shown in Exhibit A and make their cases subject to the assessment specified herein.

3. <u>Disbursements</u>

A. Upon order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of Plaintiffs. Attorneys eligible are limited to Plaintiffs' Liaison Counsel, the members of the PSC, and other attorneys called upon and approved by them to assist in performing their responsibilities. All time and expense submissions are subject to proper and timely submission in accordance with this Court's Time and Billing Guidelines order entered in this matter on August 14, 2006.

B. Payments will be allowed only for services approved by the PSC and performed for the joint and common benefit of all plaintiffs. The fund will not be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs.

C. Payments will not exceed the fair value of services performed plus any lodestar set by the Court, or the reasonable amount of expenses incurred, and depending upon the amount of the fund may be limited to a part of the value of such services and expenses. In making fee awards to

5

attorneys performing common benefit work, appropriate consideration will be given to the experience, talent and contribution made by the attorney.

      D.     No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Lead defense counsel shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has made an assessment. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the PSC, the Court, or the Court's designee. However, monthly statements from the escrow agent shall be provided to the designee of the PSC, lead Defendant's counsel, the Court, and the Court's designee showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

      E.     If the fund exceeds the amount needed to make payments provided in this order, the Court will, subject to applicable provisions of law, make refunds on an equitable basis, or if such balances are of small amounts, may enter such orders concerning the disposition of such funds as are appropriate under the law.

      4.     <u>Incorporation by Reference</u>

The attorney agreement attached hereto as *Exhibit A* is incorporated by reference and has the same effect as if fully set forth in the body of this Order.

It is so ORDERED.

/S/ Joe B. Brown
_____
Joe B. Brown
United States Magistrate Judge

# Exhibit A

# AGREEMENT

This Agreement is made this _____ day of _____, 200__, by and between the Plaintiffs' Steering Committee ("PSC") appointed by the United States District Court for the Middle District of Tennessee in MDL Docket No. 1760, *In Re: Aredia® and Zometa® Products Liability Litigation*, (the "MDL") and [FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT] (hereinafter the "Participating Attorneys").

WHEREAS, the United States District Court for the Middle District of Tennessee has established a PSC to facilitate the conduct of pretrial proceedings in the federal actions relating to the use of Aredia® and Zometa®;

WHEREAS, the PSC, in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of any proceedings involving Aredia® and Zometa® induced injuries; and

WHEREAS, the Participating Attorneys are desirous of acquiring the PSC Work Product and establishing an amicable, working relationship with the PSC for the mutual benefit of their clients;

1

NOW, THERFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1. With respect to each client who they represent in connection with an Aredia® and/or Zometa® related claim filed in any court or unfiled, each of the Participating Attorneys shall deposit or cause to be deposited in an MDL assessment account ("Assessment Account") caused to be established by order of the Court in the MDL a proportion of the gross amount recovered by each such client which is equal to six percent (6%) of the gross amount of recovery of each such client, with four percent (4%) deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and two percent (2%) deemed to be costs to be subtracted from the client portion of the individual fee contracts. For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future.

2. The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Aredia® and Zometa® induced injury, to the

2

full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3. The amounts deposited in the MDL Fee and Cost Account shall be available for distribution to attorneys who have performed professional services or incurred expenses for the benefit of the plaintiffs in MDL 1760 pursuant to written authorization from the PSC or its designee. Such sums shall be distributed only upon an Order of the Court in MDL 1760 which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit. Appropriate consideration will be given to the experience, talent and contribution made by all of those authorized to perform activities for the common benefit, including the Participating Attorneys.

4. As the litigation progresses and common benefit work product is generated, the PSC will provide Participating Attorneys with such work product and will otherwise cooperate with the Participating Attorneys to provide common benefit materials to the Participating Attorneys to the benefit of them and their plaintiffs.

3

5. No assessment will be paid by the Participating Attorneys on any recovery resulting from a medical malpractice claim against a treating physician.

6. It is understood and agreed that the PSC and other attorneys performing common benefit work may also apply to the Court for class action attorneys' fees and reimbursement of costs, if appropriate, and this Agreement is without prejudice to the amount of fees and costs to which the PSC and attorneys performing common benefit work be entitled to in such an event.

7. Upon execution of this Agreement, the PSC will provide to the Participating Attorneys, to the extent developed, the PSC Work Product, including access to the PSC's document repository.

8. The Participating Attorneys shall have the following rights:

A. Full participation in discovery matters and appropriate committee assignments as mutually agreed to with full recognition of the participation of the Participating Attorneys;

B. Appropriate participation and consultation in settlement negotiations;

C. Appropriate participation to ask non-duplicative questions at the end of PSC depositions; and

D. Appropriate participation in trials, class matters, management, fund administration and allocation of fees and costs.

4
Case 3:06-md-01760   Document 593   Filed 08/30/07   Page 12 of 14 PageID #: 8739

9. Both the PSC and the Participating Attorneys recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in individual matters, the PSC will recommend to Judge Campbell that appropriate consideration will be given to individual case contracts between attorneys and their clients and to work that has been performed by attorneys in their individual cases.

10. The PSC agrees that, should there be a global settlement against any defendant(s), with the possibility of opt-outs under Rule 23(b)(3), the PSC will complete discovery against any such defendant(s) and will not agree to or seek a stay of discovery against any such defendant(s).

11. The Participating Attorneys represent that the list appended hereto as Exhibit "A" correctly sets forth the name of each client represented by them who has filed a civil action arising from the use of Aredia® and/or Zometa® together with the Court and docket number of each such case and that the list attached hereto as Exhibit "B" contains the name and social security number of each client represented by them who has not yet filed a civil action arising from the use of Aredia® and/or Zometa®. The Participating Attorneys shall supplement these lists on a quarterly basis.

5

PLAINTIFFS' STEERING COMMITTEE

By_____

-AND-

By_____
     [Participating Attorney Name]
     [Firm Name]