UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA and ZOMETA PRODUCTS ) | No. 3:06-MDL-01760 |
| LIABILITY LITIGATION ) | Judge Campbell/Brown |
| (MDL No. 1760) ) | |
| ) | |
| This Document Relates to ) | |
| 3:07-cv-0779 ) | |

## REPORT AND RECOMMENDATION

**To:** **The Honorable Todd J. Campbell**

### I. INTRODUCTION

Plaintiffs, Arlene Koppel, Karen Schoenfeldt and Arthur Schoenfeldt (hereinafter "Plaintiffs") have filed a Motion and Memorandum of Law for Remand and Attorney's Fees After Improvident Removal (Case No. 3:07-00779, Docket Entry 6).

For the reasons stated below, the Magistrate Judge **recommends** that the Plaintiffs' Motion for Remand be **GRANTED** and that Plaintiffs' causes of action be **REMANDED** to New Jersey state court. Further, the Magistrate Judge **recommends** that Plaintiffs' request for attorneys' fees be **DENIED**.

### II. BACKGROUND

Plaintiffs are residents of Kansas and Wisconsin, respectively. (Case No. 3:06-1760, Docket Entry 576, Exhibit A). It is well settled that Defendant is a corporation incorporated in Delaware with its principal offices located in New Jersey. The complaint alleges that Plaintiffs developed severe osteonecrosis of the jaw (hereinafter "ONJ") caused by their use of the drug

1

Aredia© and/or the drug Zometa© (hereinafter "the medications"). Plaintiffs request both compensatory and punitive damages under the New Jersey Products Liability Act as well as under common law theories of strict liability, negligence, breach of warranty (express and implied) and loss of consortium.

Defendant filed a petition for removal from the state court to the United States District Court of New Jersey alleging that there was diversity jurisdiction.[1] (Docket Entry 576). Further, Defendant argues that it was not "properly joined and served" prior to removal and therefore, it is not precluded under 28 U.S.C. § 1441(b) from removing this matter from the New Jersey state court, even though it is a resident of New Jersey. (Docket Entry 576, Page 3)

Plaintiffs filed the instant motion to remand arguing that the Defendant is barred, pursuant to 28 U.S.C. § 1441(b), from removing this action because it is a citizen of New Jersey, the state in which the action was brought, and that Defendant was properly served. (Case No. 3:07-00779, Docket Entry 6). Further, Plaintiffs request their attorneys' fees and costs. This case, and the pending motion to remand, was transferred to this District for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

### III. LEGAL DISCUSSION

Only state actions that originally could have been filed in federal court may be removed to the federal court by the defendant. 28 U.S.C. § 1441. The party removing the case to federal court bears the burden of proving that the federal court has jurisdiction. *Id.* A district court has

---

[1] As grounds for removal, Defendant also argued the same federal question grounds as it did in both the *Scalmoni* and *LeCompte* cases. However, Defendant appears to have now abandoned these arguments. Therefore, the Magistrate Judge trusts that the Defendant will not raise these same issues in the future as a basis for removal.

2

jurisdiction over a civil case where the amount in controversy exceeds $75,000 and is between citizens of different states. 28. U.S.C. § 1332. Additionally, actions in which the parties are diverse "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

In the instant case, Defendant argues that it was not properly served because Plaintiff was required by N.J.R. 4:5A-2(a) to include a copy of the notice of track assignment, which is generated by the court, when the Plaintiff served the summons and complaint. Defendant does not dispute that it was properly served with a copy of the summons and complaint. However, Defendant argues that the failure to serve a copy of the notice of track assignment means that the entire service was improper. Therefore, Defendant advances that it properly removed this case on the basis of diversity and in accordance with § 1441(b).

Plaintiffs respond that while they admittedly did not immediately serve the Defendant with a copy of the notice of track assignment, Defendant was properly served with a both the summons and complaint. (Docket Entry 592, Page 2). Plaintiffs argue that this is sufficient to obtain jurisdiction over Defendant and to justify remand as, in accordance with §1441(b), Defendant, a citizen of New Jersey, cannot remove a case on the basis of diversity from New Jersey state court. Additionally, Plaintiff advances that they served Defendant with a copy of the notice of track assignment "within days after its receipt." (Docket Entry 592, Page 4). Plaintiff further argues that any information contained in the notice of track assignment is also listed on the New Jersey state court's website and that Defendant's experienced counsel already knows the deadlines contained in this notice. (Docket Entry 593, Page 3).

The purpose of the § 1441(b) "joined and served" requirement is to preclude a plaintiff

3

from preventing removal on the basis of diversity by fraudulently joining a resident defendant against whom plaintiff does not intend to proceed. 28 U.S.C. § 1441(b). In the instant case, Plaintiff clearly intends to proceed against Defendant. There is no conceivable indication, nor does Defendant allege, that Plaintiffs named the Defendant in their complaint only to prevent removal. Further, it appears that the Defendant was properly served with both the summons and the complaint. As such, literal application of the forum defendant rule in this case would defeat the purpose of the statute. Further, the Magistrate Judge is unconvinced that service was improper. N.J.R. 4:4-4(a)(6) states that the primary method of obtaining in personam jurisdiction over a corporate defendant is to serve a copy of the summons and complaint. Nowhere in this section does it require the service of a copy of the track assignment. Further, the cases cited by Defendant in support of it's proposition involve situations where the Defendant had not been served with any of the required documents and/or was improperly served the summons and complaint. This is clearly distinguishable from the instant case.

Additionally, there is no prejudice to Defendant by receiving the copy of the track assignment within a relatively short time after service of the summons and complaint. The Plaintiffs have indicated to the Magistrate Judge that they will be seeking mass tort litigation of all the New Jersey state cases. As such, the discovery deadlines contained in the track assignment notice will most likely need to be adjusted in the future.

In conclusion, §1441(b) clearly forbids removal when a properly joined and served party is a citizen of the forum state. In this case, Defendant is citizen of New Jersey. While the Magistrate Judge finds that the Defendant's technical argument is creative, it is not sufficient to demonstrate improper service. Therefore, Defendant is precluded from removing this case.

4

### C.  Whether Plaintiffs are entitled to attorneys' fees

The Magistrate Judge believes that the Defendant had a marginally objectively reasonable basis for seeking removal. Therefore, the Plaintiffs are not entitled to their attorneys' fees and costs incurred as a result of the removal. 28 U.S.C. § 1447(c). However, the Magistrate Judge would strongly encourage Defendant to ensure that future removals in this matter, if any, have a stronger basis. The Magistrate Judge is very likely to recommend attorneys' fees in any future motions to remand which do not have a more demonstrable basis for removal.

### IV.  RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that the Plaintiffs' Consolidated Motion for Remand be **GRANTED** and that Plaintiffs' causes of action be **REMANDED** to New Jersey state court. Further, the Magistrate Judge **recommends** that Plaintiffs' request for attorneys' fees be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this     day of September 2007.

/s/
JOE B. BROWN
United States Magistrate Judge

5

Case 3:06-md-01760   Document 615   Filed 09/13/07   Page 5 of 5 PageID #: 8925