UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA and ZOMETA PRODUCTS | ) | No. 3:06-MDL-01760 |
| LIABILITY LITIGATION | ) | Judge Campbell/Brown |
| (MDL No. 1760) | ) | |
| | ) | |
| This Document Relates to | ) | |
| Case No. 3:06-CV-000501 | ) | |

TO: The Honorable Chief Judge Todd J. Campbell

## REPORT AND RECOMMENDATION

Currently pending before the Court is the Defendant's Renewed Motion to Dismiss Claims of Linda Herring. Docket Entry 541. Plaintiff has not filed a response. This matter was referred to the Magistrate Judge for Report and Recommendation. Docket Entry 544. For reasons stated below, the Magistrate Judge recommends that the claims of Ms. Linda Herring be dismissed without prejudice for failing to fully complete the Plaintiff's Fact Sheet ("PFS").

## I. BACKGROUND

The Case Management Order ("CMO") requires all Plaintiffs to complete a PFS in all material respects within forty-five (45) days of service of the blank PFS. Docket Entry 89, Page 32. The CMO further provides that should any Plaintiff fail to serve a completed PFS within this time, Defendant shall send a warning letter to that Plaintiff's counsel giving that Plaintiff an additional fifteen (15) days to cure the deficiencies. Docket Entry 89, Page 33. The CMO

specifically states that this warning letter shall including a warning that the case is subject to dismissal if a PFS completed in all material respects is not received by Defendant within the cure period. Docket Entry 89, Page 33. If the cure period expires and Plaintiff fails to complete the PFS, the CMO then states that Defendant is entitled to seek an Order to Show Cause why the case should not be dismissed, giving Plaintiff's counsel fourteen (14) days to respond. Docket Entry 89, Page 33-34.

In the instant case, it appears that Plaintiff's original PFS was originally due on October 24, 2006. Plaintiff then requested several extensions, which were agreed to by the Defendant, giving her until January 8, 2007, to serve a completed PFS. See Docket Entry 542, Exhibits A, B, C, D, and E. On January 10, 2007, Defendant moved for an order to show cause as to why Plaintiff had failed to serve a complete PFS. Docket Entry 244. On January 11, 2007, this motion was granted and Plaintiff, among others, was directed to show cause by January 22, 2007, why her case should not be dismissed. Docket Entry 249. On January 22, 2007, Plaintiff's counsel responded, advising the Magistrate Judge that Plaintiff was deceased and that Plaintiff's counsel was working with the representatives of her estate to complete the PFS. Docket Entry 275. At that time, Plaintiff requested an additional 15 days to complete the PFS, which was granted. Docket Entry 275. On August 10, 2007, Defendant filed the instant motion alleging that, to date, Plaintiff has failed to serve a complete PFS. As of the date of this Report and Recommendation, Plaintiff has not responded to the instant motion.

## II.   LEGAL DISCUSSION

As stated previously by the Magistrate Judge, the Court must have the ability to control its docket and to have its orders obeyed. In this case, Plaintiff has failed to serve a completed PFS, even after both the Defendant and the Magistrate Judge agreed to several extensions. In

fact, Plaintiff has had nearly a year from the date the PFS was originally due to serve a complete PFS. Further, the Defendant, in accordance with the CMO, issued several warning letters detailing the deficiencies in Plaintiff's PFS. Additionally, on August 28, 2007, a hearing was held where the Magistrate Judge specifically discussed the Defendant's allegation that several of the Plaintiffs' facts sheets were deficient. Docket Entry 597. The Magistrate Judge reminded the Plaintiffs of the importance of completing the PFS in a timely manner. Now, approximately one month after this hearing, Plaintiff has not only failed to serve a completed PFS but has also failed to even respond to the instant motion. Even though Plaintiff has failed to respond and the Magistrate Judge could thus find that there is no opposition to the instant motion, the Magistrate Judge has considered the motion on its merits. Local Rule 7.01(b).

The Sixth Circuit has discussed the grounds for dismissal under Rule 41(b). *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 998 (6th Cir. 1999). The Court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

Applying these factors to the instant case, the Plaintiff clearly knew of the obligation to complete the PFS given the clear language of the CMO, the requests for extension, the warning letter sent by the Defendant specifically outlining the deficiencies, the instant motion, as well as the Magistrate Judge's reminder at the August 28, 2007, hearing. Further, the delay in responding to the PFS will prejudice the Defendant as it will be extremely difficult, if not impossible, for the Defendant to complete discovery without the requested information and release forms within the time period set by the Court. Additionally, both the CMO, the warning

letter sent by the Defendant, and the instant motion specifically warn the Plaintiff that the sanction of dismissal could be imposed if Plaintiff failed to serve a complete PFS in all material respects. Lastly, Plaintiff has been given more than ample opportunity to cure any deficiencies prior to the Magistrate Judge recommending dismissal. As stated previously, Plaintiff has had nearly a year since the PFS was originally due.

The Magistrate Judge has repeatedly expressed his understanding that the majority of the Plaintiffs are currently dealing with a variety of severe medical ailments, making it very difficult to actively participate in the litigation process. This difficulty is compounded when the task falls to representatives of the Plaintiff's estate. However, Plaintiff's estate representatives are simply not released from the responsibility to provide responses to the PFS and, in the instant case, have been given more than sufficient time to respond. Further, the Plaintiff's failure to respond to the instant motion leaves the Magistrate Judge with no other alternative but to recommend dismissal. At this point, while the Magistrate Judge could recommend that the dismissal be with prejudice, it would seem appropriate to consider a less drastic sanction and recommend that the dismissal be without prejudice.

## III.   RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the above claims be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to respond to the PFS. Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific

objections within ten (10) days of receipt of this Report and Recommendation can constitute a

waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc).

/s/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE