IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: AREDIA AND ZOMETA | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| (MDL No. 1760 | ) | |
| | ) | |
| | ) | |
| Case Nos.: | ) | |
| 3:06-CV-00862 | ) | |
| Chris Hill v. NPC, et al.; | ) | No. 3:06-MDL-1760 |
| 3:06-CV-01059 | ) | Judge Campbell/Brown |
| Sona Stambolian v. NPC; | ) | |
| 3:06-CV-01165 | ) | |
| Clinton Temme, et al. v. NPC; | ) | |
| 3:07-CV-00092 | ) | |
| Shirley J. Barstow v. NPC; | ) | |
| 3:07-CV-00234 | ) | |
| Patricia M. King v. NPC; | ) | |
| 3:07-CV-00300 | ) | |
| Ejner B. Jacobson v. NPC; | ) | |
| 3:07-CV-00379 | ) | |
| Patrick L. Aloia v. NPC; | ) | |
| 3:07-CV-00388 | ) | |
| Sheila Williams v. NPC; | ) | |
| 3:07-CV-00399 | ) | |
| Duane E. Luttrell v. NPC; | ) | |
| 3:07-CV-00734 | ) | |
| Ruth A. Leary v. NPC. | ) | |

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m) (essentially a 12(b)(4) motion to dismiss) (Docket No. 685) was referred to the Magistrate Judge for report and recommendation.(Docket No. 697). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant's Motion to Dismiss be

1

**GRANTED** regarding Plaintiff Sheila Williams (3:07-CV-00388), but be **DENIED** with regard to the remaining Plaintiffs, except for Plaintiff Patrick Aloia, who has voluntarily non-suited. Additionally, the Magistrate Judge **RECOMMENDS** that Plaintiffs' Motion to Enlarge (Docket Entries 703 and 760) be **GRANTED** as a matter of discretion as to the Plaintiffs Hill, Stambolian, Temme, Barstow, King, Jacobson, Luttrell and Leary as Fed. R. Civ. P. 4(m) permits this Court to enlarge the window of time in which Plaintiffs must perfect service.

## II. BACKGROUND

Defendant moves the Court to dismiss the claims of ten plaintiffs in the ongoing Aredia and Zometa MDL ( MDL No. 1760) for a failure to perfect service within the 120-day period set forth by Fed. R. Civ. P. 4(m). After Defendant filed its initial Motion to Dismiss, Plaintiff Patrick Aloia filed a voluntary notice of non-suit on October 11, 2007 and is thereby no longer a party to the MDL.(Docket No. 703, Page 3). Additionally, it appears Plaintiff Sheila Williams (3:07-CV-00388) failed to respond to Defendant's Motion to Dismiss and therefore is deemed not to oppose this motion.

Each of the remaining eight Plaintiffs do not dispute failing to perfect service within the prescribed 120 day window (docket Entries 703 & 760). However, Plaintiffs Hill, Temme, Stambolian and Leary ("Plaintiffs Group 1") assert that they have

2

requested Summons for the Defendant from the Clerk of the Court which were issued October 29, 2007 (Docket Entries 755, 756, 757 & 758), and that service will be perfected once the summonses are received from the Clerk. (Docket No. 760, pages 2-3). Plaintiffs Hill, Stambolian, and Leary state they timely filed Plaintiffs' fact sheets. Plaintiff Leary has not filed a plaintiff's fact sheet.

Plaintiffs Barstow, King, Jacobson and Luttrell ("Plaintiffs Group 2") obtained summonses for Defendant from the Clerk of the Court on October 16, 2007 (Docket No. 711). Additionally, they assert that they all filed a plaintiff's fact sheet with the Defendant (Docket Entry 703, Ex. B).

Plaintiffs Group 1's response asks the Court to deny Defendant's Motion to Dismiss and enter an order specifying a new time within which service should be effected. (Docket No. 760, Page 3). Plaintiffs Group 2's response similarly asks the Court to deny Defendant's Motion to Dismiss, but also makes a separate Motion to Enlarge Time pursuant to Fed. R. Civ. P. 6(b)(2). (Docket No. 703, Page 1).

### III. LEGAL DISCUSSION

**A. Defendant's Motion to Dismiss Pursuant Fed. R. Civ P. 4(m)**

This Court is given discretion to dismiss a complaint for failure to perfect service by Fed. R. Civ. P. 4(m) and Fed.

3

R. Civ. P. 12(b)(4). Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, a plain reading of Rule 4 (b) directs this Court to dismiss an action if service is not perfected within 120 days from the filing of the complaint, but allows that if a plaintiff shows good cause for failing to perfect service, an extension of time shall be granted. However, some ambiguity in the need for a showing of "good cause" persists in Rule 4 (m), and as the 1993 Amendment Advisory Committee Notes clarify, subdivision (m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown*." (emphasis added). This appears to be substantially in line with the underlying purpose of requiring service of process. As the Supreme Court notes in *Henderson v. U.S.*:

> Service of process, we have come to understand, is properly regarded as a matter discrete from a court's jurisdiction to adjudicate a controversy of a particular kind, or against a particular individual or entity. Its essential purpose is auxiliary, a purpose distinct from the substantive matters...Instead, the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.

517 U.S. 654, 671-672 (1996).

Defendant nonetheless argues that the 120 day window must be regarded as mandatory here, as no showing of good cause by the Plaintiff or waiver by the Defendant has been made. Admittedly, the reasons set forth by Plaintiffs for failing to effect service- that Defendant participated in Plaintiff-specific discovery by demanding corrections to Plaintiffs' Fact Sheets, that Defendant was adequately on notice of the litigation and that it would be "waste of judicial resources to dismiss these actions"--do not, in and of themselves, necessarily constitute "good case" as provided for in Rule 4(m). Moreover, Plaintiff's contention that "Defendant did not communicate to Plaintiffs or Plaintiffs' counsel that it had not been served with process" is misguided to say the least, as it is not incumbent upon a defendant to remind a plaintiff that service must be effected. (Docket No. 703, Page 1). This is particularly true in the case of the Plaintiff Leary since she did not serve a plaintiff's fact sheet on the Defendant as of the time of their motion. Since these factors do not substantiate a showing of good cause, this Court is not *required* to extend the 120-day window. However, as this Court may clearly grant more time without a showing of good cause, some of these factors may be more properly regarded as mitigating against dismissal rather than obligating this Court to act.

Additionally, Plaintiffs Group 2 asserts that "if the Court dismisses their cases without prejudice, and Plaintiffs are

5

forced to refile . . . Defendant will assert the statute of limitations." (Docket No. 703, Page 4). In turn, Defendant argues that allowing Plaintiffs more time will "deny NPC the potential benefit of a statute of limitations defense contemplated by 4(m)." (Docket No. 753, Page 2) However, the purpose of Rule 4(m) in not to contemplate and protect a "statute of limitations defense" and the Advisory Committee specifically notes that granting more time "may be justified, for example, if the applicable statute of limitations would bar the refiled action." 1993 Amendment Advisory Committee Notes, Subdivision (m). Neither Plaintiffs nor Defendant definitively assert that the statute of limitations would ultimately bar this action if it were refiled. Whether the statute of limitations would bar the refiling, however, need not be dispositively established here. Rather, taken with the wide berth given to this Court by Rule 4(b), it is more prudent to take the potential difficulty arising from a statute of limitations challenge simply as another element mitigating against dismissal.

Defendant relies on the 6th Circuit's holding in *Nafziger v. McDermott Intern., Inc.* 467 F.3d 514 (6th Cir. 2006) to assert that Rule 4(m) mandates dismissal here. Admittedly, in *Nafziger* the 6th Circuit articulated that "[d]ismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the 120-day deadline" in upholding a lower court's dismissal for insufficient service of process. *Id.* At 521. Defendant's reading of

6

*Nafziger* would require this Court to dismiss absent a showing of good cause. Such a reading is inconsistent, however, with the permissive nature of the 1993 amendments to Rule 4(m) already established above. Unequivocally, with the "1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson,* 517 U.S. at 662. Thus, as the Supreme Court instructs, the Rules "convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow." *Id.* at 663. Thus, a more accurate reading of *Nafziger* is simply that an appellate court, in applying an abuse-of-discretion standard of review, may not *command* a lower court to enlarge time if no showing of good cause is made. This reading does not obviate this Court's discretion *not* to dismiss in instances where no showing of good cause has been made.

Ultimately, the justifications set forth by Plaintiffs for failing to perfect service, while unable to substantiate an absolute showing of good cause, do demonstrate the purposelessness of dismissing this action on these grounds. While this Court by no means condones the failure of Plaintiffs to effect service, it is evident that Defendant has not been prejudiced by this failure. Even in the case of the Plaintiff Leary, the prejudice is reduced by the fact the case was filed May 31, 2007, and was only slightly over the 120 day limit at the time the motion to dismiss was filed.

7

Had the delay been longer, in view of the failure to file a plaintiff's fact sheet, a dismissal might well have been warranted. Plaintiff Learly should file her plaintiff's fact sheet forthwith if it has not already been filed.  This Defendant, like any other similarly-situated defendant, can not help but be aware of a litigation of this magnitude. Defendant made corrections to many of the Plaintiffs' fact sheets and received notice of the transfer of Plaintiffs' claims to MDL (Docket No. 703, Page 1).  Defendant, even if somewhat informally, has engaged in pretrial procedure, and has thus been well aware of the pendency of this legal action. Granting Plaintiffs an additional window of time will still afford Defendant ample time and a fair opportunity to answer the complaint and present defenses and objections, thereby satisfying the core purpose of requiring service.

       **B.**    **Plaintiffs' Motion to Enlarge Time Pursuant to Fed. R. Civ P. 6(b)**

Finally, Plaintiffs Group 2's Motion to Enlarge Time pursuant to Fed. R. Civ P. 6(b) is probably unnecessary.  Again, the 1993 Amendment Advisory Committee Notes are instructive, as the Court's ability to extend time is now sufficiently provided for under 4(m) by itself, while "such relief formerly was afforded in some cases, partly in reliance on Rule 6(b)." It would consequently be redundant to allow an enlargement of the window within which each Plaintiffs group must perfect service and then also grant relief under 6(b). Likewise, Defendant's reliance on the 6th

Circuit's holding regarding a showing of excusable neglect pursuant to 6 (b) in *Turner v. City of Taylor,* 412 F.3d 629 (6th Cir. 2005) is misplaced.

**IV. RECOMMENDATION**

In light of the foregoing, the Magistrate Judge recommends that Defendant's motion to dismiss be **GRANTED** regarding Plaintiff Sheila Williams (3:07-CV-00388), but be **DENIED** with regard to the remaining Plaintiffs. Further, the Magistrate Judge Recommends that Plaintiff's motion for Enlargement of Time under Fed. R. Civ. P. 6(b) be **GRANTED** and the Court enter an order pursuant to Fed. R. Civ. P. 4(m), requiring Plaintiffs to effect Service by **December 31, 2007**, or be subject to dismissal at the discretion of this Court.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

9

It is so **ORDERED**.

/s/        Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

10