IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                )
AREDIA and ZOMETA PRODUCTS             )
LIABILITY LITIGATION                   ) NO. 3:06-MD-1760
                                       ) JUDGE CAMPBELL
This document relates to:              )
Case No. 3-05-0718                     )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment on Carrie Lee's Claim (Docket No. 628). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff Carrie Lee's claims against Defendant in this action are DISMISSED.

FACTS

Plaintiff Carrie Lee has alleged in this action that she is at an increased risk of developing osteonecrosis of the jaw ("ONJ") as a result of her use of the bisphosphonate drugs Zometa and/or Aredia. Docket No. 690, ¶ 1. Defendant is the manufacturer of both Zometa and Aredia.

Plaintiff has now conceded that she never took Zometa. Id., ¶¶ 2-4. Defendant has moved for summary judgment based upon their allegation that Plaintiff Lee also never took Aredia. Docket No. 628.

It is undisputed that generic bioequivalents to Aredia have been manufactured and sold by manufacturers other than Defendant since April of 2001. Docket No. 690, ¶ 6. It is undisputed that Plaintiff Lee received a total of four infusions of intravenous pamidronate.[1] Id., ¶ 8.

It is also undisputed that Dr. James Stoever is the only physician who prescribed intravenous pamidronate for Plaintiff Lee and that Plaintiff Lee received those infusions of intravenous

---

[1] Pamidronate disodium is the active ingredient in Aredia and generic bioequivalents of Aredia. Docket No. 630, p. 2.

pamidronate at Memorial Health University Medical Center (one infusion on November 3, 2004) and St. Joseph's/Candler Hospital (three infusions, on February 25, 2005, September 2, 2005 and December 5, 2005). Id., ¶¶ 7, 9 and 11.

Defendant has produced Declarations from Kenneth Jozefczyk, Director of Pharmacy at Memorial Health University Medical Center, and Ray R. Maddox, Director of Pharmacy at St. Joseph's/Candler Health System, in support of this Motion. Docket Nos. 626 and 627. Both Directors of Pharmacy have testified that their offices have the sole responsibility for purchasing drugs, including pamidronate disodium, for use at their respective hospitals. Both Directors of Pharmacy have testified that, during the relevant time periods, their respective hospitals did not purchase Aredia.

Mr. Jozefczyk testified that, at Memorial Health University Center, from January 1, 2004 through December 31, 2004, the only pamidronate disodium purchased for use at that hospital's infusion center (where Plaintiff Lee received her infusion on November 3, 2004) were generic forms of the drug, not manufactured by Defendant.

Mr. Maddox testified that, at St. Joseph's/Candler Health System, from July 2004 to April 2007, the only pamidronate disodium purchased for use at that hospital's infusion center (where Plaintiff Lee received her infusions on February 25, 2005, September 2, 2005 and December 5, 2005) were generic forms of the drug, not manufactured by Defendant.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## DISCUSSION

A fundamental principle of traditional product liability law is that the plaintiff must prove that the defendant supplied the product which caused the injury. Travelers Indemnity Co. v. Industrial Paper & Packaging Corp., 2006 WL 2050686 at * 10 (E.D. Tenn. July 19, 2006) (citing Rodrigues v. General Electric Corp., 204 F.Supp.2d 975, 976 (E.D. Tex. 2001)). Defendant contends that Plaintiff Lee cannot establish this essential element of her claim because she never took Aredia.

In response to Defendant's Motion, Plaintiff Lee argues that, pursuant to Fed. R. Civ. P. 56(f), she is entitled to additional discovery in order to counter Defendant's allegations concerning her alleged Aredia use. That Rule provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

3

The burden of establishing the need for further discovery rests upon the party advancing the request. Jocham v. Tuscola County, 239 F.Supp.2d 714, 735 (E.D. Mich. 2003). Rule 56(f) may be invoked only when the plaintiff has been unable to acquire needed discovery through due diligence, not to permit further discovery when the plaintiff has failed to thoroughly examine her opportunities in the time available to her. Id. at 734.

To establish the need for discovery material to respond to a summary judgment motion, the non-moving party must do more than make vague allegations or conclusory statements regarding the need for such discovery. Hayes Lemmerz Int'l, Inc. v. Epilogics Group, 2007 WL 2983999 at * 1 (E.D. Mich. Oct. 12, 2007) (citing Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003)). A party attempting to persuade the district court that it has not been afforded adequate discovery must show that the additional facts and information obtained through discovery may disclose facts material to the issues presented in the pending motion. Id. In other words, the party must be able to explain how the discovery would counter the moving party's showing of the absence of a genuine issue of material fact. Jocham, 239 F.Supp.2d at 735.

In this case, the issue about which Plaintiff seeks additional discovery is the most fundamental element of her claim: whether she, in fact, took the drug about which she has sued Defendant. Plaintiff should have been able to establish this fact before she filed her lawsuit. Certainly Plaintiff has had time since this case was filed in September of 2005 in which to, through due diligence, discover evidence to support her claim that she, in fact, took Aredia. There is no evidence that Plaintiff Lee was somehow prevented from talking with Mr. Jozefczyk and Mr. Maddox (or other employees of the hospitals) herself in order to present opposing Affidavits.

4

Plaintiff Lee has failed to show that she cannot "present by affidavit facts essential to justify [her] opposition," as required by Rule 56(f). Plaintiff has also failed to show how additional discovery would counter the testimony of Mr. Jozefczyk and Mr. Maddox and/or establish that she, contrary to their records, actually took Aredia. Accordingly, Plaintiff's request for additional discovery pursuant to Fed. R. Civ. P. 56(f) is denied.

In disputing Defendant's evidence that she took a generic drug rather than Aredia, Plaintiff Lee cites to her own deposition testimony and to hearsay references in copies of certain medical records which are attached to her counsel's Affidavit herein. Docket No. 690, ¶¶ 10 and 12. The Court finds that these self-serving statements and hearsay documents are insufficient, for purposes of summary judgment, to rebut the evidence presented by Defendant which shows that Plaintiff Lee did not take Aredia.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment as to the claims of Plaintiff Carrie Lee (Docket No. 628) is GRANTED, and Plaintiff Lee's claims are DISMISSED.

IT IS SO ORDERED.

                                          /s/ Todd Campbell
                                          TODD J. CAMPBELL
                                          UNITED STATES DISTRICT JUDGE