IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION ) NO. 3:06-MD-1760
) JUDGE CAMPBELL
This document relates to: )
Case No. 3-05-0718 )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment on Certain Plaintiffs' Claims for Dental Monitoring (Docket No. 631). Defendant seeks summary judgment with regard to the claims of Plaintiff Sybila Duncan and Plaintiff Carrie Lee.[1] Defendant's Motion for Summary Judgment is GRANTED, and all claims of Plaintiff Duncan are DISMISSED.

FACTS

Plaintiff Duncan has alleged in this action that she is at an increased risk of developing osteonecrosis of the jaw ("ONJ") because she used Zometa, a drug manufactured by Defendant. It is undisputed that Plaintiff Duncan received only two doses of Zometa and that she received those doses on December 11, 2006, and January 11, 2007. Docket No. 687, ¶¶ 5-7.

Plaintiff's expert, Dr. Robert E. Marx, has testified that it takes six months of exposure to Zometa to put a person at risk. Marx Deposition (Docket No. 633, Ex. J), p. 48. Dr. Marx has also testified that it takes 8 to 12 doses of Zometa to get into the risk range. Id., p. 160. "There have been some on each end of the spectrum as early as six doses of Zometa . . .." Id., p. 161.

---

[1] By contemporaneous Order, the Court has granted Defendant's Motion for Summary Judgment as to Plaintiff Carrie Lee. Therefore, that portion of the instant Motion is moot.

In addition, Dr. Marx has testified, "If you only have three doses of Zometa even over three years, you wouldn't expect any osteonecrosis. We have not seen a single case of Zometa related osteonecrosis who have not taken at least six doses." Id., p. 229. Dr. Marx testified that three doses of Zometa is not toxic to the bone and that three doses of Zometa "would have no difference between a placebo." Id., p. 273. "Fine, if you limit three doses, I would be comfortable with that for the entire world." Id.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## DISCUSSION

Defendant has moved for summary judgment against Plaintiff Duncan because Plaintiff Duncan received only two dosages of Zometa, below the "threshhold" amount which Plaintiff's own

2

expert says it takes before the drug increases the risk of osteonecrosis. Defendant relies on the undisputed facts concerning the doses which Plaintiff Duncan received and the testimony of Plaintiff's expert, Dr. Marx.

Despite the more than two months since Defendant's Motion was filed, and the more than two years since this action was filed, Plaintiff Duncan has filed no counter-affidavits to assert that two doses of Zometa could increase the risk for osteonecrosis. In response, Plaintiff refers solely to the testimony of Defendant's expert, Dr. Coleman, who does not consider dosage to be important. Plaintiff cannot create a genuine issue of material fact simply by abandoning her own expert in favor of the opposition's expert who denies causation.[2] Plaintiff has the burden to come forward with specific evidence to demonstrate that there is a genuine issue of material fact for trial.

Here, Plaintiff has failed to provide more than a "mere scintilla" of evidence to show that there is a genuine issue of material fact precluding summary judgment. Therefore, Defendant's Motion for Summary Judgment as to Plaintiff Sybila Duncan is GRANTED, and all claims of Plaintiff Duncan are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] According to Defendant, Dr. Coleman also testified that no causal relationship between Zometa and osteonecrosis has been scientifically established at all. Docket No. 735, n. 3.