# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

|  |  |
|---|---|
| IN RE: AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION ) ) ) ) | Case No. 3:06-MD-1760 <br><br> JUDGE CAMPBELL/BROWN |
| **This Document Relates To:** ) ) | |
| **Case Nos:** 3:05-CV-00718; 3:05-CV-00719; ) <br> 3:05-CV-00716; 3:06-CV-00506, 3:06-CV-00495; ) <br> 3:06-CV-00551; 3:06-CV-00618; 3:06-CV-00499; ) <br> 3:06-CV-00386; 3:06-CV-00385; 3:06-CV-00511; ) <br> 3:06-CV-00374; 3:06-CV-00376; 3:06-CV-00384; ) <br> 3:06-CV-00523; 3:06-CV-00391; 3:06-CV-00550; ) <br> 3:06-CV-00379; 3:06-CV-00375; 3:06-CV-00507; ) <br> 3:06-CV-00522; 3:06-CV-00514; 3:06-CV-00518; ) <br> 3:06-CV-00370; 3:06-CV-00392; 3:06-CV-00382; ) <br> 3:06-CV-00368; 3:06-CV-00393; 3:06-CV-00553; ) <br> 3:06-CV-00509; 3:06-CV-00521; 3:06-CV-00823; ) <br> 3:06-CV-00496; 3:06-CV-00372; 3:06-CV-00510; ) <br> 3:06-CV-00510; 3:06-CV-00512; 3:06-CV-00373; ) <br> 3:06-CV-00503; 3:06-CV-00497; 3:06-CV-00504; ) <br> 3:06-CV-00387; 3:06-CV-00554; 3:06-CV-00502; ) <br> 3:06-CV-00517; 3:06-CV-00378; 3:06-CV-00394; ) <br> 3:06-CV-00383; 3:06-CV-00377; 3:06-CV-00513; ) <br> 3:06-CV-00693; 3:06-CV-00371; 3:06-CV-00525; ) <br> 3:06-CV-00390; 3:06-CV-00381; 3:06-CV-00505; ) <br> 3:06-CV-00516; 3:06-CV-00508; 3:06-CV-00554; ) <br> 3:06-CV-00388; 3:06-CV-00389; 3:06-CV-00500; ) <br> 3:06-CV-00527, 3:06-CV-501, 3:06-CV-526) | |

## ORDER

Presently pending before the Magistrate Judge is Novartis' Motion for Ex Parte Contacts with Certain Plaintiffs' Treating Physicians. (Docket Entry 779). The Magistrate Judge has reviewed this Motion and the accompanying memorandum (Docket Entry 780), as well as Plaintiffs'

1

responses (Docket Entry 839 and 860) and Novartis' reply (Docket Entry 851) and the parties' joint submission (Docket Entry 938). Additionally, the Magistrate Judge addressed this issue during a telephone conference with the parties on December 12, 2007. For the following reasons, Novartis' Motion is **DENIED** in part and **GRANTED** in part.

It appears to the Magistrate Judge that Novartis has made a very similar argument in a different products liability action involving the drugs Elidel and Protopic. See *Weiss v. Astellas Pharma, US, Inc., et al.*, 2007 WL 2137782 (E.D. Ky)[1]. The Magistrate Judge finds this opinion to be well reasoned and need not repeat it at length. The simple conclusion is that Plaintiffs' treating physicians are fact witnesses and Plaintiffs' counsel is not entitled to restrict access to these witnesses. Further, it is clear and undisputed that Plaintiffs' counsel themselves have participated in ex parte communications with these witnesses. The Magistrate Judge stresses that no party has an exclusive right to any witness. Additionally, the Magistrate Judge fully agrees with Novartis that allowing ex parte communications with the literally hundreds of physicians in this litigation would allow for more expeditious trial preparation as it would enable Novartis to efficiently determine which physicians need to be formally deposed. This would assist all parties in determining which physicians' testimony would be relevant at trial.

While the Magistrate Judge concludes that Novartis should be permitted to have ex parte

---

[1] The Magistrate Judge would caution Plaintiffs' counsel in the future to refrain from misstating the holding of any court. In it's response, Plaintiffs' counsel intimated that the *Weiss* Court denied defense counsel ex parte access to treating physicians. Plaintiffs' counsel quotes the *Weiss* Court as concluding that "Ex parte contact should be confined to the patients' medical records only." (Docket Entry 839, Page 2). Plaintiffs' counsel further states that the *Weiss* Court "refused to compel or forbid ex parte contacts with treating physicians. In essence, the district court abstained from making an order either way." (Docket Entry 839, Page 2). This is clearly not the ultimate holding in that case.

contact and to conduct ex parte interviews, as in *Weiss*, the Magistrate Judge declines to require the physicians to participate in these communications or for the Plaintiffs to sign releases specifically authorizing the ex parte contacts.[2] Further, Novartis must make clear to all physicians contacted that while permitted to do so, they are not required to participate in ex parte communications and may refuse. Additionally, Novartis must inform the physicians that they may request that an attorney representing the patient be present on any telephone call or meeting. If requested, Plaintiffs' counsel should make themselves readily available to be present and should not suggest to the physicians that they are violating any laws by speaking to defense counsel.

The Magistrate Judge stresses, however, that this ruling applies only to those Plaintiffs' physicians who are located in states where physician-patient privilege does not exist by common law or statutory enactment and/or where state law has not expressly prohibited ex parte communications between defense counsel and plaintiffs' treating physicians even after waiver of privilege. As the instant case is a diversity action, the Magistrate Judge must ascertain and apply the substantive state physician/patient privilege law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); Fed.R.Evid. 501; *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 296 (6th Cir. 2007).

The parties have agreed that there is no substantive bar to ex parte contacts in twelve states: Alabama, Kansas, Kentucky, Louisiana, Maryland, Michigan, Missouri, New York, North Dakota, Oklahoma, South Carolina, and Wisconsin. The parties disagree as to the following eighteen states: Arizona, Arkansas, California, Georgia, Illinois, Indiana, Iowa, Massachusetts, Minnesota, Mississippi, New Jersey, North Carolina, Ohio, Pennsylvania, Rhode Island, Tennessee, Texas and

---

[2]As discussed below, the Magistrate Judge will require the Plaintiffs to sign authorizations for those physicians located in New Jersey.

Washington. Plaintiffs argue that these states specifically prohibit ex parte communications even when privilege has been waived. (Docket Entry 860, Page 2). Novartis argues that the cases cited by the Plaintiffs deal with state procedural law and are therefore not binding on a federal court. (Docket Entry 851); See also *Surles*. 474 F.3d at 296. Novartis points to *Weiss* for support on this issue.

However, the Magistrate Judge finds that the instant case is distinguishable from *Weiss* in so far as the disputed states, with the exception of Massachusetts, do have substantive patient/physician privileges whereas Kentucky, the state involved in the *Weiss* decision, did not. 2007 WL 2137782 at *2. Further, federal decisions, particularly those in diversity actions, are not uniform on this issue. *Doe v. City of Chicago*, No. 96 C 5739, 1998 WL 386352 (N.D. Ill. July 7, 1998); See also *Horner v. Rowan Companies, Inc.*, 153 F.R.D. 597 (S.D. Tex. 1994); See also *Gobuty v. Kavanagh*, 795 F.Supp. 281 (D.Minn. 1992). As the Federal Rules of Civil Procedure leave this Court with the discretion as to whether to allow ex parte conferences, the Magistrate Judge declines to do so in twelve states, as discussed below. Permitting ex parte contact with treating physicians in these states, which have specifically prohibited them whether substantively or procedurally, would be contrary to the public policy considerations underlying the state law and decisions on this matter. Further, applying the state law would avoid putting doctors and patients in the situation where they would be subjected to a double standard of confidentiality depending on whether the cause of action is filed in federal or state courts. *Doe*, 1998 WL 386352, at *6; *Gobuty*, 795 F.Supp. at 288-89.

Arizona, Arkansas, Illinois, Indiana, Iowa, Minnesota,[3] Mississippi, North Carolina,

---

[3] See also *In re Baycol Products Litigation*, 219 F.R.D. 468 (D. Minn. 2003).

Pennsylvania, Rhode Island, Tennessee, and Washington,[4] as cited by the Plaintiffs, all have clear decisions and/or statutes which definitively prohibit ex parte communications between Plaintiffs' physicians and defense counsel, even after waiver of the patient-physician privilege. These statutes and cases find that public policy concerns outweigh any expedited discovery benefit and that the information can be obtained through formal discovery methods. As such, as a matter of comity, the Magistrate Judge declines to extend this order to physicians located in these states.

However, California[5], Georgia,[6] Massachusetts,[7] Ohio,[8] Texas,[9] either do not have a

---

[4] See also *Loudon v. Mhyre*, 756 P.2d 138, 140-42 (Wash. 1988).

[5] The case cited by the Plaintiffs, *Hale v. Superior Court*, 28 Cal.App.4th 1421 (Cal.Ct.App.1994), is not controlling because the defendant's estate was prohibited from ex parte communications with it's *own* physicians solely because the Plaintiff in that matter had designated these physicians as experts.

[6] The case cited by the Plaintiffs, *Crisp v. Regional Hosp., Inc. v. Sanders,* 636 S.E.2d 123 (Ga. Ct.App.2006), dealt with HIPAA violations of a Georgia authorization release statute. However, the Georgia Court of Appeals has since clearly ruled that, "HIPAA does not preclude ex parte communications between defense counsel and a plaintiff's prior treating physicians. Instead, provided that protected health information is not disclosed by a covered entity excepted pursuant to the HIPAA privacy rule, HIPAA allows defense counsel to continue to participate in ex parte communications to the extent such communications are authorized by Georgia law." *Austin v. Moreland*, 653 S.E. 2d 347, 351 (Ga. App. 2007). Under Georgia Code Ann. §24-9-40, the patient-physician privilege is waived when the patient places his care and treatment or the nature and extent of his injuries at issue in any civil proceeding.

[7] Massachusetts does not recognize a statutory patient-physician testimonial privilege. *Alberts v. Devine*, 479 N.E.2d 113, 124 (Mass. 1985). While the case cited by Plaintiffs, *Schwartz v. Goldstein*, 508 N.E.2d 97 (Mass. 1987), does state that opposing counsel may not engage in clandestine, unauthorized discussions with the plaintiff's treating physicians, this is distinguishable from the case at hand as the Court would be authorizing such communications if the physicians choose to participate.

[8] The case cited by Plaintiffs, *Hammonds v. Aetna Casualty & Surety Co.*, 243 F.Supp. 793 (N.D. Ohio 1965), does state that accelerated disclosure of the treating physician's opinion as to the extent of a plaintiff's injury does not permit a clandestine conference between that

5

recognized physician/patient privilege and/or do not have clear decisions or statutes which prohibit ex parte communications. As such, the Magistrate Judge does extend this order to physicians located in these states, as well as the twelve agreed states, allowing ex parte communications in accordance with the guidelines addressed above.

New Jersey poses a special challenge. The New Jersey Supreme Court has found that ex parte communications should be permitted so long as protective conditions are taken to protect the physician/patient privilege . *Stempler v. Speidell*, 495 A.2d 857 (N.J. 1985). The *Stempler* Court found that while a plaintiff must provide an authorization for such ex parte interviews, conditions must be imposed in the authorizations stating that defense counsel must (1) give plaintiff's counsel "reasonable" notice of the time and place for the interviews; (2) provide the physician with a description of the expected scope of the interview; and (3) must state with "unmistakable clarity," that a doctor's participation in the interview is voluntary. *Id*. at 864-65. As such, the Magistrate

---

doctor and the lawyer for his patient's adversary. This is distinguishable from the case at hand as the Court would be authorizing such communications if the physicians choose to participate. Further, in *Hammonds*, no action had yet been filed when the communications between the Plaintiff's treating physician and the Defendant malpractice insurer took place.

[9]While the federal court decision cited by the Plaintiffs, *Perkins v. United States*, 877 F.Supp. 330 (E.D. Tex. 1995) does state that a defense lawyer may not contact ex parte a plaintiff's non-party treating physician without the plaintiff's authorization, there have been several Texas state court rulings which have allowed ex parte communications which specifically state that ex parte communications should not be prohibited in all instances. *Durst v. Hill Country Mem'l Hosp.*, 70 S.W.3d 233 (Tex.App.-San Antonio 2001); *Hogue v. Kroger Sotre No. 107*, 875 S.W.2d 477 (Tex. App.-Houston 1994). There have also been distinguishing Texas state court cases which have allowed protective orders barring ex parte communications. *In re Collins*, 224 S.w.3d 798 (Tex.App.-Tyler May 14, 2007). Based upon the Magistrate Judge's research, the Texas Supreme Court has not addressed this split among the lower courts. As such, in the instant case, given the restraints placed on the ex parte communications by the Magistrate Judge as listed above, ex parte interviews should be allowed with the physicians located in Texas.

Judge will order Plaintiffs to execute authorizations consistent with these guidelines for physicians located in New Jersey in order to address New Jersey's public policy concerns.

For these reasons, the Magistrate Judge **DENIES** Novartis' request for releases, except for those physicians located in New Jersey, and **GRANTS** Novartis permission to initiate and participate in ex parte communications with Plaintiffs' treating physicians located in Alabama, Kansas, Kentucky, Louisiana, Maryland, Michigan, Missouri, New York, North Dakota, Oklahoma, South Carolina, Wisconsin, California, Georgia, Massachusetts, Ohio, Texas and New Jersey, as stated above.

It is so **ORDERED**.

JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE