UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA and ZOMETA PRODUCTS ) | No. 3:06-MDL-01760 |
| LIABILITY LITIGATION ) | Judge Campbell/Brown |
| (MDL No. 1760) ) | |
| ) | |
| This Document relates to: ) | |
| Case No. 3:06-CV-00368 ) | |
| Case No. 3:06-CV-00716 ) | |
| Case No. 3:06-CV-00522 ) | |
| Case No. 3:06-CV-00511 ) | |

**TO: The Honorable Todd J. Campbell**

## REPORT AND RECOMMENDATION

Currently pending before the Court are the Defendant's Motions to Dismiss the claims of Plaintiffs Biocca, Wilson, Wood and Brown for failure to file Suggestions of Death and Motions for Substitution. (Docket Entries 732, 791, 793, 821). Plaintiffs Biocca, Wilson and Wood have since filed Suggestions of Death and Motions for Substitution. Plaintiff Scott R. Brown (Docket Entry 821) has not filed a response nor a Suggestion of Death or Motion for Substitution. His response is well past due. For the reasons stated below, the Magistrate Judge recommends that Defendant's Motions to Dismiss the claims of Plaintiffs Biocca, Wilson and Wood be **DENIED** (Docket Entries 732, 791, and 793) and that Defendant's Motion to Dismiss the claim of Plaintiff Scott R. Brown be **GRANTED**. (Docket Entry 821).

The Case Management Order ("CMO") (Docket Entries 89 at 12 and 103 at 1) requires the filing of a notice of death within 60 days of the death of a plaintiff. The Magistrate Judge understands that while representing dozens of Plaintiffs, most of whom have ongoing relapses

1

and treatments, it can be difficult to keep track of and timely meet this requirement. Plaintiffs Biocca, Wilson and Wood have, upon notification of this deficiency, corrected this error. Accordingly, and as discussed during a December 12, 2007, telephone conference (Docket Entry 861), the Magistrate Judge recommends that these motions to dismiss be denied.

On the other hand, according to Defendant, and not opposed by Plaintiff, Plaintiff Scott R. Brown passed away on August 11, 2007. (See Docket Entry 822). Defendant sent Plaintiff Brown's counsel a letter on October 31, 2007, notifying him that neither a suggestion of death or a motion of substitution had been filed. (Docket Entry 822, Exhibit B). On November 19, 2007, Defendant sent Plaintiff Brown's counsel an email notifying him of the same, having received no response to the previous letter. (Docket Entry 822, Exhibit C). On December 3, 2007, Defendant filed the instant motion to dismiss. (Docket Entry 821) and supporting memorandum (Docket Entry 822). To date, and well past the deadline, Plaintiff Brown has not responded.

As continuously stressed by the Magistrate Judge, the Court must have the ability to control its docket and to have its orders obeyed. Defendant has gone beyond it's responsibility by providing notice of deficiencies to Plaintiff's counsel weeks before filing the instant motion to dismiss. Further, it has been over five months since Plaintiff Brown passed away, giving Plaintiff's counsel an additional 3 months past the CMO deadline. Lastly, the Magistrate Judge has consistently reminded Plaintiffs' counsel of the importance of filing these motions in a timely manner.

At this point, the Plaintiff has failed to respond and the Magistrate Judge could thus find that there is no opposition to the instant motion. However, the Magistrate Judge has considered the motion on its merits. Local Rule 7.01(b). The Sixth Circuit has discussed the grounds for

2

dismissal under Rule 41(b). *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 998 (6th Cir. 1999). The Court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

Applying these factors to the instant case, the Plaintiff clearly knew of the obligation to file a suggestion of death and a motion for substitution within 60 days given the clear language of the CMO, the warning letter and email sent by the Defendant, as well as the instant motion. Further, the delay in filing the motions for substitution may delay discovery within the time period set by the court given the authorizations for medical records that may be needed. Additionally, both the CMO and the Magistrate Judge have warned the Plaintiffs that the consistent failure to meet deadlines as outlined in the CMO could result in the dismissal of actions. Lastly, Plaintiff Brown has been given more than ample opportunity to cure this deficiency, as Plaintiff Brown passed away over five months ago, was given it's first notice of deficiency by Defendant almost two months ago, and had formal notice by way of the instant motion forty-five days ago.

Again, the Magistrate Judge has repeatedly expressed his understanding that the majority of the Plaintiffs are currently dealing with a variety of severe medical ailments, making it very difficult to keep track of each Plaintiff's current circumstances. This difficulty is compounded when estate representatives must become involved. However, the deadlines set by the CMO are meant to keep discovery on track so that Plaintiffs' cases can proceed in a timely manner.

3

Plaintiff Brown has been given ample time to respond. Further, Plaintiff Brown's failure to respond to the instant motion leaves the Magistrate Judge with no other alternative but to recommend dismissal. At this point, while the Magistrate Judge could recommend that the dismissal be with prejudice, it would seem more appropriate to consider a less drastic sanction and recommend that the dismissal be without prejudice.

For the reasons stated above, the Magistrate Judge recommends that Defendant's Motions to Dismiss the claims of Plaintiffs Biocca, Wilson and Wood be **DENIED** (Docket Entries 732, 791, and 793) and that Defendant's Motion to Dismiss the claim of Plaintiff Scott R. Brown be **GRANTED**. (Docket Entry 821). Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc).

/s/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE

4