UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
In Re:                            )
                                  )
AREDIA and ZOMETA PRODUCTS        )   No. 3:06-MDL-01760
LIABILITY LITIGATION              )   Judge Campbell/Brown
(MDL No. 1760)                    )
                                  )
This Document Relates to          )
3:08-cv-00583 (Lockard)           )
3:08-cv-00710 (Whipple)
```

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

The Defendant Novartis Pharmaceutical Corporation (NPC) has filed a motion to dismiss the cases of *Lockard*, 3:08-583 and *Whipple*, 3:08-710, on the grounds that the Plaintiffs have failed to serve NPC within the 120 days required by Rule 4(m) of the Federal Rules of Civil Procedure (Docket Entry 1642). The Defendant APP Pharmaceuticals LLC (APP) joined in NPC's motion insofar as it relates to the Plaintiff Whipple, 3:08-710 (Docket Entry 1642). Both Defendants make special appearances solely to contest the Court's jurisdiction due to a lack of service of process.

The two Plaintiffs have responded through counsel (Docket Entry 1702).

For the reasons stated below, the Magistrate Judge recommends that the motion be denied as to Lockard and granted as to Whipple.

**DISCUSSION**

In the *Lockard* case the Plaintiff notes that the complaint was filed in April 2008, and transferred to this Court on June 10, 2008. They advised that they have now served summonses on the five Defendants in that case on either October 16, 17, or 18, 2008.[1] They further advised that the PFS has been completed and will be served by November 10, 2008.

Novartis is correct that Federal Rules of Civil Procedure 4(m) does require service of process within 120 days and, that upon that failure, the Court can dismiss the complaint without prejudice. However, as the Plaintiff points out, this dismissal is not mandatory. Under the circumstances of this case, the Magistrate Judge does not believe that NPC has suffered any prejudice in the matter, particularly since it appears that the Plaintiff Lockard is in the process of serving the PFS. Accordingly, provided that the Plaintiff Lockard files proof of service in this matter by November 10, 2008, the Magistrate Judge recommends that the motion to dismiss as to this Plaintiff be Denied.

Counsel for the Plaintiff Whipple has advised that she does not wish to pursue her case and does not oppose the dismissal of her case (Docket Entry 1702). A review of the file in her case reveals that she has issued summonses as to Teva Parenteral Medicines, Inc., Novartis Pharmaceutical Corporation, Abraxis Pharmaceutical Products, Aesgn, Inc., and Bedford Laboratories, and Hospira, Inc. The docket sheet for this

---

[1] Counsel for all Plaintiffs should check their files to be sure service of process has been completed. This is not rocket science. It is a simple review of the basic file.

2

case does not show that any of the summonses were, in fact, served. Novartis has denied being served (Docket Entry 1642), and APP (erroneously named as Abraxis Pharmaceutical Products) also allege that they have not been served (Docket Entry 1652).

In view of counsel's statement that Plaintiff Whipple does not wish to pursue her case, the Magistrate Judge construes this as a request to dismiss the case without prejudice as to all Defendants. Accordingly, the Magistrate Judge recommends that these two Defendants' motions (Docket Entries 1642 and 1652) as to this Plaintiff be granted and that, additionally, in view of the statement of Plaintiffs' counsel that the entire case be dismissed without prejudice.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss as to *Lockard* be Denied and the motion to dismiss as to *Whipple* be granted and that her case be dismissed as to all Defendants without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

3

**ENTERED** this 4th day of November, 2008.

/s/ Joe B Brown
JOE B. BROWN
United States Magistrate Judge