IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: AREDIA ® AND ZOMETA ® PRODUCTS LIABILITY LITIGATION (MDL No. 1760 | No. 3:06-MDL-1760 |
| This Document Relates To: | JUDGE CAMPBELL |
| Case No.: 3:08-cv-01178 (Rapa) | MAGISTRATE JUDGE BROWN |

PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 4(m)

I. INTRODUCTION:

The Defendant has moved the Court to dismiss the claim of John Rapa for failure to serve process pursuant to Fed.R.Civ.P. 4(m). The undersigned represents John Rapa. This response is being filed on behalf of John Rapa.

II. CASE SPECIFIC FACTS:

The Complaint was filed on October 30, 2008 in the Eastern District of Missouri. Counsel was informed prior to the filing of the Complaint that service was waived. The case was transferred to this Court under CTO-83 on December 10, 2008. Plaintiff served his Plaintiff's Fact Sheet and Authorizations on January 14, 2009. Counsel for John Rapa served his Designation of Counsel on January 8, 2009. Motion to Dismiss was received March 27, 2009 and Counsel immediate asked the Court to issue a Summons in the above matter. The Court issued a Summons for the Defendant on March 31, 2009. The Summons was received via mail on April 6, 2009 and has been sent to a process server for expedited service.

III. DISMISSAL OF THESE ACTIONS IS NOT WARRANTED.

**This court should exercise its discretion in favor of conserving judicial resources by denying Defendant's motion and entering an order directing that service be effected within a specified time.**

Under Rule 4(m) of the *Federal Rules of Civil Procedure*, the Court is granted discretionary authority to dismiss an action without prejudice or direct that service be effected within a specified time if the summons and complaint are not serviced upon a defendant within 120 days after the filing of the complaint. If good cause for the failure to serve the summons and complaint is shown by the plaintiff, the court's discretion is replaced with the directive that the court "shall extend the time for service...". *See* Rule 4(m), *Federal Rules of Civil Procedure*.

The rule at issue states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

Rule 4(m), *Federal Rules of Civil Procedure* (emphasis added). According to the Advisory Committee comment to the 1993 amendments to this rule, the emphasized portion of the rule authorizes the court to relieve a plaintiff of the consequences of an application of the rule "even if there is no good cause shown."

In *Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2nd 880 (1996), the Supreme Court analyzed this rule and held that the Suits in Admiralty Act's requirement that service shall be made "forthwith" was superseded by the 120 day provision of Rule 4(m) of the *Federal Rules of Civil Procedure*. In reaching this conclusion, Justice Ginsberg wrote the opinion of the court which contained a discussion of the history of the provisions and purpose of Rule 4(m).

According to the Supreme Court, 1983 changes to Rule 4 shifted responsibility for service of process from United States marshalls to plaintiffs in civil actions. *Id.* at 662, 116 S.Ct. at 1643, 134 L.Ed 2nd 880. Because marshalls were no longer available as routine process servers, the Court approved the Judicial Conference's proposal for a 120-day limitation on service from the filing of the complaint as an appropriate period in which service should be obtained. *Id.* Congress relaxed the rule change, however, by authorizing an extension of the 120-day period if the party responsible for service showed good cause. *Id.* In 1993, however, the rule was further relaxed. *Id.*

> Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown'. See Advisory Committee's Notes on Fed. Rule Civ. Pro. 4, 28 U.S.C. App., p. 654. [footnote omitted] ... .
>
> The Federal Rules thus convey a clear message: complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow....

*Henderson*, 517 U.S. at 662-663, 116 S.Ct. 1643-44, 134 L.Ed. 2nd 880. This court is clearly empowered to exercise its discretion in this case and grant a specific period of time in which the plaintiff may effect service upon the defendant in these cases.

Based on its filings on this issue in related cases, Plaintiff anticipates that Novartis will assert that *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006) and *Turner v. City of Taylor*, 412 F.3d 629 (6th Cir. 2005) requires the Plaintiff to prove good cause for failing to comply with Rule 4(m) or excusable neglect to seek an extension under Rule 6(b)(2). Neither of these cases, however, is dispositive of the issue presented by Novartis's motion. First, consideration of Rule 6(b)(2) and its excusable neglect analysis is unnecessary because Rule 4(m) expressly provides that the court may extend the 120-day period after its expiration upon its own initiative. A motion under Rule 6 is not required. Second, in both cases relied upon by Novartis,

the district court declined to exercise its discretion in favor of extending the 120-day period, and once the court declines to exercise its discretion to extend the period, good cause is the threshold basis to require the court to do so. Because good cause was not shown in either of those cases, and because nothing suggested that the district court had abused its discretion, the district court's dismissal of the actions was affirmed.

The foregoing demonstrates that good cause is not required to extend the 120-day limitation provided by Rule 4(m). In this multidistrict litigation involving hundreds of plaintiffs and waves of discovery, it would be a waste of judicial resources to dismiss these actions, particularly where work has already been done on the case. The rule requires any dismissal to be without prejudice. Thus, dismissing these actions would result only in the filing of new complaints, the entry of new transfer orders, and the return of these cases to this court for consolidated discovery in the MDL, including re-submission of plaintiffs' fact sheets and medical authorizations. No prejudice will be suffered by the Defendant by extending the 120-day period for service in these cases. Accordingly, Defendant's motion should be denied and an order should be entered directing that service be effected within a specified time.

Respectfully submitted,

_____
Todd S. Hageman, #44770
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
Telephone: (314) 241-2929
Facsimile: (314) 241-2029

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that I have on this 13th day of April, 2009, served a true and correct copy of the foregoing Plaintiff's Response to Opposition to Defendant's Motion to Dismiss Pursuant to Rule 4(m) by operation of the Court's Electronic Case Filing System, on counsel of record in case numbers 3:06-MD-1760 and 3:08-CV-01178.

_____
Todd S. Hageman, Esq.