IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|   |   |
|---|---|
| IN RE: AREDIA AND ZOMETA PRODUCTS LIABILITY LITIGATION | ) <br> ) <br> ) NO. 3:06-md-1760 <br> ) JUDGE CAMPBELL |
| This Document Relates to Case No. 3:08-1157 (Anderson) | ) <br> ) |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Exclude Causation Testimony of Plaintiff's Non-Retained Experts in the *Anderson* Case (Docket No. 2237). For the reasons stated herein, Defendant's Motion is GRANTED for purposes of summary judgment.

## FACTS

Defendant has moved to exclude the causation testimony of Plaintiff's non-retained experts, Dr. Laing, Dr. Haugan, Dr. Dudek and Dr. Swift. Plaintiff has represented that Defendant's Motion is moot with regard to Dr. Dudek and Dr. Haugan because Plaintiff does not intend to rely upon their causation testimony. Therefore, Defendant's Motion as to Drs. Dudek and Haugen is moot.

Drs. Laing and Swift have not been retained by Plaintiff or provided expert reports pursuant to Fed. R. Civ. P. 26. Plaintiff did not retain any experts on specific causation or serve any expert reports on this subject.

## TREATING PHYSICIANS

Generally, a treating physician may provide expert testimony regarding a patient's illness, the appropriate diagnosis for that illness, and the cause of the illness. *Gass v. Marriott Hotel Services, Inc.*, 558 F.3d 419, 426 (6th Cir. 2009). However, a treating physician's testimony remains

subject to the requirement set forth in *Daubert*, that an expert's opinion testimony must have a reliable basis in the knowledge and experience of his discipline. *Id*.

Under *Daubert*, the court, before allowing the expert's testimony, must consider (1) whether the reasoning or methodology underlying the expert's testimony is scientifically valid; and (2) whether that reasoning or methodology could be applied properly to the facts at issue to aid the trier of fact. *Gass*, 558 F.3d at 426. A medical doctor is generally competent to testify regarding matters within his or her own professional experience. *Gass*, 558 F.3d at 427-28 (citing *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.,* 388 F.3d 976, 982 (6th Cir. 2004)). When, however, the doctor strays from such professional knowledge, his or her testimony becomes less reliable and more likely to be excluded under Rule 702. *Id*.

In *Gass*, the Sixth Circuit found that the district court properly permitted the treating physicians to testify regarding symptoms, tests, diagnosis and treatment, but it properly excluded their testimony regarding where and when plaintiffs were exposed to pesticides; that is, causation. *Gass*, 558 F.3d at 426-428. The court stated that the ability to diagnose medical conditions is not the same as the ability to opine as an expert about the causes of those medical conditions. *Id*. at 426. In *Gass*, nothing in the medical expertise of the treating physicians provided a basis for determining the exact chemical to which the plaintiffs were exposed. *Id*. at 428. In other words, the treating physicians had not demonstrated a scientifically reliable method to support their conclusions as to causation. *Id*. at 426.

The Eighth Circuit has held that a treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired

2

solely for the purposes of litigation. *Bland v. Verizon Wireless, (VAW) LLC*, 538 F.3d 893, 897 (8th Cir. 2008).[1]

The Eleventh Circuit has stated:

> Although we agree that a treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient, once the treating physician expresses an *opinion* unrelated to treatment which is "based on scientific, technical, or other specialized knowledge," that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*.

*Wilson v. Taser Int'l, Inc.*, 2008 WL 5215991 at \*\* 3 (11th Cir. Dec. 16, 2008).[2]

The U.S. District Court for the Eastern District of Tennessee has held that there is a fundamental distinction between a treating physician's ability to render a medical diagnosis based on clinical experience and her ability to render an opinion on causation of the patient's injuries. *Wynacht v. Beckman Instruments, Inc.*, 113 F.Supp.2d 1205, 1211 (E.D. Tenn. 2000). The injury in *Wynacht* involved exposure to chemicals in a laboratory. The court stated: "The ability to diagnose medical conditions is not remotely the same, however, as the ability to deduce, delineate, and describe, in a scientifically reliable manner, the causes of those medical conditions." *Id*.

---

[1] In refusing to exempt a treating physician from the requirements of Fed. R. Evid. 702, another court stated that "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation." *Campbell v. CSX Transp., Inc.*, 2009 WL 1444656 at \* 3 (C.D. Ill. May 21, 2009).

[2] The U.S. District Court for the Western District of Tennessee found that as an unretained expert, a treating physician may testify to events and opinions arising directly through her treatment of the patient. *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 575 (W.D. Tenn. 2009). "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2)(B)." *Id*. at 575-576.

In *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), the issue was whether a treating physician could testify about causation without filing a Rule 26 expert report.[3] The court held that he could, noting that the treating physician formed his opinion as to causation at the time he treated the plaintiff, and there was no evidence that the physician formed his opinion at the request of Fielden's counsel. The court noted that Rule 26 requires the filing of an expert report from a treating physician only if that physician "was retained or specially employed to provide expert testimony." *Id*. at 869. In addition, the court stated: "This conclusion is supported by the obvious fact that doctors may need to determine the cause of an injury in order to treat it." Determining causation may therefore be an integral part of "treating" a patient. *Id*. at 870.

> It is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination. To assume otherwise is a limiting perspective, which narrows the role of a treating physician. Instead, to properly treat and diagnose a patient, the doctor needs to understand the cause of a patient's injuries.

*Id.; see also Hurst v. CSX Transp., Inc.*, 2009 WL 47010 at * 6 (M.D. Tenn. Jan. 6, 2009).

The determinative issue is the scope of the proposed testimony. *Fielden*, 482 F.3d at 871. Some courts have accordingly concluded that when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26 requires the filing of an expert report from that physician. *Id*. at 870. "Under this purposive reading of Rule 26, a report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records

---

[3] Whether an expert report is required seems to depend largely on whether the expert's opinion will be limited to testimony based on her personal knowledge of the factual situation or whether the testimony will be based on information she utilized to develop specific opinion testimony; i.e., knowledge acquired or developed in anticipation of litigation. *Bekaert Corp.*, 256 F.R.D. at 576.

4

up to and including that treatment." *Id.* at 871. The treating physician for whom no expert report is supplied may not go beyond the information acquired or opinion reached as a result of the treating relationship to opine as to the causation of any injury or to give an opinion regarding the view of any expert called by the defendant. *Lorenzi v. Pfizer, Inc.*, 519 F.Supp.2d 742, n.6 (N.D. Ohio 2007).[4]

To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient - - - as opposed to being subsequently supplied by an attorney involved in the litigation - - - then no Rule 26 (a)(2)(B) statement should be required. *Id.* However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B). *Id.*

## DR. LAING

Dr. Laing not only testified that he had no expertise in diagnosing osteonecrosis of the jaw ("ONJ") (Docket No. 2238-7, pp. 148-49), but he also testified that he had no opinion as the cause of Mr. Anderson's ONJ. *Id.*, pp. 143-44. Furthermore, Plaintiff's counsel represented that Dr. Laing is a "fact witness." *Id.*, p. 158.

If an expert is not qualified to opine in a particular area, and Dr. Laing admits that he is not qualified to provide opinions about ONJ, such testimony is excluded under *Daubert*. *In re Baycol*

---

[4] Written reports are not required of all experts, but only those who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002). A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. *Id.* (citing Fed. R. Civ. P. 267 advisory committee's note (1993)). The treating physician is not categorized as an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the patient. *Id.*

5

*Products Litigation*, 532 F.Supp.2d 1029, 1047 (D. Minn. 2007). Plaintiff has not carried his burden to show that Dr. Laing is qualified to offer causation testimony as to Mr. Anderson's injury. Accordingly, the Court, for purposes of summary judgment, cannot and has not considered Dr. Laing's testimony about specific causation.

## DR. SWIFT

Although Dr. Swift testified that he believes Zometa was more likely a substantial factor in Mr. Anderson's ONJ (Docket No. 2238-21, pp. 80-81), he also testified that he does not consider himself an expert regarding Zometa, bisphosphonates, potential risk factors for ONJ, or Zometa's relationship with ONJ. *Id.*, pp. 101-102.

As stated above, if an expert is not qualified to opine in a particular area, and Dr. Swift admits that he is not qualified to provide opinions about ONJ, such testimony is excluded under *Daubert*. *In re Baycol Products Litigation*, 532 F.Supp.2d 1029, 1047 (D. Minn. 2007). Plaintiff argues that Dr. Swift merely exhibited "a level of humility that is sorely lacking in our world today." Nonetheless, Dr. Swift clearly admitted that he is not an expert on Zometa or ONJ. The Court cannot and has not considered the testimony of Dr. Swift for purposes of summary judgment.

## CONCLUSION

For these reasons, Defendant's Motion to Exclude Causation Testimony of Plaintiff's Non-Retained Experts in the *Anderson* Case (Docket No. 2237) is GRANTED for purposes of summary judgment.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE