IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: AREDIA AND ZOMETA )
 PRODUCTS LIABILITY LITIGATION ) NO. 3:06-md-1760
) JUDGE CAMPBELL
This Document Relates to Case )
 No. 3:08-1157 (Anderson) )

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 2252). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's action is DISMISSED.

## FACTS

Plaintiff Anderson alleges that Defendant's drug Zometa caused him to develop osteonecrosis of the jaw ("ONJ"). Plaintiff has sued Defendant under theories of strict liability and negligence, contending that Novartis provided inadequate warnings of the connection between Zometa and ONJ.

Defendant has moved for summary judgment on all of Plaintiff's claims. Plaintiff has conceded that he does not contest Defendant's Motion to the extent it seeks dismissal of Plaintiff's negligence *per se* or negligent design defect claims. Docket No. 2623, p. 1.

## SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a

1

motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present evidence sufficient to permit a reasonable jury to find in its favor. *Van Gorder*, 509 F.3d at 268. Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's cases, and on which that party will bear the burden of proof at trial. *Id*.

## CAUSATION

The parties do not dispute that Plaintiff must prove, for purposes of both strict liability and negligence that Defendant's conduct (or lack thereof) caused Mr. Anderson's injury. *See, e.g,. Donovan v. Bioject, Inc.*, 2001 WL 243096 at * 2 (Minn. Ct. App. March 13, 2001).

Defendant first contends, for the reasons set forth in its Motion for Summary Judgment Based upon a Failure of General Causation Proof under *Daubert,* that Plaintiff cannot establish general causation in this case. The Court has denied that motion and found that there are genuine issues of material fact as to whether Zometa and Aredia generally can cause ONJ.

Defendant next argues that Plaintiff has no admissible expert evidence of specific causation. Plaintiff has no retained expert concerning specific causation and has filed no expert report on this issue. The Court has granted Defendant's Motion to Exclude the Causation Testimony of Plaintiff's Non-Retained Experts. Therefore, the Court cannot and has not relied upon any causation testimony of Dr. Swift or Dr. Laing.

2

Plaintiff offers no other expert testimony to establish that Defendant's product caused his ONJ. Although there are genuine issues of material fact as to whether Zometa generally causes ONJ, Plaintiff has not carried his burden of establishing specific causation; that is, he has not offered admissible expert proof that Zometa caused his specific injury. Because the Court cannot consider the testimony of Mr. Anderson's treating physicians on this issue, and because Plaintiff has offered no other expert proof on specific causation, the Court must find that Plaintiff has not shown specific causation, which is a necessary element to all his causes of action.

Thus, Defendant is entitled to summary judgment on the pivotal issue of specific causation in this case, and Plaintiff's claims fail.

## FAILURE TO WARN CAUSATION

Alternatively and furthermore, Plaintiff has failed to offer evidence that Novartis' alleged failure to warn was the proximate cause of Mr. Anderson's injury. *See Krein v. Raudabough*, 406 N.W.2d 315, 320 (Minn. Ct. App. 1987) (to establish failure to warn claim, the manufacturer's failure to warn must be the proximate cause of the plaintiff's injury). Plaintiff has not responded to the causation portion of Defendant's failure to warn arguments with any citation to admissible evidence that different warnings would have changed the behavior of Plaintiff or his doctors.

Although there may be questions of fact as to whether Defendant's warnings were adequate, Plaintiff has not offered proof that the alleged inadequacy of those warnings proximately caused Mr. Anderson's injury. Plaintiff has not shown that he or his treating physicians would have behaved differently or that any warning would have prevented the development of his ONJ.

Therefore, alternatively, Defendant is entitled to summary judgment on the issue of the proximate causation element of Plaintiff's failure to warn claims.

3

CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 2252). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE