IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: AREDIA AND ZOMETA )
  PRODUCTS LIABILITY LITIGATION ) NO. 3:06-MD-1760
) JUDGE CAMPBELL
This Document Relates to Case )
  No. 3:08-1156 (Melau) )

## MEMORANDUM

Pending before the Court is Defendant's *Daubert* Motion to Exclude Causation Testimony of Plaintiff's Non-Retained Experts in the *Melau* Case (Docket No. 2231). For the reasons stated herein, Defendant's Motion is GRANTED for purposes of summary judgment.

Defendant asserts that Plaintiff cannot offer the testimony of her deceased husband's treating physicians, Dr. Richard Siegel, Dr. James McShane and Dr. Steven Svalina, as experts to opine that Mr. Melau's ONJ was caused by Zometa. Defendant claims that these treating physicians' testimony does not meet the standards set forth in *Daubert v. Merrill Dow Pharmaceuticals*, 113 S.Ct. 2786 (1993) to offer expert testimony about medical causation. Drs. Siegel, McShane and Svalina have not been retained by Plaintiff or provided expert reports pursuant to Fed. R. Civ. P. 26.

### TESTIMONY OF TREATING PHYSICIANS

Generally, a treating physician may provide expert testimony regarding a patient's illness, the appropriate diagnosis for that illness, and the cause of the illness. *Gass v. Marriott Hotel Services, Inc.*, 558 F.3d 419, 426 (6th Cir. 2009). However, a treating physician's testimony remains subject to the requirement set forth in *Daubert* that an expert's opinion testimony must have a reliable basis in the knowledge and experience of his discipline. *Id*.

Under *Daubert*, the court, before allowing the expert's testimony, must consider (1) whether the reasoning or methodology underlying the expert's testimony is scientifically valid; and (2) whether that reasoning or methodology could be applied properly to the facts at issue to aid the trier of fact. *Gass*, 558 F.3d at 426. A medical doctor is generally competent to testify regarding matters within his or her own professional experience. *Gass*, 558 F.3d at 427-28 (citing *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.,* 388 F.3d 976, 982 (6th Cir. 2004)). When, however, the doctor strays from such professional knowledge, his or her testimony becomes less reliable and more likely to be excluded under Rule 702. *Id*.

In *Gass*, the Sixth Circuit found that the district court properly permitted the treating physicians to testify regarding symptoms, tests, diagnosis and treatment, but it properly excluded their testimony regarding where and when plaintiffs were exposed to pesticides; that is, causation. *Gass*, 558 F.3d at 426-428. The court stated that the ability to diagnose medical conditions is not the same as the ability to opine as an expert about the causes of those medical conditions. *Id*. at 426. In *Gass*, nothing in the medical expertise of the treating physicians provided a basis for determining the exact chemical to which the plaintiffs were exposed. *Id*. at 428. In other words, the treating physicians had not demonstrated a scientifically reliable method to support their conclusions as to causation. *Id*. at 426. The Eighth Circuit has held that a treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for the purposes of litigation. *Bland v. Verizon Wireless, (VAW) LLC*, 538 F.3d 893, 897 (8th Cir. 2008).[1]

---

[1] In refusing to exempt a treating physician from the requirements of Fed. R. Evid. 702, another court stated that "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation." *Campbell v. CSX Transp., Inc.*,

2

> Although we agree that a treating physician may testify as a lay witness regarding his observations and decisions during treatment of a patient, once the treating physician expresses an *opinion* unrelated to treatment which is "based on scientific, technical, or other specialized knowledge," that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*.

*Wilson v. Taser Int'l, Inc.*, 2008 WL 5215991 at ** 3 (11th Cir. Dec. 16, 2008).[2]

Another court has held that there is a fundamental distinction between a treating physician's ability to render a medical diagnosis based on clinical experience and her ability to render an opinion on causation of the patient's injuries. *Wynacht v. Beckman Instruments, Inc.*, 113 F.Supp.2d 1205, 1211 (E.D. Tenn. 2000). The court stated: "The ability to diagnose medical conditions is not remotely the same, however, as the ability to deduce, delineate, and describe, in a scientifically reliable manner, the causes of those medical conditions." *Id.*

In *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007), the issue was whether a treating physician could testify about causation without filing a Rule 26 expert report.[3] The court held that he could, noting that the treating physician formed his opinion as to causation at the time he treated the plaintiff, and there was no evidence that the physician formed his opinion at the request of Fielden's counsel. The court noted that Rule 26 requires the filing of an expert report

---

2009 WL 1444656 at * 3 (C.D. Ill. May 21, 2009).

[2] The U.S. District Court for the Western District of Tennessee found that as an unretained expert, a treating physician may testify to events and opinions arising directly through her treatment of the patient. *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 575 (W.D. Tenn. 2009).

[3] Whether an expert report is required seems to depend largely on whether the expert's opinion will be limited to testimony based on her personal knowledge of the factual situation or whether the testimony will be based on information she utilized to develop specific opinion testimony; i.e., knowledge acquired or developed in anticipation of litigation. *Bekaert* at 576.

3

from a treating physician only if that physician "was retained or specially employed to provide expert testimony." *Id*. at 869. In addition, the court stated: "This conclusion is supported by the obvious fact that doctors may need to determine the cause of an injury in order to treat it." Determining causation may therefore be an integral part of "treating" a patient. *Id*. at 870.

> It is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination. To assume otherwise is a limiting perspective, which narrows the role of a treating physician. Instead, to properly treat and diagnose a patient, the doctor needs to understand the cause of a patient's injuries.

*Id.; see also Hurst v. CSX Transp., Inc.*, 2009 WL 47010 at * 6 (M.D. Tenn. Jan. 6, 2009).

The determinative issue is the scope of the proposed testimony. *Fielden*, 482 F.3d at 871. Courts have accordingly concluded that when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26 requires the filing of an expert report from that physician. *Id*. at 870. "Under this purposive reading of Rule 26, a report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment." *Id*. at 871. A treating physician for whom no expert report is supplied is not permitted to go beyond the information acquired or the opinion reached as a result of the treating relationship to opine as to the causation of an injury or give an opinion regarding the view of an expert called by the defendant. *Lorenzi v. Pfizer*, *Inc.,* 519 F.Supp.2d 742, n.6 (N.D. Ohio 2007).[4]

---

[4] Written reports are not required of all experts, but only those who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002). A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. *Id*. (citing Fed. R. Civ. P. 267 advisory committee's note

To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient - - - as opposed to being subsequently supplied by an attorney involved in the litigation - - - then no Rule 26 (a)(2)(B) statement should be required. *Id.* However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B). *Id.*

### DR. MCSHANE

Plaintiff has represented that she does not intend to offer testimony of Dr. McShane on the issue of causation in this case. Therefore, Defendant's Motion to Exclude the testimony of Dr. McShane is moot. The trial judge will rule as to any other testimony by Dr. McShane before the jury.

### DR. SIEGEL

Dr. Siegel has testified that he did not have an opinion to a reasonable degree of medical certainty as to whether or not Mr. Melau had osteonecrosis of the jaw at the time he was treating Mr. Melau. Siegel Deposition (Docket No. 2232-15), p. 157. In addition, Dr. Siegel has testified that, going forward in time, instead of holding his own opinion to a reasonable degree of medical certainty that Mr. Melau had osteonecrosis of the jaw, he accepted the opinion of the expert. *Id.* Dr. Siegel also testified that, if he were called to testify at trial in this case, he would defer an opinion as to whether Mr. Melau had osteonecrosis of the jaw to the dental professionals who treated him.

---

(1993)). The treating physician is not categorized as an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the patient. *Id.*

*Id.* at 158. Finally, Dr. Siegel testified that he does not consider himself to be an expert on osteonecrosis of the jaw. *Id.* at 181.

If an expert is not qualified to opine in a particular area, and Dr. Siegel admits that he is not qualified to provide opinions about ONJ, such testimony is excluded under *Daubert*. *In re Baycol Products Litigation*, 532 F.Supp.2d 1029, 1047 (D. Minn. 2007). Plaintiff has not carried her burden to show that Dr. Siegel is qualified to offer causation testimony as to Mr. Melau's injury. Accordingly, the Court, for purposes of summary judgment, cannot and has not considered Dr. Siegel's testimony about specific causation.

## DR. SVALINA

Dr. Svalina testified that he could not state to a reasonable degree of medical certainty which of the drugs in Mr. Melau's regimen caused his osteonecrosis and that he could not testify to a reasonable degree of medical certainty that Zometa itself and Zometa alone caused Mr. Melau's ONJ. Svalina Deposition (Docket No. 2232-14), p. 138. He stated that he could not agree or disagree with the statement that there is a causal relationship between bisphosphonate therapy and ONJ. *Id.* at 140-41. He testified that he does not consider himself an expert on the causes of ONJ or the drug causes of ONJ. *Id.* at 143-44. Finally, Dr. Svalina testified that he does not consider himself an expert on Aredia, Zometa or bisophosphonates or on the purported association between Aredia, Zometa, other bisophosphonates and ONJ. *Id.* 169.

As with Dr. Siegel, Plaintiff has not carried her burden of showing that Dr. Svalina is qualified to offer expert causation testimony. Therefore, for purposes of summary judgment, the Court cannot and has not considered Dr. Svalina's testimony about specific causation.

6

## CONCLUSION

For these reasons, Defendant's *Daubert* Motion to Exclude Causation Testimony of Plaintiff's Non-Retained Experts in the *Melau* Case (Docket No. 2231) is GRANTED for purposes of summary judgment. Plaintiff has not offered any other expert witness on specific causation.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE