IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: AREDIA AND ZOMETA )
  PRODUCTS LIABILITY LITIGATION ) NO. 3:06-MD-1760
) JUDGE CAMPBELL
This Document Relates to Case )
  No. 3:08-1156 (Melau ) )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 2362). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff Melau's claims are DISMISSED.

FACTS

Plaintiff Melau brings this action on behalf of her deceased husband who allegedly developed osteonecrosis of the jaw ("ONJ") as a result of being treated with Defendant's product, Zometa. Plaintiff alleges causes of action for strict liability and negligence, both based on Defendant's alleged failure to warn.

SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). In order to defeat a summary judgment motion, the nonmoving party must provide more than a scintilla of evidence; that is, the nonmoving party must present

evidence sufficient to permit a reasonable jury to find in its favor. *Van Gorder*, 509 F.3d at 268. Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's cases, and on which that party will bear the burden of proof at trial. *Id*.

## CAUSATION

Plaintiff's claims all revolve around her allegation of Defendant's failure to warn. In a products liability case under Illinois law, liability cannot be predicated upon surmise or conjecture as to the cause of a plaintiff's injuries. *Broussard v. Houdaille Indus., Inc.*, 539 N.E.2d 360, 363 (Ill. App. Ct. 1989). Instead, proximate cause can only be established where there is a reasonable certainty that the defendant's acts caused the injuries. *Id*. A plaintiff must establish, among other things, that the defective condition of the product was the proximate cause of the injury. *Id*. The concept of proximate cause is the same in both cases of negligence and cases of strict liability in tort. *Schultz v. Hennessy Indus., Inc.*, 584 N.E.2d 235, 241 (Ill. App. Ct. 1991).

Although there are genuine issues of material fact as to whether Zometa generally causes ONJ, Plaintiff Melau has not carried her burden of establishing specific causation; that is, she has not offered admissible expert proof that Zometa caused Mr. Melau's specific injury. Because the Court cannot consider the testimony of Mr. Melau's treating physicians on this issue, and because Plaintiff has offered no other expert proof on specific causation, the Court must find that Plaintiff has not shown specific causation, which is a necessary element to all her causes of action.

Thus, Defendant is entitled to summary judgment on the pivotal issue of specific causation in this case, and Plaintiff's claims fail.

2

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 2362) is GRANTED, and Plaintiff's action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

Case 3:06-md-01760 Document 2809 Filed 08/13/09 Page 3 of 3 PageID #: 88772