IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| AREDIA and ZOMETA PRODUCTS ) | |
| LIABILITY LITIGATION ) | NO. 3:06-MD-1760 |
| ) | JUDGE CAMPBELL |
| This Document Relates To Case Numbers: ) | |
| 3:09-0366 (Dempsey) ) | |
| 3:09-0461 (Coomber) ) | |
| 3:09-0463 (Meehan) ) | |
| 3:09-0466 (Dudley) ) | |
| 3:09-1083 (Catley) ) | |

MEMORANDUM

Pending before the Court are Defendant's Motions for Summary Judgment or, in the Alternative, To Dismiss on Grounds of *Forum Non Conveniens* in each of the above-captioned cases (Docket Nos. 3113, 3116, 3119, 3122 and 3125) and Plaintiffs' Cross Motion for Discovery Pursuant to Rule 56 and to Compel Pursuant to Rule 37 (Docket No. 3210).

For the reasons stated herein, Defendant's Motions for Summary Judgment are GRANTED, and the claims of the above-captioned Plaintiffs are DISMISSED. Plaintiffs' Cross Motion for Discovery and to Compel is DENIED.

Remarkably, the pending Motions are essentially identical to Motions filed previously in this action - Motions for Summary Judgment which were granted by this Court, and a Cross-Motion for Rule 56 Discovery, which was denied by this Court. *See* Docket No. 1915. The Sixth Circuit Court of Appeals affirmed this Court's prior Order. *See* Docket No. 2978.

1

Just as before, Plaintiffs in the above-captioned cases do not dispute that they are citizens and residents of foreign countries and that they received their treatments, allegedly of Aredia and/or Zometa, and their alleged injuries in their respective countries, not in the United States.

Just as before, Defendant has presented evidence that it does not sell, manufacture, market, distribute or advertise Aredia or Zometa in the respective countries of these Plaintiffs. *See* Declaration of Rebecca Jolley (Docket No. 3115). Just as before, Plaintiffs have filed nothing to rebut Defendant's evidence but, rather, ask for additional discovery in order to more fully respond to Defendant's Motions.

The Court finds Plaintiffs' position on these Motions to be astounding, given the prior Orders of this Court and the Sixth Circuit Court of Appeals. As noted before, a fundamental principle of traditional products liability law is that the plaintiff must prove that the defendant supplied the product which caused the injury. *See* Sixth Circuit opinion (Docket No. 2978), p. 3. The undisputed record here is that Defendant did not manufacture or supply the subject drugs to these Plaintiffs.

Just as before, Plaintiffs should have sought this discovery long before now. Plaintiffs again have never explained why they did not identify the correct entity before filing suit, as Rule 11 would seem to require. *See* Docket No. 2978, p. 4. Once again, Plaintiffs knew from the outset that Defendant thought they had sued the wrong entity, since Defendant asserted that error as an affirmative defense in its Answers. *Id*. Certainly from the time of the Court's prior Order, in December of 2008, Plaintiffs knew that it had a duty to sue the correct entity.

For the same reasons set forth in the Court's previous Memorandum (Docket No. 1914) and affirmed by the Sixth Circuit Court of Appeals (Docket No. 2978), Defendant's Motions for

Summary Judgment in these cases are GRANTED and the claims of the Plaintiffs in these cases are DISMISSED.

IT IS SO ORDERED.

/s/ Todd Campbell
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE