```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA and ZOMETA PRODUCTS | ) | No. 3:06-MDL-01760 |
| LIABILITY LITIGATION | ) | Judge Campbell/Brown |
| (MDL No. 1760) | ) | |
| | ) | |
| This Document Relates to | ) | |
| 3:09-CV-469 (Perez) | ) | |

**TO: The Honorable Chief Judge Todd J. Campbell**

### REPORT AND RECOMMENDATION

Currently pending before the Court is the Magistrate Judge's order to show cause why the claim of the Plaintiff should not be dismissed (Docket Entry 3219) For reasons stated below, the Magistrate Judge recommends that the claims of Elaine Perez be dismissed without prejudice for failing to complete the Plaintiff's Fact Sheet (PFS) and with Court orders.

### I.  Background

The Case Management Order (CMO) requires all Plaintiffs to complete a PFS in all material respects within 45 days of service of the blank PFS (Docket Entry 89, p. 32). The CMO further provides that should any Plaintiff fail to serve a completed PFS within this time, Defendant shall send a warning letter to that Plaintiff's counsel giving that Plaintiff an additional 15 days to cure the deficiencies (Docket Entry 89, p. 33). The CMO specifically states that this warning letter shall include a warning that the case is subject to dismissal if a PFS completed in all material respects is not received by Defendant within the cure period (Docket Entry 89, p. 33). If the cure period expires and

Plaintiff fails to complete the PFS, the CMO then states that Defendant is entitled to seek an Order to Show Cause why the case should not be dismissed, giving Plaintiff's counsel 14 days to respond (Docket Entry 89, pp. 33-34).

In the instant case it appears that Plaintiff's PFS was originally due on July 12, 2009. The requisite warning letter was sent on October 28, 2009 (Docket Entry 3145). On March 11, 2010, a motion for an order to show cause as to why the case should not be dismissed was filed by Defendant (Docket Entry 3144). This motion was granted on April 5, 2010, and the Plaintiff was directed to show cause why the case should not be dismissed (Docket Entry 3219). As of the date of this Report and Recommendation, Plaintiff has not responded to the original motion or to the Court's Order to Show Cause.

## II. Legal Discussion

As stated previously by the Magistrate Judge, the Court must have the ability to control its docket and to have its orders obeyed. In this case, Plaintiff has failed to serve a completed PFS, even after both the Defendant and the Magistrate Judge have warned the Plaintiff to do so. In fact, Plaintiff has had nine months from the date the PFS was originally due to serve a complete PFS. Further, the Defendant, in accordance with the CMO, issued a warning letter on October 28, 2009. Additionally, on April 5, 2010, the Magistrate Judge issued a show cause order (Docket Entry 3219). Now, approximately five weeks after this show cause order was filed, Plaintiff has not only failed to serve a completed PFS, but has also failed to respond to the original motion or the

2

Court's order.  Even though Plaintiff has failed to respond and the Magistrate Judge could thus find that there is no opposition to the instant motion, the Magistrate Judge has considered the motion on its merits.  Local Rule 7.01(b).

The Sixth Circuit has discussed the grounds for dismissal under Rule 41(b), *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 998 (6th Cir. 1999).  The court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

Applying these facts to the instant case, the Plaintiff clearly knew of the obligation to complete the PFS given the clear language of the CMO, the warning letter sent by the Defendant specifically outlining the deficiencies, the instant motion, as well as the Magistrate Judge's show cause order.  Further, the delay in responding to the PFS will prejudice the Defendant as it will be extremely difficult, if not impossible, for the Defendant to complete discovery without the requested information and release forms within the time period set by the Court.  Additionally, both the CMO, the warning letter sent by the Defendant, and the instant motion specifically warn the Plaintiff that the sanction of dismissal could be imposed if Plaintiff failed to serve a complete PFS in all material respects.  Lastly, Plaintiff has been given more than ample opportunity to cure any deficiencies prior to the

Magistrate Judge recommending dismissal. As stated previously, Plaintiff has had over nine months since the PFS was originally due.

The Magistrate Judge has repeatedly expressed his understanding that the majority of the Plaintiffs are currently dealing with a variety of severe medical ailments, making it very difficult to actively participate in the litigation process. However, Plaintiff Perez is not released from the responsibility to provide responses to the PFS and, in the instant case, has been given more than sufficient time to respond. Further, the Plaintiff's failure to respond to the instant motion leaves the Magistrate Judge with no other alternative but to recommend dismissal. At this point, while the Magistrate Judge could recommend that the dismissal be with prejudice, it would seem appropriate to consider a less drastic sanction and recommend that the dismissal be without prejudice.[1]

### III. Recommendation

For the reasons stated above, the Magistrate Judge recommends that the above claims be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to respond to the PFS. Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in which to file any

---

[1] Even though the recommendation is without prejudice it is possible that the applicable statute of limitations may bar a refiling.

4

responses to said objections. Failure to file specific objections within **14 days** of the receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (*en banc*)).

It is so **ORDERED**.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge

5