UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA and ZOMETA PRODUCTS | ) | No. 3:06-md-01760 |
| LIABILITY LITIGATION | ) | Judge Campbell/Brown |
| (MDL No. 1760) | ) | |
| | ) | |
| This Document Relates to | ) | |
| Case No. 3:10-cv-00088 (Mella) | ) | |

To: The Honorable Chief Judge Todd J. Campbell

**REPORT AND RECOMMENDATION**

Currently pending before the Magistrate Judge is Defendant NPC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m). (Docket Entry 3676). After seeking and obtaining an extension, Plaintiffs filed a Response on October 15, 2010. (Docket Entry 3804). Plaintiffs served an alias summons on NPC on October 20, 2010. (Docket Entry 13). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant NPC's Motion be **GRANTED** and this action be **DISMISSED without prejudice**.

Plaintiffs' action was originally filed on December 10, 2009 and was transferred to this district on January 29, 2010. Plaintiffs apparently made no attempt to serve NPC until, prompted by the instant Motion, Plaintiffs sought an alias summons on September 29, 2010. In the Response, Plaintiffs offer no excuse for this delay and instead argue that NPC has suffered no prejudice and the law requires no "good cause" showing for extending the 120-day period of service. Moreover, Plaintiffs inexplicably argue that NPC is somehow at fault for not serving the 15-day warning letter required by the Case Management Order prior to moving to dismiss for

1

failure to serve the Plaintiff's Fact Sheet. This is not the first time Plaintiffs' attorney has attempted to blame NPC for failing to timely serve them. (Docket Entry 2860). In fact, that Response is practically identical to the one filed in this action. The undersigned issued a Report and Recommendation recommending denial of the motion to dismiss but cautioning Plaintiff as follows:

> The Plaintiff insinuates that the failure to timely serve the complaint was, at least in part, somehow the Defendant's fault. To be clear, the Defendant is not required to inform the Plaintiffs, or send any sort of warning letter to the Plaintiffs, that it has not been properly served. This is very obviously the responsibility of Plaintiffs' counsel and Plaintiffs' counsel alone. Plaintiffs' counsel should enact some sort of procedure to ensure that service in each and every case is timely before this becomes a serious issue in this MDL. The Defendant is not difficult to serve and has been served literally hundreds of times in this MDL. If this continues to be a problem, the Magistrate Judge will take a firmer stance on this issue in the future, including recommending that cases be dismissed.

(Docket Entry 2912). Plaintiffs' attorney has clearly not followed this warning and has continued to employ spurious arguments to deflect blame for failing to serve NPC in a timely manner. Therefore, the Magistrate Judge recommends NPC's Motion be **GRANTED** and this action be **DISMISSED without prejudice**.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can

---

[1] While Plaintiffs argue that dismissal will result only in wasted time and judicial resources, timely service of a complaint is not to be taken lightly. Dismissal, even without prejudice, may result in statute of limitations problems.

constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc).

                                                              _____
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE