UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA and ZOMETA PRODUCTS | ) | No. 3:06-md-01760 |
| LIABILITY LITIGATION | ) | Judge Campbell/Brown |
| (MDL No. 1760) | ) | |
| | ) | |
| This Document Relates to | ) | |
| Case No. 3:10-cv-00849 (Watson) | ) | |

To: The Honorable Chief Judge Todd J. Campbell

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge is Plaintiff's Motion for Remand. (Docket Entry 3690). Defendant NPC has filed a Response. (Docket Entry 3722). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Plaintiff's Motion be **GRANTED in part** and that this Court recommend the MDL Panel transfer this case to the United States District Court, Northern District of California. The Magistrate Judge further recommends Plaintiff's request for costs and attorneys' fees incurred as a result of the removal be **DENIED**.

The procedural history of this case unnecessarily complicates a somewhat simple jurisdictional question. This action was filed in Superior Court in San Francisco, California on April 29, 2010, alleging claims against NPC, Robert G. Gish, M.D., and California Pacific Medical Center. (Docket Entry 1 in 3:10-cv-00849). Gish and California Pacific Medical Center (the "Medical Defendants") are citizens of California. NPC then removed the case to the Northern District of California on August 25, 2010, claiming jurisdiction based on diversity

1

because the Medical Defendants were fraudulently joined. *Id.* On September 9, 2010, the MDL panel issued a Conditional Transfer Order as to Plaintiff's claims against NPC, severing the claims against the Medical Defendants. (Docket Entry 6 in 3:10-cv-00849). Plaintiff's claims against the Medical Defendants are still pending in the Northern District of California, and no motion to remand has been filed with that court. (Case No. 4:10-cv-03770 in N.D. Cal.).

The Magistrate Judge believes Plaintiff has raised serious questions regarding the jurisdiction of the federal courts over these claims. It is apparently undisputed that Plaintiff and both of the Medical Defendants are residents of California, and the Magistrate Judge believes NPC has not shown that Plaintiff can have no recovery under California law on the malpractice claims she alleged against the Medical Defendants. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) ("There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law."); *Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (Cal. App. 1999) (A plaintiff claiming medical malpractice must establish the practitioner's duty to provide a certain standard of care, a breach of that duty, a proximate causal relationship between the negligent conduct and injury, and actual loss or damage as a result of the negligence).[1] Plaintiff's allegations against the Medical Defendants are that they prescribed and/or injected her with Zometa for her osteoporosis, an "off-label" use of the drug. (Docket Entry 1 in 3:10-cv-00849). Plaintiff claims this conduct falls below the standard of care for hospitals, medical centers, medical doctors, health care practitioners, nurses, and hospital aides and/or staff. *Id.*

---

[1] This description of medical malpractice was made in the context of a motion for summary judgment, a more demanding standard than that used in examining claims against alleged fraudulently joined parties.

The Magistrate Judge believes Plaintiff has alleged sufficient facts for a medical malpractice claim under the lenient fraudulent joinder standard. *See Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) ("[I]t is the removing party's burden to demonstrate fraudulent joinder, and any doubts are resolved *against* removal."). Therefore, the Magistrate Judge believes removal was likely improper, as the parties are not diverse. *See* 28 U.S.C. § 1332.

Nevertheless, the Magistrate Judge is reluctant to recommend remanding this case to California state court. It is impossible to unscramble this egg. Remanding this case directly to state court would mean that the case against the Medical Defendants would still be pending in federal court, likely without subject matter jurisdiction. The Magistrate Judge believes it is more prudent to transfer this case back to the Northern District of California to be consolidated with the case against the Medical Defendants for further proceedings. There are, of course, a number of outcomes possible, including the case against NPC being transferred again to the MDL court. Given the serious questions raised regarding the subject matter jurisdiction of the federal courts over this case, however, the Magistrate Judge believes this Court should recommend the MDL Panel transfer this case to the United States District Court, Northern District of California.

Plaintiff has also requested attorneys' fees and costs incurred as a result of NPC's removal of this case to federal court. The Magistrate Judge believes NPC had an objectively reasonable basis for seeking removal, given Plaintiff's "bare-bones" allegations against the Medical Defendants. Therefore, the Magistrate Judge believes Plaintiff is not entitled to attorneys' fees and costs. 28 U.S.C. § 1447(c).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc)).

                                                     _____
                                                     JOE B. BROWN
                                                     UNITED STATES MAGISTRATE JUDGE