UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: AREDIA®  AND ZOMETA®       )
PRODUCTS LIABILITY LITIGATION     )
(MDL No. 1760)                    )
                                  ) NO.  3:06-MD-1760
                                  ) Judge Campbell/Brown
This Document Relates To:         ) **Jury Demand**
3-10-cv-00311 (Hayes)             )

**TO: The Honorable Chief Judge Todd J. Campbell**

<u>**REPORT AND RECOMMENDATION**</u>

Currently pending before the Court is the Magistrate Judge's order to show cause why the claim of the plaintiff should not be dismissed (Docket Entry No. 3935). For reasons stated below, the Magistrate Judge **recommends** that this motion be **granted** and that the claims of William Hayes be **dismissed** without prejudice for failing to complete the Plaintiff's Fact Sheet (PFS) and comply with court orders.

## I.  Background

The case management order requires all plaintiffs to complete a PFS in all material respects within 45 days of service of the blank PFS (Docket Entry No. 89, p. 32). The CMO further provides that should any plaintiff fail to serve a completed PFS within this time, defendant shall send a warning letter to that plaintiff's counsel giving that plaintiff an additional 15 days to cure the deficiencies (Docket Entry No. 89, p. 33). The CMO specifically states that this warning letter shall include a warning that the case is subject to dismissal if a PFS completed in

all material respects is not received by defendant within the cure period (Docket Entry No. 89, p. 33).  If the cure period expires and plaintiff fails to complete the PFS, the CMO then states that defendant is entitled to seek an order to show cause why the case should not be dismissed, giving plaintiff's counsel 14 days to respond (Docket Entry No. 89, pp. 33-4).

In the instant case it appears that plaintiff's PFS was originally due May 17, 2010.  The requisite warning letter was sent May 21, 2010.  On August 17, 2010, a motion for an order to show cause as to why the case should not be dismissed was filed by defendant (Docket Entry No. 3539).  This motion was granted on September 9, 2010, and the plaintiff was directed to show cause within 14 days why the case should not be dismissed (Docket Entry No. 3642). Plaintiff responded with a request for an additional 14 days to complete a PFS on September 30, 2010 (Docket Entry No. 3703).  Plaintiff was granted until October 18, 2010, to file a PFS (Docket Entry No. 3716).  As of the date of this report and recommendation , plaintiff has not filed a PFS or responded to the actual motion to dismiss (Docket Entry No. 3955).

## II.  Legal Discussion

As stated previously by the Magistrate Judge, the Court must have the ability to control its docket and to have its orders obeyed.  In this case, plaintiff has failed to serve a completed PFS, even after both the defendant and the Magistrate Judge have

warned the plaintiff to do so.  In fact, plaintiff has had over 6 months from the date the PFS was originally due to serve a complete PFS.  Further, the defendant, in accordance with the CMO, issued a warning letter.  Additionally, the Magistrate Judge issued a show cause order (Docket Entry No. 3716) with an October 18, 2010, deadline for filing a PFS. Now approximately 6 weeks after that court ordered deadline, plaintiff has not only failed to serve a completed PFS, but has also failed to respond to the actual motion to dismiss (Docket Entry No. 3955).  Even though plaintiff has failed to respond and the Magistrate Judge could thus find that there is no opposition to the instant motion, the Magistrate Judge has considered the motion on its merits.  Local Rule 7.01(b).

The Sixth Circuit has discussed the grounds for dismissal under Rule 41(b), <u>Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.</u>, 173 F.3d 998 (6th Cir. 1999).  The court must consider (1) whether the party's failure to cooperate is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

Applying these facts to the instant case, the plaintiff clearly knew of the obligation to complete the PFS given the clear language of the CMO, the warning letter sent by the defendant

specifically outlining the deficiencies, the motion to show cause, as well as the Magistrate Judge's show cause order. Further, the delay in responding to the PFS will prejudice the defendant as it will be extremely difficult, if not impossible, for the defendant to complete discovery without the requested information and release forms within the time periods set by the Court. Additionally, the CMO, the warning letter sent by the defendant, and the instant motion specifically warn the plaintiff that the sanction of dismissal could be imposed if plaintiff failed to serve a complete PFS in all material respects. Lastly, plaintiff has been given more than ample opportunity to cure any deficiencies prior to the Magistrate Judge recommending dismissal. The PFS is now over 6 months overdue.

The Magistrate Judge has repeatedly expressed his understanding that the majority of the plaintiffs are currently dealing with a variety of severe medical ailments, making it very difficult to actively participate in the litigation process. However, plaintiff Hays is not released from all responsibility to provide responses to the PFS and, in the instant case, has been given more than sufficient time to respond. Further, the plaintiff's failure to respond to the instant motion and the courts last order leaves the Magistrate Judge with no alternative but to recommend dismissal. At this point, while the Magistrate Judge could recommend that the dismissal be with prejudice, it would seem

appropriate to consider a less drastic sanction and recommend that the dismissal be without prejudice.[1]

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the above claims be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) for failure to respond to the PFS and to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986). Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004 (en banc)).

**ENTERED** this 6th day of December, 2010.

s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1]Even though the recommendation is without prejudice it is possible that the applicable statute of limitations may bar a refiling.