IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION ) NO. 3-06-MD-1760
) JUDGE CAMPBELL
This Document Relates To Case Number: )
3:08-0932 (Foster) )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 3485). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff Robert Foster brings this action as the personal representative of Betty Foster, deceased, alleging that Defendant's drugs, Aredia and Zometa, caused Mrs. Foster to develop osteonecrosis of the jaw ("ONJ"). Plaintiff alleges state law causes of action for strict liability and negligence. Defendant has moved for summary judgment on all claims.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## STATUTE OF LIMITATIONS

The parties do not dispute that Plaintiff's claims are state law claims to which Tennessee law applies in this diversity action. Defendant argues that Plaintiff's claims are barred by the applicable Tennessee statute, Tenn. Code Ann. § 28-3-104, which provides that actions for injuries to the person (including products liability actions) shall be commenced within one year after the cause of action accrues.[1] Tennessee courts apply the "discovery rule" which provides that a cause of action accrues when the plaintiff knows or in the exercise or reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001) (*cited in Jackson v. CVS Corp.*, 2010 WL 3385184 (Tenn. Ct. App. Aug. 26, 2010)).

Plaintiff has admitted that he and Mrs. Foster were told that bisphosphonates caused Mrs. Foster's necrosis of the jaw on their first or second visit to Dr. Carlson. Docket No. 3581, ¶ 35. Plaintiff also admits that Mrs. Foster's first visit to Dr. Carlson was on July 27, 2004, and her second

---

[1] The statute provides that, in product liability cases, the cause of action accrues on the date of the personal injury, not the date of the negligence or sale of the product. Tenn. Code Ann. § 28-3-104(b)(1).

visit to Dr. Carlson was on August 2, 2004. *Id.*, ¶ 36. Plaintiff first filed suit on September 15, 2005, more than one year later, as a member of *Anderson v. Novartis*, one of three putative class action complaints filed in this Court asserting claims against Novartis arising from the use of Aredia and Zometa.

Plaintiff argues that his claims are not barred, however, because a class action complaint against Novartis, filed by a different plaintiff in the Eastern District of Tennessee in December 2004,[2] tolled the statute of limitations for filing this action. Docket No. 3607, pp. 4-7. That case (*Thorn)* was dismissed without prejudice on October 24, 2005. Docket No. 101, Case No. 3-04-0586 (E.D. Tenn.). No class was certified in *Thorn* prior to its dismissal. *Id.* A federal diversity court applies state law in determining whether a statute of limitations has been tolled. *In re Fosamax Products Liability Litigation*, 694 F.Supp.2d 253, 257 (S.D. N.Y. 2010).

Plaintiff argues that the commencement of the *Thorn* case suspended the applicable statute of limitations as to Betty Foster, who would have been a member of that class, had it been certified. Plaintiff characterizes this theory as "judicial tolling of the statute of limitations" and states that the Tennessee Supreme Court has never squarely addressed the issue. Docket No. 3607. Yet, the case cited by Plaintiff expressly notes that the Tennessee Supreme Court specifically declined to adopt a class action tolling rule such as argued here. *See Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 32 (Tenn. 2007).

In *Maestas v. Sofamor Danek Group, Inc.*, 33 S.W.3d 805, 807 (Tenn. 2000), the Tennessee Supreme Court explained that, in federal courts, commencement of a class action suspends the applicable federal statute of limitations as to all asserted members of the class who would have been

---

[2] *Thorn v. Novartis Pharmaceuticals Corp.*, Case No. 3-04-cv-0586.

parties had the suit been permitted to continue as a class action.[3] This tolling doctrine, however, applies only within the same jurisdiction; that is, federal statutes of limitations will be tolled pending the outcome of class certifications sought in federal court. *Id.* By contrast, the court found no benefit from cross-jurisdictional tolling, which would toll one jurisdiction's statute of limitations pending a judicial outcome in a foreign jurisdiction. *Id.*[4]

The Tennessee Supreme Court declined to adopt such cross-jurisdictional tolling in Tennessee. *Maestas*, 33 S.W.3d at 808. "Tennessee simply has no interest, except perhaps out of comity, in furthering the efficiency and economy of the class action procedures of another jurisdiction, whether those of the federal courts or those of another state." *Id.* The practical effect of adopting cross-jurisdiction tolling, said the court, "would essentially grant to federal courts the power to decide when Tennessee's statute of limitations begins to run. Such an outcome is contrary to our legislature's power to adopt statutes of limitations and the exceptions to those statutes." *Id.* at 809; *see also In re Fosamax*, 694 F.Supp.2d at 258 (noting that Tennessee declines to recognize cross-jurisdictional class action tolling).[5]

---

[3] "Tolling the statute of limitations for individual actions filed after the dismissal of a class action is sound policy when both actions are brought in the same court system." *Maestas*, 33 S.W.3d at 808.

[4] In *Maestas*, as here, the requested tolling would have involved tolling the state statute of limitations during the period in which class certification was sought in a federal court. 33 S.W.3d at 807.

[5] A federal court in Kansas has noted: "Because Tennessee does not permit its statutes of limitations to be tolled by a class action filing in federal court, plaintiffs may not invoke the tolling doctrine in this case with respect to their claims under Tennessee law." *In re Urethane Antitrust Litigation*, 663 F.Supp.2d 1067, 1081 (D. Kan. 2009).

Therefore, Plaintiff cannot claim the benefit of a cross-jurisdictional tolling doctrine to save his claims from the applicable Tennessee statute of limitations. The purported class action filed in federal court does not toll the state statute of limitations in Tennessee. Accordingly, Plaintiff's action is barred as untimely filed, and the Court need not address Defendant's other arguments.

CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE