IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                      )
AREDIA and ZOMETA PRODUCTS                  )
LIABILITY LITIGATION                        ) NO. 3-06-MD-1760
                                            ) JUDGE CAMPBELL
This Document Relates To Case Number:       )
3:08-0908 (McDaniel)                        )

ORDER

Pending before the Court is Defendant's *Daubert* Motion to Exclude Causation Testimony of Plaintiffs' Non-Retained Experts (Docket No. 3489). Defendant seeks to exclude any causation opinion testimony from Drs. Brandebura, Courtney and DeLay as inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Plaintiff has represented that he does not intend to seek causation testimony from Drs. Courtney and DeLay (*See* Docket No. 3564), so Defendant's Motion as to those two physicians is GRANTED. In addition, for the reasons stated herein, Defendant's Motion is GRANTED as to Dr. Brandebura.

Plaintiff's Response to Defendant's Motion (Docket No. 3564) cites to pages and exhibits from Dr. Brandebura's deposition, but those deposition pages and exhibits are not attached to the Response as exhibits or clearly identified anywhere in the record. Plaintiff filed a document entitled "Notice of Filing," which indicates that the deposition excepts and other documents are attached as exhibits thereto, but there are no exhibits attached to this document. Docket No. 3592. Plaintiff has also filed numerous, scattered docket entries, each entitled "SUPPLEMENT," in which various

1

deposition pages appear to be included; but Plaintiff has failed to cite the Court to specific docket numbers or identify on the docket what these "SUPPLEMENT" documents are.

The Court is not required to "wade through" the record for specific facts or search the entire record to establish the existence of a material fact. *See, e.g., Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1372, 1480 (6th Cir. 1989)). The Court cannot rely upon assertions of a party for which the evidence is not in the record. Neither should the Court have to review scores of unidentified documents on this docket of more than four thousand documents in order to find support for Plaintiff's assertions.

According to the Plaintiff, Dr. Brandebura is a board-certified oral and maxillofacial surgeon. Dr. Brandebura testified that he does not consider himself to be an expert on ONJ or on the causes of ONJ. Docket No. 3495-5, p. 13 (p. 28 of Dr. Brandebura's deposition) (submitted by Defendant). He also did not consider himself to be an expert on these topics during his treatment of Mrs. McDaniel. *Id*.

Dr. Brandebura testified that he had no opinion as to the cause of Mrs. McDaniel's condition to a reasonable degree of medical certainty during his care and treatment of her. *Id*., pp. 36-37 (deposition, pp. 105-06). He developed the opinion that there was an association between her Aredia and her condition *after* his treatment of her, sometime between 2004 and 2006. *Id*., pp. 50-51 (deposition, pp. 149-50). In an October 2005 letter to Mrs. McDaniel, Dr. Brandebura stated: "I cannot say exactly that your mouth problems were caused by the Aredia except that several researchers have indicated that Aredia may be associated with osteomyelitis of the mandible." Docket No. 3495-12.

TESTIMONY OF TREATING PHYSICIANS

As this Court has previously held, generally a treating physician may provide expert testimony regarding a patient's illness, the appropriate diagnosis for that illness, and the cause of the illness. *Gass v. Marriott Hotel Services, Inc.*, 558 F.3d 419, 426 (6th Cir. 2009). However, a treating physician's testimony remains subject to the requirement set forth in *Daubert*, that an expert's opinion testimony must have a reliable basis in the knowledge and experience of his discipline. *Id.* [1] A medical doctor is generally competent to testify regarding matters within his or her own professional experience. *Gass*, 558 F.3d at 427-28 (citing *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.,* 388 F.3d 976, 982 (6th Cir. 2004)). When, however, the doctor strays from such professional knowledge, his or her testimony becomes less reliable and more likely to be excluded under Rule 702. *Id.*

A treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for the purposes of litigation. *Bland v. Verizon Wireless, (VAW) LLC*, 538 F.3d 893, 897 (8th Cir. 2008).[2]

In *Gass*, the Sixth Circuit found that the district court properly permitted the treating physicians to testify regarding symptoms, tests, diagnosis and treatment, but it properly excluded

---

[1] Under *Daubert*, the court, before allowing the expert's testimony, must consider (1) whether the reasoning or methodology underlying the expert's testimony is scientifically valid; and (2) whether that reasoning or methodology could be applied properly to the facts at issue to aid the trier of fact. *Gass*, 558 F.3d at 426.

[2] In refusing to exempt a treating physician from the requirements of Fed. R. Evid. 702, another court stated that "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation." *Campbell v. CSX Transp., Inc.*, 2009 WL 1444656 at * 3 (C.D. Ill. May 21, 2009).

3

their testimony regarding causation. *Gass*, 558 F.3d at 426-428. The court stated that the ability to diagnose medical conditions is not the same as the ability to opine as an expert about the causes of those medical conditions. *Id*. at 426. In *Gass*, nothing in the medical expertise of the treating physicians provided a basis for determining the exact chemical to which the plaintiffs were exposed. *Id*. at 428. In other words, the treating physicians had not demonstrated a scientifically reliable method to support their conclusions as to causation. *Id*. at 426.

The U.S. District Court for the Eastern District of Tennessee has held that there is a fundamental distinction between a treating physician's ability to render a medical diagnosis based on clinical experience and her ability to render an opinion on causation of the patient's injuries. *Wynacht v. Beckman Instruments, Inc.*, 113 F.Supp.2d 1205, 1211 (E.D. Tenn. 2000). The injury in *Wynacht* involved exposure to chemicals in a laboratory. The court stated: "The ability to diagnose medical conditions is not remotely the same, however, as the ability to deduce, delineate, and describe, in a scientifically reliable manner, the causes of those medical conditions." *Id*.

The treating physician for whom no expert report is supplied is not permitted to go beyond the information acquired or the opinion reached as a result of the treating relationship to opine as to the causation of any injury. *Lorenzi v. Pfizer, Inc.*, 519 F.Supp.2d 742, 750, n.6 (N.D. Ohio 2007).[3]

---

[3] Written reports are not required of all experts, but only those who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002). A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. *Id*. (citing Fed. R. Civ. P. 267 advisory committee's note (1993)). The treating physician is not categorized as an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the patient. *Id*.

4

To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient - - - as opposed to being subsequently supplied by an attorney involved in the litigation - - - then no Rule 26 (a)(2)(B) statement should be required. *Id.* However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B). *Id.*

Dr. Brandebura's opinion was not developed during his care and treatment of Mrs. McDaniel. As noted above, a treating physician is not permitted to testify beyond the information acquired or the opinion reached as a result of the treating relationship to opine as to the causation of an injury unless an expert report has been filed. *Lorenzi*, 519 F.Supp.2d at 750, n.6. There is no evidence that Dr. Brandebura has filed an expert report in this case.

In addition, the Court finds that Dr. Brandebura, by his own admission, is not an expert on ONJ or the causes of ONJ. His opinion, at the time of his treatment, was evolving and not developed as a part of his diagnosis and treatment. Therefore, Dr. Brandebura cannot offer admissible expert testimony on causation in this case.

## CONCLUSION

For all these reasons, Defendant's *Daubert* Motion to Exclude Causation Testimony of Plaintiffs' Non-Retained Experts (Docket No. 3489) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE