IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION ) NO. 3-06-MD-1760
) JUDGE CAMPBELL
This Document Relates To Case Number: )
3:08-0913 (Eberhart) )

ORDER

Pending before the Court is Defendant's *Daubert* Motion to Exclude Testimony of Plaintiff's Expert Dr. Richard Kraut (Docket No. 3449). For the reasons stated herein, the Motion is DENIED.

Dr. Kraut is a board-certified oral and maxillofacial surgeon. He is the Director of Oral and Maxillofacial Surgery and Chairman of the Department of Dentistry at Montefiore Medical Center/Albert Einstein College of Medicine in New York City. Docket No. 3450-41 (Dr. Kraut's Expert Report). Dr. Kraut led oral and maxillofacial surgery residency programs in the U.S. Army and has published articles related to bisphosphonate-induced ONJ in both the Journal of Oral and Maxillofacial Surgery and the New York State Dental Journal. *Id*. In forming his opinions, Dr. Kraut relied upon, among other things, publications of Dr. Robert Marx, Dr. Ruggerio and the American Association of Oral and Maxillofacial Surgeons. *Id*.

Dr. Kraut opined that Ms. Eberhart's failure to heal following her tooth extractions was caused by the presence of bisphosphonate in her jaw bone secondary to her therapy with initially Aredia and subsequently Zometa. Docket No. 3450-41.[1]

---

[1] This report was later amended, but Dr. Kraut's opinion did not change. *See* Docket No. 3450-43 (Dr. Kraut's Amended Report).

EXPERT TESTIMONY UNDER RULE 702 AND *DAUBERT*

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

A trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 2795 (1993). This requirement entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied properly to the facts in issue. *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 478 (6th Cir. 2008); *Bland v. Verizon Wireless, LLC*, 538 F.3d 893, 896 (8th Cir. 2008).

Under *Daubert*, the proponent of an expert witness must demonstrate that (1) the witness is qualified by knowledge, skill, experience, training or education, (2) the testimony of that expert witness is relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue, and (3) the testimony of that expert witness is reliable. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).[2]

---

[2] The Court in *Daubert* identified several factors that may bear on the inquiry, but it took care to emphasize that the inquiry is a flexible one. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001). The trial court must consider whether the factors are reasonable measures of reliability in a given case. *Id*. Those factors are (1) whether a theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether a technique has a known or potential rate or error and the existence of standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance in a relevant scientific

The Sixth Circuit Court of Appeals has stated that "*Daubert* attempts to strike a balance between a liberal admissibility standard for relevant evidence on the one hand and the need to exclude misleading 'junk science' on the other." *Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 176 (6th Cir. 2009). The Rule 702 inquiry is a flexible one, and the focus must be solely on principles and methodology, not on the conclusions they generate. *Id*. at 177. An expert who presents testimony must employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Id*.

The court must be sure not to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other. *In re Scrap Metal*, 527 F.3d at 529. The task for the Court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to unsupported speculation. *Id*. at 529-530. Rejection of expert testimony is the exception, rather than the rule. *Id*. at 530.

As the Court has explained in the *Baldwin, Kyle* and *McDaniel* cases, for purposes of summary judgment, Dr. Kraut's causation testimony is sufficiently reliable and more than unsupported speculation. Reliable causation testimony need not rule out every possible alternative cause. *Kudabeck v. The Kroger Co.*, 338 F.3d 856, 861 (8th Cir. 2003). The fact that several possible causes might remain "uneliminated" only goes to the accuracy of the conclusion, not to the soundness of the methodology. *Jahn v. Equine Servs., PSC*, 233 F.3d 382, 390 (6th Cir. 2000).

---

community. *Id*. at 251, n. 5.

Defendant's arguments impugn the credibility and accuracy of Dr. Kraut's opinions and may be the components of an effective cross-examination. The Court finds, however, for purposes of summary judgment, that Plaintiff has carried the burden of demonstrating that Dr. Kraut's testimony concerning specific causation in this case is admissible under *Daubert*.

For these reasons, Defendant's *Daubert* Motion to Exclude Testimony of Plaintiffs' Expert Dr. Richard Kraut (Docket No. 3449) is DENIED.

IT IS SO ORDERED.

                                                     _____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE