IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                              )
AREDIA and ZOMETA PRODUCTS                          )
LIABILITY LITIGATION                                ) NO. 3-06-MD-1760
                                                    ) JUDGE CAMPBELL
This Document Relates To Case Number:               )
3:08-0913 (Eberhart)                                )

ORDER

Pending before the Court is Defendant's *Daubert* Motion to Exclude Causation Testimony of Plaintiffs' Non-Retained Experts (Docket No. 3445). Defendant seeks to exclude any causation opinion testimony from Drs. Galleshaw, Wilde, French, Meyer, Roser, Kakos and Kirkland as inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Plaintiff has represented that she anticipates eliciting causation testimony from Dr. Roser only (*see* Docket No. 3560), so Defendant's Motion as to Drs. Galleshaw, Wilde, French, Meyer, Kakos and Kirkland is GRANTED. With regard to Dr. Roser, Defendant's Motion is GRANTED in part and DENIED in part as explained herein.

Dr. Roser is a board-certified oral and maxillofacial surgeon and chief of the division of oral and maxillofacial surgery at Emory University. Docket No. 3578-7, pp. 4-5 (pp. 16-17, Roser Deposition). Dr. Roser saw Ms. Eberhart, beginning in March of 2005, for nonhealing extraction sites in her mouth. He testified that his working diagnosis for Ms. Eberhart was osteonecrosis of the left mandible. *Id*., p. 7 (Dep., p. 20). He stated that Ms. Eberhart's history of having used Aredia or Zometa had an impact on his treatment of her. *Id*., p. 15 (Dep., p. 33).

1

> It was my understanding at the time that bisphosphonate therapy, intravenous bisphosphonate therapy, may be a risk factor for osteonecrosis or death of and subsequent infection possibly in the jaw. And knowing that she had received intravenous bisphosphonate, I did not - - I felt that there was no need to go further to elicit any other etiology or cause and that I could debride the area, put her on a course of antibiotics, and follow her postoperative course.

*Id.*

Dr. Roser testified at his deposition that he assumed he was there "as a testimony of fact and not as an expert." Docket No. 3446-37, p. 6 (Dep., p. 8). He later stated that he would not offer any opinions as to causation. *Id.*, p. 7 (Dep., p. 10).

## TESTIMONY OF TREATING PHYSICIANS

As this Court has previously held, generally a treating physician may provide expert testimony regarding a patient's illness, the appropriate diagnosis for that illness, and the cause of the illness. *Gass v. Marriott Hotel Services, Inc.*, 558 F.3d 419, 426 (6th Cir. 2009). However, a treating physician's testimony remains subject to the requirement set forth in *Daubert*, that an expert's opinion testimony must have a reliable basis in the knowledge and experience of his discipline. *Id.*[1] A medical doctor is generally competent to testify regarding matters within his or her own professional experience. *Gass*, 558 F.3d at 427-28 (citing *Dickenson v. Cardiac & Thoracic Surgery of Eastern Tenn.,* 388 F.3d 976, 982 (6th Cir. 2004)). When, however, the doctor strays from such professional knowledge, his or her testimony becomes less reliable and more likely to be excluded under Rule 702. *Id.*

---

[1] Under *Daubert*, the court, before allowing the expert's testimony, must consider (1) whether the reasoning or methodology underlying the expert's testimony is scientifically valid; and (2) whether that reasoning or methodology could be applied properly to the facts at issue to aid the trier of fact. *Gass*, 558 F.3d at 426.

A treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for the purposes of litigation. *Bland v. Verizon Wireless, (VAW) LLC*, 538 F.3d 893, 897 (8th Cir. 2008).[2]

In *Gass*, the Sixth Circuit found that the district court properly permitted the treating physicians to testify regarding symptoms, tests, diagnosis and treatment, but it properly excluded their testimony regarding causation. *Gass*, 558 F.3d at 426-428. The court stated that the ability to diagnose medical conditions is not the same as the ability to opine as an expert about the causes of those medical conditions. *Id*. at 426. In *Gass*, nothing in the medical expertise of the treating physicians provided a basis for determining the exact chemical to which the plaintiffs were exposed. *Id*. at 428. In other words, the treating physicians had not demonstrated a scientifically reliable method to support their conclusions as to causation. *Id*. at 426.

The U.S. District Court for the Eastern District of Tennessee has held that there is a fundamental distinction between a treating physician's ability to render a medical diagnosis based on clinical experience and her ability to render an opinion on causation of the patient's injuries. *Wynacht v. Beckman Instruments, Inc.*, 113 F.Supp.2d 1205, 1211 (E.D. Tenn. 2000). The injury in *Wynacht* involved exposure to chemicals in a laboratory. The court stated: "The ability to diagnose medical conditions is not remotely the same, however, as the ability to deduce, delineate, and describe, in a scientifically reliable manner, the causes of those medical conditions." *Id*.

---

[2] In refusing to exempt a treating physician from the requirements of Fed. R. Evid. 702, another court stated that "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation." *Campbell v. CSX Transp., Inc.*, 2009 WL 1444656 at * 3 (C.D. Ill. May 21, 2009).

The treating physician for whom no expert report is supplied is not permitted to go beyond the information acquired or the opinion reached as a result of the treating relationship to opine as to the causation of any injury. *Lorenzi v. Pfizer, Inc.*, 519 F.Supp.2d 742, 750, n.6 (N.D. Ohio 2007).[3]

To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient - - - as opposed to being subsequently supplied by an attorney involved in the litigation - - - then no Rule 26 (a)(2)(B) statement should be required. *Id.* However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B). *Id.*

Dr. Roser's causation opinion was developed during his care and treatment of Ms. Eberhart. It was a part of his working diagnosis and a basis for his treatment of her. He testified that her history of Aredia and Zometa use affected his treatment of her. Dr. Roser also testified that he was not going to offer a causation opinion and that he was a fact witness, not an expert.

For purposes of summary judgment, the Court has considered Dr. Roser's testimony about his working diagnosis for Ms. Eberhart and how that diagnosis affected his treatment of her. He stated that he was not going to offer an expert causation opinion, but the Court has considered the

---

[3] Written reports are not required of all experts, but only those who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *Hawkins v. Graceland*, 210 F.R.D. 210, 211 (W.D. Tenn. 2002). A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. *Id.* (citing Fed. R. Civ. P. 267 advisory committee's note (1993)). The treating physician is not categorized as an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the patient. *Id.*

facts of his diagnosis and treatment, including the fact that his treatment was tailored specifically to ONJ which was caused by bisphosphonates.

## CONCLUSION

For all these reasons, Defendant's *Daubert* Motion to Exclude Causation Testimony of Plaintiffs' Non-Retained Experts (Docket No. 3445) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE