IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                                              )
AREDIA and ZOMETA PRODUCTS                          )
LIABILITY LITIGATION                                ) NO. 3-06-MD-1760
                                                    ) JUDGE CAMPBELL
This Document Relates To Case Number:               )
3:08-0922 (Calloway/Shewmake)                       )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 3431). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff brings this products liability action against Novartis, alleging that its drugs, Aredia and Zometa, caused her mother, Frances Calloway, now deceased, to develop osteonecrosis of the jaw ("ONJ"). Defendant has moved for summary judgment on all of Plaintiff's claims.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## CAUSATION

The parties agree that Mississippi law applies in this action. Under Mississippi law, a plaintiff in a products liability action must prove, among other things, that the defective and unreasonably dangerous condition of defendant's product proximately caused the damages for which recovery is sought. Miss. Code Ann. § 11-1-63. The three elements necessary for a products liability action include sufficient evidence of product identification, exposure, and proximate cause. *Monsanto Co. v. Hall*, 912 So.2d 134, 136 (Miss. 2005).

The Plaintiff's ultimate burden in proving her claims is to prove general causation (*i.e.*, that Defendant's drugs *can* cause ONJ) and specific causation (*i.e.*, that Defendant's drugs actually *did* cause Mrs. Calloway's ONJ). *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (*cited in Hill v. Koppers, Inc.*, 2009 WL 4908836 at * 7 (N.D. Miss. Dec. 11, 2009)).

This Court has previously found that there are genuine issues of material fact as to whether Aredia and Zometa generally can cause ONJ, and that ruling applies here. Plaintiff must come forth with sufficient evidence, however, to show that Aredia and Zometa specifically caused her mother's ONJ.

2

Causation testimony from the two physicians upon whom Plaintiff relies for specific causation proof has been excluded by the Court in response to Defendant's Motion to Exclude Causation Testimony of Plaintiffs' Non-Retained Experts. Plaintiff has not cited the Court to any admissible expert opinion which states that Mrs. Calloway's ONJ was caused by Aredia and/or Zometa.

A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and mandates the entry of summary judgment for the moving party. *Hill*, 2009 WL 4908836 at * 8 (citing *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 (5th Cir. 2008)).

Because all of Plaintiff's claims require a showing of specific causation, and Plaintiff has failed to offer admissible expert testimony on this issue, her claims fail. Accordingly, Defendant's Motion for Summary Judgment (Docket No. 3431) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE