IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION ) No. 3:06-MD-1760
 )
This Document Relates to All Cases )

MEMORANDUM

Pending before the Court, among other things, is Plaintiffs' Motion for Suggestion of Remand (Docket No. 3675). For the reasons stated herein, Plaintiffs' Motion is GRANTED in part and DENIED in part.

Plaintiffs argue that remand is appropriate for all of the more than 500 cases in this multidistrict litigation ("MDL") because the purposes of the MDL have been served. Plaintiffs assert that all case-wide fact discovery is complete, all case-wide expert discovery is complete, and the Court has developed a substantive body of law through the various Wave 1-A and Wave 1-B dispositive motions. Plaintiffs also contend that the efforts of this Court are being duplicated in those MDL cases which have been remanded and set for trial.

Defendant opposes Plaintiffs' Motion and suggests that the MDL is currently on pace to produce regular waves of cases for trial, achieving the purposes for which it was created. Defendant contends that the procedures for winnowing cases through pretrial procedures is working and the pretrial procedures for manageable discovery and orderly depositions should remain in place. Defendant also points out that new cases continue to be transferred into this MDL, including more than 40 cases during 2010. Defendant fails to identify, however, any date when or circumstance under which these more than 500 cases will be ready for remand.

Multidistrict litigation, by statute, is created when civil actions involving one or more common questions of fact are transferred from various districts into one U.S. District Court for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The Judicial Panel on Multidistrict Litigation transfers such actions to the MDL Court for the convenience of parties and witnesses and to promote the just and efficient conduct of such actions. *Id*. "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." *Id*.

An MDL court has no authority to remand a case on its own. Rather, the Judicial Panel of Multidistrict Litigation must order the remand. *In re Wilson*, 451 F.3d 161, 165, n. 5 (3rd Cir. 2006). Section 1407 not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but it also obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 118 S.Ct. 956, 962 (1998).

The MDL court plays a vital role in the remand process by entering an order in which it suggests to the Panel that a case is ready to remand.[1] *Wilson*, 451 F.3d at 165. A suggestion of remand from the MDL court provides the indication that the coordinated or consolidated pretrial proceedings assigned to it by the Panel have been successfully completed. *Wilson*, 451 F.3d at 165.

A party seeking remand to the transferor court has the burden of establishing that such a remand is warranted. *In re Integrated Resources, Inc.*, 851 F.Supp. 556, 562 (S.D. N.Y. 1994). The Panel has made clear that it will remand an action prior to completed pretrial proceedings only upon

---

[1] "The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." Rule 7.6(d)(Termination and Remand), Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

a showing of good cause. *Id.* Clearly the Panel has the discretion to remand a case when everything that remains to be done is case-specific. *Wilson*, 451 F.3d at 173. The district court's discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL. *In re Aetna UCR Litigation*, 2010 WL 3762282 at * 1 (D. N.J. Sept. 20, 2010). Remand should not be suggested when continued consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. *Id.*

In the below-cited Wave 1-C cases, case-wide discovery is complete and dispositive motions are pending. These cases have gone through the "weeding out" process identified by the Defendants and have not been dismissed. Discovery, other than case-specific damages discovery, is complete in these cases, so the procedures for orderly discovery and depositions have worked and are finished. Case-wide and case-specific liability experts have been deposed, and many have been ruled admissible or not for purposes of summary judgment. The fact that new cases continue to be filed has no effect on the readiness of these particular cases for remand.

This Court has ruled there are genuine issues of material fact as to whether Aredia and Zometa can cause osteonecrosis of the jaw. Docket No. 2763. The Court has also ruled that there are genuine issues of material fact as to whether the warnings provided by Defendant were adequate. Docket No. 2766. The Court has ruled on the admissibility, for purposes of summary judgment,[2] of various case-wide and case-specific experts. The Court has found that cases without admissible expert testimony on specific causation should be dismissed. The Court has ruled on issues of

---

[2] Whenever the cases are remanded, whether now or at a later date, the transferor courts will make their own decisions as to the trials of these actions.

preemption and statutes of limitations. The Court has ruled on the substantive law of 21 states.[3] All of these rulings provide guidance to the transferor courts as to the law of this case.

Defendant argues that the MDL process provides orderly processes for winnowing out cases, getting initial discovery, and dividing the cases into manageable waves. All of those objectives have been achieved in these Wave 1-C cases. This Court has already ruled on scores of Summary Judgment and related Motions. Having this Court decide more than 500 Motions for Summary Judgment and *Daubert* Motions and/or consider the products liability law of all fifty states will not advance the purposes of the MDL. Accordingly, to the extent of the Wave 1-C cases, Plaintiffs' Motion is GRANTED.

With regard to Plaintiffs' request to remand *all* cases in this MDL, Plaintiffs' Motion is DENIED. Plaintiffs have failed to carry their burden of establishing that the remainder of these MDL cases are not benefitting from the coordinated and consolidated pretrial proceedings established by the Magistrate Judge. There is no evidence that case-specific expert and liability discovery is complete in the other cases. Remand of all cases and dissolution of the MDL would be, in the Court's view, premature.[4]

CONCLUSION

For all these reasons, Plaintiffs' Motion for Suggestion of Remand (Docket No. 3675) is GRANTED in part and DENIED in part. The Court will enter Suggestion of Remand Orders in the

---

[3] Arkansas, Arizona, California, Florida, Georgia, Illinois, Kansas, Kentucky, Maryland, Michigan, Minnesota, Mississippi, Missouri, New Jersey, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas and Washington.

[4] Nothing herein prevents Plaintiffs from requesting remand of any specific case once the pretrial process in that action is complete.

eleven Wave 1-C cases: 3-08-0070 (Davids), 3:06-0662 (Dore), 3:08-0909 (Evers), 3:08-0934 (Hill), 3:06-0516 (King), 3:06-0693 (Nightlinger), 3:06-0392 (Stevens), 3:06-0554 (Worthington), 3:06-0388 (Wilson), 3:06-0493 (Chiles), and 3:06-0494 (Krause).

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE