```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

In Re:                              )
                                    )
AREDIA and ZOMETA PRODUCTS          )    No. 3:06-MD-01760
LIABILITY LITIGATION                )    Judge Campbell/Brown
(MDL No. 1760)                      )
                                    )
This Document Relates to:           )
Case No. 3:07-CV-1230(Rose)         )

TO: THE HONORABLE CHIEF JUDGE TODD J. CAMPBELL

**REPORT AND RECOMMENDATION**

On December 9, 2011, the Magistrate Judge granted NPC's Motion (Docket Entry 5247) for Order to Show Cause Why Plaintiff's Claims Should Not be Dismissed (Docket Entry 5513). The Plaintiff has not filed any response to the original motion or to the show cause order.

For the reasons stated below, the Magistrate Judge recommends that the claims of Plaintiff Rose be DISMISSED for failing to fully complete a Plaintiff's Fact Sheet (PFS) and to obey Court orders.

The Case Management Order (CMO) requires all Plaintiffs to complete a PFS in all material respects within 45 days of the receipt of their case files by the MDL court (Docket Entry 89). The CMO further provides that should any Plaintiff fail to serve a completed PFS within this time, Defendant shall send a warning letter to that Plaintiff's counsel giving that Plaintiff an additional 15 days to cure the deficiencies. *Id*. The CMO specifically states that this warning letter shall include a warning that the case is subject to dismissal if a PFS completed in

all material respects is not received by Defendant within the cure period. *Id*. If the cure period expires and Plaintiff fails to complete the PFS, the CMO then states that Defendant is entitled to seek an Order to Show Cause why the case should not be dismissed, giving Plaintiff's counsel 14 days to respond. *Id*.

Plaintiff's case was docketed in the MDL on September 28, 2007, and PFS was therefore due on April 8, 2008 (Docket Entry 9 in 3:07-1230). NPC sent a warning letter to Plaintiff's attorney, Daniel Osborn, on June 30, 2008 (Docket Entry 9-2 in 3:07-1230, Ex. B). Although Plaintiff has failed to respond to NPC's motion or to the show cause order, the Magistrate Judge has considered the motion on its merits. Local Rule 7.01(b).

The Sixth Circuit has discussed the grounds for dismissal under Rule 41(b). *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 998 (6th Cir. 1999). The Court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

Applying these factors to the instant case, the Plaintiff clearly knew of the obligation to complete the PFS given the clear language of the CMO, the warning letter sent by NPC, and the instant motion. The CMO, the warning letter sent by NPC, and the instant motion all specifically warn the Plaintiff that the sanction of dismissal could be imposed if Plaintiff failed to serve

2

a PFS complete in all material respects. Plaintiff has been given ample opportunity to cure any deficiencies prior to the Magistrate Judge recommending dismissal and has failed to respond to the show cause order. From the record it appears counsel has abandoned this case without notice to the Court. The PFS has been due for over three years.

The Magistrate Judge has repeatedly expressed his understanding that the majority of the Plaintiffs are currently dealing with a variety of severe medical ailments, making it very difficult to actively participate in the litigation process. However, the Plaintiff is not released from the responsibility to provide responses to the PFS and has been given more than sufficient time to respond or to at least request an extension of time. At this point, the Magistrate Judge believes it is appropriate to recommend that this case be DISMISSED.

RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the above claims be **DISMISSED** under Federal rule of Civil Procedure 41(b) for failure to respond to the PFS.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 4th day of January, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge