IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION ) NO. 3-06-MD-1760
) JUDGE CAMPBELL
This Document Relates To Case Number: )
03-11-0327(Simard) )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 5693). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

It is undisputed that attorney Daniel A. Osborn filed this action in the Southern District of New York on March 17, 2011. Roland N. Simard was the only named Plaintiff in this action. It is also undisputed that Roland N. Simard passed away on March 16, 2011, the day before this action was filed. On April 12, 2012, Plaintiff's counsel filed a Motion for Substitution, advising the Court of Mr. Simard's death more than one year after he died. Defendant has moved for summary judgment, arguing that this action is a nullity because it lacked a proper plaintiff at the time it was filed.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and

identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## DISCUSSION

Defendant argues that this action is a nullity because, at the time it was filed, there was no proper plaintiff to bring the action. Mr. Simard, the only named Plaintiff, was no longer living and had no standing or ability to bring a lawsuit.

Under Connecticut law, [1] in order to confer jurisdiction on the court, a plaintiff must have an actual legal existence; that is, he must be a person in law or a legal entity with legal capacity to sue. *Isaac v. Mount Sinai Hospital*, 490 A.2d 1024 (Conn. App. Ct. 1985). A deceased person is a non-existent entity and cannot be a party to a lawsuit. *Diaz v. PARCC Health Care, Inc.*, 2007 WL

---

[1] Mr. Simard was a resident of Connecticut.

337351 at * 2 (Conn. Super. Ct. Jan. 30, 2006); *see also Williams v. Travelers Property & Casualty of America*, 2007 WL 1299245 (Conn. Super. Ct. April 13, 2007) (when, at the time suit was commenced, the named plaintiff was not alive, there was no legal entity in existence with the capacity to sue).

Accordingly, because there was no named plaintiff with standing at the time this action was filed, the court had no jurisdiction, and the case must be dismissed.[2] Defendant's Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] Standing is determined as of the time the complaint is filed. *Becker v. Federal Election Comm'n.,* 230 F.3d 381, 386 (1st Cir. 2000); *Cleveland Branch, NAACP v. City of Parma, Ohio,* 263 F.3d 513, 526, n. 11 (6th Cir. 2001).