```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

In Re:                                  )
                                        )
AREDIA and ZOMETA PRODUCTS              )   No. 3:06-MD-1760
LIABILITY LITIGATION                    )   Judge Campbell/Brown
(MDL No. 1760)                          )
                                        )
This Document Relates to                )
3:07-CV-0782 (Benkel)                   )

**TO: THE HONORABLE TODD J. CAMPBELL**

<u>**REPORT AND RECOMMENDATION**</u>

For the reasons stated below the Magistrate Judge recommends that this case be DISMISSED with prejudice for failure to prosecute and to obey Court orders.

**BACKGROUND**

This case was originally filed in the Northern District of Florida on June 21, 2007. It was subsequently transferred to this district as part of the MDL 3:06-MD-1760 on August 8, 2007. In April of 2008 this case was included in Wave III for active workup. Only July 7, 2011, Plaintiff's counsel were allowed to withdraw. Subsequently, on July 12, 2011, this case was removed from the active workup procedures of Wave III and a telephone conference with the Plaintiff was held on July 27, 2011, to discuss the future of the case (Docket Entry 4904).

As a result of this telephone conference the Magistrate Judge entered an order on August 16, 2012 (Docket Entry 6126) advising the Plaintiff that he anticipated picking the next group

of cases in February of 2013 and that the Plaintiff should find an attorney prior to this date or be prepared to decide whether to proceed with her case *pro se* or to dismiss her case.

When the Plaintiff did not respond to this order NPC filed a motion on February 1, 2013 (Docket Entry 6350) to show cause why the case should not be dismissed for failure to prosecute. As a result, the Magistrate Judge granted this motion on February 5, 2013 (Docket Entry 6363) directing Ms. Benkel to show cause within 21 days of the entry of the order why the Magistrate Judge should not recommend her case be dismissed for failure to prosecute. Ms. Benkel has not responded to this order in any way.

Because of a lack of response the Magistrate Judge has not included this case in the present Wave 2 of cases, which were just set (Docket Entry 6443).

The Magistrate Judge can only conclude by the Plaintiff's failure to give the Court any notification of how she intends to proceed in this case that she does not wish to prosecute it any further. The Plaintiff is certainly entitled to proceed on her case *pro se* if she wishes to do so. However, the Court is entitled to know whether she intends to pursue this course or not. This is one of the older cases in the MDL and has twice been delayed because the Plaintiff has not either notified the Court she wished to continue to proceed *pro se* or been able to secure an attorney.

2

The Magistrate Judge has considered less drastic remedies (see *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 998 (6th Cir. 1999). Without some indication as to what the Plaintiff wishes to do in the case, the Magistrate Judge is stymied as to what to do next. Certainly, the case could have been included in a most recent wave of cases for workup, but it seems inappropriate to subject the Defendant to the expense of working up a case where the Plaintiff has shown no response to earlier attempts to work the matter up, or to actively pursue her case. Certainly, her failure to respond to the Court's last order is a strong indication that she does not wish to proceed or to obey the Court's order.

Ms. Benkel was certainly warned in the last order (Docket Entry 6363) that failure to respond could result in a recommendation that her case be dismissed.

### RECOMMENDATION

For the reasons stated above the Magistrate Judge recommends this case be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

3

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

  **ENTER** this 13th day of March, 2013.

         /s/ Joe B. Brown
         JOE B. BROWN
         United States Magistrate Judge