UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA and ZOMETA PRODUCTS ) | No. 3:06-MDL-01760 |
| LIABILITY LITIGATION ) | Judge Campbell/Brown |
| (MDL No. 1760) ) | |
| ) | |
| This Document Relates to ) | |
| 3:08-0914 White ) | |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

Presently pending is a motion by the Defendant NPC to dismiss for failure to prosecute and to comply with Court orders and for failure to properly substitute under Rule 25 of the Federal Rules of Civil Procedure (ECF 6434).[1]

### BACKGROUND

This action was filed in the Middle District of Tennessee on December 5, 2007 (ECF 785). On August 7, 2008 this case was transferred to the Southern District of Iowa pursuant to this Court's Order granting Defendant's Motion for a Section 1404(a) Venue Transfer (ECF 1223). On October 31, 2008, this case was transferred back to the Middle District of Tennessee for inclusion in the MDL, pursuant to the Conditional Transfer Order issued by the Joint Panel on Multidistrict Litigation on September 18, 2008 (ECF 11)[2]

---

[1] NPC has also filed a motion for an order to show cause why this case should not be dismissed for failure to prosecute (ECF 6597).

[2] The case number assigned to this action upon initial filing in the Middle District of Tennessee was No. 3:07-cv-1210. Upon transfer back to the Middle District of Tennessee for inclusion in the MDL, this case was assigned a new case number, No. 3:08-cv-0914.

Plaintiff Denise White died June 29, 2007. On January 15, 2008, both an amended Suggestion of Death (ECF 1080) and a Motion for Substitution (ECF 1083) were filed. The motion for substitution identified John White, Jr. as the personal representative of Denise White and requested that he be substituted as personal representative. Based on this representation, this Court granted the Motion for Substitution on January 16, 2008 (ECF 1091).

On August 3, 2012, this case was included among the group of 112 cases designated by this Court to proceed with fact discovery (ECF 6079) pursuant to its August 1, 2012 Order (ECF 6072). On January 29, 2013, plaintiff's counsel filed a Motion to Withdraw as Counsel and Other Relief (ECF 6339), stating that "Plaintiff has refused to respond to repeated inquiries, both correspondence and telephone calls, from Plaintiffs Counsel." In response, NPC indicated that it did not oppose plaintiff's counsel's motion to withdraw as counsel, and requested that the Court remove the action from among the 112 cases subject to the Court's August 3, 2012 Order (ECF 6342). NPC also indicated its intent to seek dismissal for failure to prosecute if plaintiff did not comply with the Court's direction. On January 31, 2013 this Court issued an Order granting plaintiff's counsel's motion to withdraw (ECF 6349).

When the Magistrate Judge granted the Plaintiff's counsel's motion for leave to withdraw the Plaintiff John White was

2

directed to notify the Court within 30 days of that order whether he intended to proceed with the case or not (ECF 6349). The Magistrate Judge specifically cautioned Mr. White that failure to respond to the order could result in the Magistrate Judge recommending that his case be dismissed for lack of prosecution and failure to obey Court orders. Nothing has been heard from Plaintiff as the date of this Report and Recommendation.

In their motion (ECF 6434) NPC points out that the original substitution of Plaintiff was improper because they contend that they have made inquiries to the Probate Court of Scott County, Iowa, where Mrs. White resided at the time of her death and that there is no indication that a probate case was ever opened on behalf of Mrs. White.

They also note that the will names her husband, John T. White as the Executor, but the motion for substitution incorrectly identified her husband as John White, Jr. (see ECF 1083). The Magistrate Judge in reviewing that issue believes that Plaintiff's counsel made a typographical error by including the "Junior." The last will and testament clearly identifies her husband as John White and her son as John White, Jr. The actual motion requests the appointment of her husband, but unfortunately refers to him as John White, Jr.

In any case the Magistrate Judge considers the real problem to be the fact, as NPC points out, that the will has not

3

been admitted to probate and therefore no executor has been appointed for Mrs. White's estate.

The Plaintiff's counsel in their motion for leave to withdraw as counsel for the Plaintiff referred to the Plaintiff as John White, rather than John White, Jr. This reinforces the Magistrate Judge's opinion that the "Junior" was a typographical error included in the motion and unfortunately carried over into the Magistrate Judge's order of substitution. A letter notifying Mr. White of this motion (ECF 6339-1) was sent to Mr. John White in Florida. Likewise, the Magistrate Judge notes that the notices sent by NPC have also been directed to Mr. John White in Live Oak, Florida (*see* ECF 6597-1).

The Magistrate Judge, for the purpose of this Report and Recommendation, considers Mr. John White as the party in interest, although it does appear that he has never formally been appointed executor by the Iowa court. Although the motion to dismiss was filed on March 5, 2013, no response whatever has been filed to that motion by the Plaintiff. Additionally, the Plaintiff has failed to notify the Court whether he would be proceeding *pro se* or would be attempting to secure substitute counsel.

## LEGAL DISCUSSION

It appears that Plaintiff failed to respond to his counsel's letters and inquiries which led to their motion to withdraw being granted (ECF 6339). The Court, as NPC points out in

4

their motion to dismiss (ECF 6434), must be able to control its docket and its orders must be followed. While the sanction of dismissal is a harsh one, at some point the Court must be able to move cases forward.  In this case the Court's original scheduling order (ECF 89) provided warnings of dismissal should substitutions not be properly made. This would as a matter of course require that any prospective executor actually complete the appointment through the appropriate state court. It further appears that Plaintiff failed to cooperate with counsel, which led to their withdrawal.

Plaintiff has now failed to obey the Court's order to notify the Court within 30 days what the Plaintiff intended to do about the matter and the Plaintiff has failed to respond to a motion to dismiss.

Under these circumstances the Magistrate Judge can only conclude that the Plaintiff has abandoned this case and that dismissal is appropriate. The Plaintiff is, as will be noted below, entitled to object to this Report and Recommendation and request a *de novo* review by the District Judge.  If the Plaintiff in any way has an explanation of what has occurred regarding his appointment or his lack of response to the Court's orders and the motion to dismiss, that would be his final opportunity to do so. The Magistrate Judge believes that the cases cited by NPC in their motion are accurate and that based on the record as it exists now dismissal is appropriate.  If the motion to dismiss (ECF 6434) is

granted then the most recent motion for an order to show cause should be **TERMINATED** as moot.

### RECOMMENDATION

For the reasons stated above the Magistrate Judge recommends that this case be dismissed for failure to prosecute and failure to comply with Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 29th day of April, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge