UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| 3:07-CV-01043 (Clark, Mary Alice) | ) | |

## ORDER

Plaintiff in this action, Mary Alice Clark (Ms. Clark), died intestate on November 23, 2011. (DE 6746, ¶ 2, p. 1; Related Case 28) Defendant NPC filed a suggestion of death on April 3, 2013. (DE 6555; Related Case 26).

Counsel for the late Ms. Clark filed a motion on June 19, 2013 to substitute Dana Pace (Ms. Pace), the late Ms. Clark's granddaughter, as the plaintiff in this action. (DE 6746; Related Case 28). NPC timely filed a response in opposition to the motion on July 2, 2013. (DE 6784; Related Case 29) Counsel for the late Ms. Clark late-filed a reply in support of the motion on July 26, 2013.[1] (DE N/A; Related Case 30).

In California, "[o]n motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. § 377.31. "Successor in interest" is defined under California law as the "beneficiary of

---

[1] Counsel was advised on July 29, 2013 that the reply filed on July 26, 2013 was supposed to have been filed in the lead case, *i.e.*, in 3:06-MD-1760, whereupon the Clerk of Court would then "spread" the filing to the individual case, *i.e.*, 3:07-CV-01043. Counsel was instructed to refile the reply for that purpose. Counsel has yet to comply with the court's instructions. Consequently, any right to reply to NPC's response is deemed waived.

the decedent's estate . . . who succeeds to a cause of action or to a particular item of the property that is the subject of action." *Lickter v. Lickter*, 189 Cal.App.4th 712, 722 (Oct. 27, 2010)(quoting Cal. Civ. Proc. § 377.11). Beneficiaries to the estate of a decedent who, as here, died intestate are defined as "the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action . . . ." *Id*. (quoting Cal. Civ. Proc. § 377.10(b)(emphasis added).

Intestate succession in California is governed by Cal. Prob. Code § 6402, which provides that, where there is no surviving spouse, intestate succession goes <u>first</u> "[t]o the issue of the decedent . . . ." Cal. Prob. Code § 6402(a). The motion to substitute characterizes Ms. Pace as the late Ms. Clark's granddaughter. (DE 6746, ¶ 3, p. 1; Related Case 28) Moreover, in the various affidavits attached to the motion, Ms. Pace states unambiguously that the late Ms. Clark had a daughter, Dorothy Richards (Ms. Richards), and that Ms. Richards was "still living." (DE 6746, Ex. 2, ¶ 13, p. 2, Ex. 3, p. 1; Related Case 28) Although Ms. Pace asserts that "[n]o other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action," she clearly is mistaken. By operation of law, the late Ms. Clark's daughter – Ms. Richards – has the superior right.

Ms. Pace also refers to a second living granddaughter, Latanya Harrison (Ms. Harrison). (DE 6746, Ex. 3; Related Case 28) Even if Ms. Richards' superior right were not dispositive of the motion, Ms. Pace also cannot be viewed as "the sole person" under § 377.10(b) because of Ms. Harrison, nor can Ms. Pace be viewed as "all of the persons" because of her. Accordingly, in addition to Ms. Richards' superior right under § 6402(a), Ms. Pace cannot be viewed as the successor in interest to her late grandmother's estate under § 377.11.

2

For the reasons explained herein, the motion to substitute (DE 6746; Related Case 28) is **DENIED**.[2] Counsel may amend the motion not later than September 30, 2013. Counsel is forewarned that failure to amend by September 30, 2013 may result in the Magistrate Judge recommending that this case be dismissed with prejudice for failure to comply with the Case Management Order, and for failure to comply with Rule 25(a)(1), Fed. R. Civ. P. Appropriate sanctions may be recommended as well. No extensions of time will be granted absent good cause shown.

It is so **ORDERED**.

**ENTERED** this 9th day of September, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[2] The Magistrate Judge notes for the record that, in the reply previously deemed to have been waived, addressed *supra* at p. 1 n. 1, the argument is made again that "there is nobody with a higher priority to the estate." (DE N/A; Related Case 30, p. 3) In an <u>unsworn declaration</u> attached to the reply, Ms. Pace attempts to support that argument by declaring that Ms. Richards was "estranged" from the late Ms. Clark, that Ms. Richards suffers from unspecified "severe physical and other disabilities," and that, although, Ms. Richards "is aware of the proceedings[, she] has never expressed interest and lacks the subject matter knowledge and understanding to effectively take part and aid in the pursuit of this claim." (DE N/A; Related Case 30, Attached Declaration) Taking all of the foregoing as true, that does not extinguish Ms. Richards' superior rights under California law, nor can Ms. Pace stake claim to the superior right by dint of her unsworn declaration to that end. The issue of substitution in this case could have been avoided had an order from the California courts been obtained appointing Ms. Pace as the late "Ms. Clark's" personal representative, or had affidavits been obtained from Ms. Richards and Ms. Harrison relinquishing their claims as successors in interest, thereby establishing Ms. Pace as the "sole person" to succeed to this cause of action.

3