UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS LIABILITY LITIGATION | ) ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| 3:07-CV-00474 (Gibbs) | ) | |

# ORDER

NPC filed a suggestion of death on February 27, 2013. (DE 6405; Related Case 18) The original plaintiff in this action, Angie Gibbs (Ms. Gibbs), died intestate on January 8, 2012. (DE 6815; Related Case 31)

Counsel for the late Ms. Gibbs filed a motion for provisional substitution on July 15, 2013. (DE 6815; Related Case 31) Ms. Gibbs had no surviving spouse or children, but was survived by her parents Jeannene Levitre (Ms. Levitre) and Gary Gibbs (Mr. Gibbs), and unnamed siblings. (DE 6815, ¶ 6, p. 1; Related Case 31) Declaring that Mr. Gibbs did not wish to be substituted as plaintiff, counsel moved to substitute Ms. Levitre. (DE 6815 ¶¶ 9-10, p. 2; Related Case 31)

NPC filed a response in opposition to the motion. (DE 6849; Related Case 32) NPC argues that, having obtained two extensions of time (DE 6703, 6769; Related Case 23, 28), counsel was "inexcusably late" in filing the motion, that counsel took advantage of NPC's "good faith" in not opposing the motions, and that counsel has "misuse[d] the provisional substitution process . . . ." (DE 6849, p. 2; Related Case 32)

Counsel for the late Ms. Gibbs filed a reply on August 8, 2013. (DE 6897; Related Case 33) In the reply, counsel maintains that Ms. Levitre not only is a proper party for substitution, but that

she is the "successor in interest" under California law to her late daughter's estate.

The Magistrate Judge takes as true counsel's representation that plaintiff "has no surviving spouse and no surviving issue." (DE 6815 ¶ 6, p. 1; Related Case 31) Under California law, the intestate estate passes through intestate succession next to plaintiff's parents equally, *i.e.*, in equal part to Ms. Levitre and Mr. Gibbs. Cal. Prob. Code § 6402(b). The only question is whether Ms. Levitre is the late Ms. Gibbs' "successor in interest" as counsel maintains.

"Successor in interest" is defined under California law as the "beneficiary of the decedent's estate . . . who succeeds to a cause of action or to a particular item of the property that is the subject of action." *Lickter v. Lickter*, 189 Cal.App.4th 712, 722 (Oct. 27, 2010)(quoting Cal. Civ. Proc. § 377.11). Beneficiaries to the estate of a decedent who, as here, died intestate are defined as "the **sole person or all of the persons** who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action . . . ." *Id.* (quoting Cal. Civ. Proc. § 377.10(b)(emphasis added). Under California law, Ms. Levitre and Mr. Gibbs are "all of the persons" who succeed to this cause of action. Therefore, they qualify – together – as "successors in interest" who – together – may represent this action. Were Mr. Gibbs to relinquish his right under California law, then Ms. Levitre would qualilfy to represent this cause of action as the "sole person."

In her affidavit, executed on July 19, 2013, Ms. Levitre attests that "Gary Gibbs does not wish to be substituted as plaintiff in this action." (DE 6897, Ex. A, ¶ 8, p. 2) Counsel has not provided an affidavit executed by Mr. Gibbs wherein Mr. Gibbs attests that he does not wish to be substituted as a plaintiff in this action. Nor may Ms. Levitre waive that right for him. In short, absent an affidavit executed by Mr. Gibbs in which he attests that he does not wish to be substituted as a plaintiff to this action, Ms. Levitre cannot be viewed as "successor in interest," because she is

2

neither the "sole person" nor "all of the persons" as required under California law.

The motion for substitution (DE 6815; Related Case 48) is **DENIED** for the reasons explained above. Counsel may amend the motion, but not later than September 30, 2013. Should counsel again seek to substitute Ms. Levitre as the sole "successor in interest," then counsel shall provide an affidavit from Mr. Gibbs in which Mr. Gibbs attests that he does not wish to be substituted as a plaintiff to this action. Although not required under California law, the Magistrate Judge requires Mr. Gibbs' affidavit to protect his interests in this case.

Counsel is forewarned that, should he fail to comply fully with this order by September 30, 2013, the Magistrate Judge may recommend that this case be dismissed with prejudice for failure to comply with the orders of the court, for failure to comply with the Case Management Order in this MDL, and for failure to comply with Rule 25(a)(1), Fed. R. Civ. P. Appropriate sanctions may be recommended as well. No extensions of time will be granted absent good cause shown.

It is so **ORDERED**.

**ENTERED** this 9th Day of September, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge