UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

In Re:                              )
                                    )
AREDIA and ZOMETA PRODUCTS          )    No. 3:06-MDL-01760
LIABILITY LITIGATION                )    Judge Campbell/Brown
(MDL No. 1760)                      )
                                    )
This Document Relates to            )
All Cases                           )

                              **O R D E R**

	A telephone conference was held in this matter on September 5, 2013, at the request of the Defendant. The principal issue raised concerned responses to Novartis's Interrogatories 1 and 4, which pertain to plaintiffs' medical expenses. The Magistrate Judge has entered a separate order concerning this issue. (DE 6956)

	One counsel raised the issue of substantial expenses that would be incurred in complying with the requirement to provide medical records, arguing that the requested medical records already were being compiled in a central data base. Counsel noted that, in the case of his client, the costs of obtaining all of the requested medical records from the data base was very substantial. The Defendant argued that, if the cost of obtaining the records from the data base were too expensive, then Plaintiff's counsel could obtain the information directly from the doctors. The Magistrate Judge directed the parties to discuss this issue offline to see if some accommodation could be reached but, if not, they were free to file a motion on that particular issue.

Mr. Vecchione advised the Magistrate Judge that he had just become aware that there might be some discovery problems with two of the cases that he had recently inherited. Mr. Vecchione and Mr. Mickum agreed to discuss the potential problems and work together to resolve the matter without further need to consult with the Magistrate Judge.

The Magistrate Judge advised the parties that he would enter an order addressing counsels' duties when a Plaintiff dies, in particular the requirement to open a deceased plaintiff's estate where required under state law in accordance with paragraph V of the Case Management Order. Mr. Osborn pointed out that in some states opening an estate is an expensive process. That may well be true. However, where state law requires that an estate be opened, the court must ensure that is done. It makes no sense to work a case with million-dollar claims only to have it dismissed either here or on remand for failure to comply with state law.

The Magistrate Judge further took up with the parties' issues concerning late notices of cancelling depositions, and late requests for additional time. Moving to quash and for a protective order the day prior to a scheduled deposition is unlikely to succeed, and likely will entitle the opposing party to recover costs of litigation. Motions for extensions of time filed after the fact are not well received. In short, parties need to file

2

timely motions for relief if they expect to receive the relief sought.

The Magistrate Judge also expressed his concern that, while he set this telephone conference at the request of Novartis, many of the parties were unaware of the issues to be discussed. In the future, the Magistrate Judge will not set a telephone conference with the parties unless the requesting party has provided opposing counsel and the Magistrate Judge with a specific list of topics they wish to discuss. An agenda for what will be covered is essential to ensure that the telephone conference is productive, and that all concerned have a reasonable chance to prepare.

It is so **ORDERED**.

**ENTERED** this the 9th day of September, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3