UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| Case No. 3:08-CV-00087 (*Dahl*) ) | |

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that counsels' motion to withdraw (MDL Doc. 6695; Related Case 17) be **GRANTED**, that Novartis Pharmaceuticals Corporation's (NPC) cross-motions to vacate and dismiss with prejudice (6706; Related Case 19) be **DENIED**, and that this case be **DISMISSED** without prejudice[1] under Rule 41(b), Fed. R. Civ. P. for failure to prosecute and obey the orders of the court.

### I. BACKGROUND

Attorney Robert Germany has filed a motion asking that counsel be permitted to "withdraw as attorneys for Plaintiff, Kathryn N. Dahl, Personal Representative of Eval Dahl, deceased . . . ." (MDL Doc. 6695; Related Case 17) Mr. Germany asserts that, "[d]espite repeated efforts by telephone and United States Mail, counsel has been unable to contact Plaintiff. This situation makes it impossible for counsel to represent Plaintiff." Mr. Germany has attached a copy of a letter to Ms. Dahl dated April 23, 2013 in which he describes efforts to contact her, and advising plaintiff that he would move to withdraw as her attorney if she did not contact him by May 17, 2013. (MDL Doc. 6695, Ex. 1; Related Case 17)

---

[1] As a practical matter, even if the case is dismissed without prejudice, statute of limitations issues may well bar refiling the case.

Thereafter, Mr. Germany filed a supplement to his motion. (MDL Doc. 6705; Related Case 18) Mr. Germany moved in the supplement to include "Yvonne M. Flaherty and her law firm Lockridge, Grindal Nauen P.L.L.P. and Michael W. Patrick and his law firm the Law Office of Michael W. Patrick" in the original motion to withdraw. Mr. Germany explained that "Ms. Flaherty and her firm filed the Complaint at [his] request . . . serv[ing] as local Counsel in the District of Minnesota until the case was transferred into this MDL," and that "Mr. Patrick was erroneously shown as counsel for Mrs. Dahl," but that he "ha[d] never been counsel for Mrs. Dahl and . . . was added to the original complaint due to clerical error."

NPC responded in opposition to the motion to withdraw. (MDL Doc. 6706; Related Case 19) In its response, NPC also filed cross-motions to vacate the court's prior order granting substitution in this case, and to dismiss with prejudice for failure to comply with Rule 25(a), Fed. R. Civ. P. and the Case Management Order (CMO) in this multi-district litigation (MDL). This matter was referred to the Magistrate Judge for an R&R following NPC's response. (MDL Doc. 6709; Related Case 20)

Mr. Germany timely filed a reply to NPC's response. (MDL Doc. 6738; Related Case 23) Thereafter, the Magistrate Judge entered an order on August 5, 2013 advising plaintiff that counsel had moved to withdraw their representation in her case, and directing her to advise the court not later than September 4, 2013 "whether she intend[ed] to pursue this case through new counsel or *pro se*, or whether she intend[ed] to dismiss it." (MDL Doc. 6887; Related Case 24) In that order, the Magistrate Judge forewarned Ms. Dahl that, failure to respond by September 4, 2013 would "result in a recommendation that this case be dismissed for failure to obey the orders of the court and for failure to prosecute."

The Clerk was instructed to send a copy of the order to Ms. Dahl by both regular and certified

2

mail. The certified mail return receipt was signed by Ms. Dahl on August 9, 2013. (MDL Doc. 6905; Related Case 26)

## II. ANALYSIS

Rule 41(b), Fed. R. Civ. P gives the "district courts the authority to dismiss an action for failure . . . to prosecute . . . or to comply with the [Federal Rules of Civil Procedure] or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)(citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir.1999); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted."). This rule allows the district courts to manage their dockets and avoid unnecessary burdens on both the courts and opposing parties. *Schafer*, 529 F.3d at 736 (citing *Knoll*, 176 F.3d at 363).

The Magistrate Judge gave Ms. Dahl thirty days to respond to his order directing her to advise the court whether she was going to obtain new counsel, proceed *pro se*, or dismiss the case. Nearly three weeks have passed since Ms. Dahl was required to respond to the court's order, but she has not done so. Neither has Ms. Dahl filed a motion for an extension of time to comply. Inasmuch as Ms. Dahl signed the certified mail return receipt, there is no doubt that she received the court's order. She appears merely to have disregarded it, just as she disregarded counsels' attempts to contact her before.

For the reasons explained above, this case should be dismissed for failure to prosecute and obey the orders of the court. Moreover, this is not a case in which an otherwise unknowing plaintiff stands be prejudiced by dismissal because of the actions of counsel. The recommendation of dismissal here arises from plaintiff's own conduct. Therefore, the undersigned is of the opinion that

the four-part analysis required under *Schafer*, 529 F.3d at 737 prior to dismissing a case on procedural grounds for actions attributable to counsel is not required here.

### III. CONCLUSION

For the reasons explained above, the Magistrate Judge recommends that counsels' motion to withdraw (MDL Doc. 6695; Related Case 17) be **GRANTED**, that NPC's cross-motions to vacate and dismiss with prejudice (6706; Related Case 19) be **DENIED**, and that this case be **DISMISSED** without prejudice under Rule 41(b) for failure to prosecute and obey the orders of the court.

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the district court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this the 23rd day of September, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge