UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| ) | |
| 3:07-00538 (*Sanderson*) ) | |

## ORDER

Plaintiff Phyllis Williams (Ms. Williams) filed a motion to quash and for a protective order on July 28, 2013. (MDL Doc. 6851; Related Case 29) At issue is Ms. Williams's deposition that was scheduled for July 29, 2013.

Plaintiff asserts that she agreed to be deposed in "late June 2013," but that she "decided to use alternative local counsel [but] was unable to arrange to have that counsel sufficiently prepared for the July 29, 2013 deposition." (MDL Doc. 6851, ¶¶ 2-3, pp. 1-2; Related Case 29) Plaintiff asserts that NPC was notified by e-mail on July 25, 2013 and again on July 27, 2013 of the need to reschedule the deposition, but that the Novartis Pharmaceuticals Corporation (NPC) was that, "in the absence of an excuse satisfactory to it or the proposal of alternative dates . . . it intended to proceed with the deposition." (MDL Doc. 6851, ¶ 5, p. 2; Related Case 29)

NPC has provided in its response a copy of the initial notice of deposition, dated July 1, 2013, scheduling the Ms. Williams' deposition for July 29, 2013, and an amended notice dated July 16, 2013 setting the specific time and place that the deposition would be taken on July 29, 2013. (MDL Doc. 6878-1; Related Case 30) The essence of NPC's argument is captured in the following statement:

[Counsel] is yet again filing another 'series of last minute motions to

> quash and for protective orders. . . . Given that [counsel] must have
> known his alleged objections for the deposition[] for some time, there
> can be no appropriate reason [counsel] waited until the Sunday
> afternoon before the[] deposition[] to file his motion[].

(MDL Doc. 6878, pp. 1-2; Related Case 30)[1]  NPC asks the court to: 1) deny plaintiff's motion to quash and for a protective order; 2) order plaintiff to complete his deposition "promptly" at plaintiff's expense, or dismiss the case; 3) award costs and sanctions. (MDL Doc. 6878, pp 2, 7; Related Case 30)

Ms. Williams' deposition was noticed for Monday, July 29, 2013.  The motion to quash and for a protective order was not filed until the day prior, on Sunday, July 28, 2013.  The Magistrate Judge has emphasized previously with counsel the proper procedures to follow regarding motions to quash and for protective orders.  The Magistrate Judge made it very clear to counsel in at least one earlier order that the time to file a motion to quash and for a protective order "is not the day prior to the scheduled deposition."  (MDL Doc. 6656)  The Magistrate Judge also reminded counsel in that same order that "[t]he issue of last minute motions to quash and for protective orders . . . was discussed at length at the April 11, 2013 Rule 16 hearing in Nashville."  (MDL Doc. 6594, 6656)  At the Rule 16 hearing, the Magistrate Judge specifically advised counsel that, "absent good cause shown" for not completing noticed depositions, sanctions and/or costs were warranted.

Motions to quash and for protective orders filed the day prior to the day of a scheduled deposition are not well received, and will not result in the relief sought.  Plaintiff's motion to quash and for a protective order (MDL Doc. 6851; Related Case 29) is **DENIED**.

NPC's request that plaintiff complete her deposition "promptly" is GRANTED.  Plaintiff shall complete the required deposition not later than October 23, 2013.  Plaintiff is forewarned that

---

[1] NPC has supported its opposition to plaintiff's motion with extensive documentation detailing its efforts to conduct the depositions at issue.

failure to complete the required deposition by October 23, 2013 may result in sanctions for failure to obey the orders of the court.

NPC's request that plaintiff bear the cost of completing the deposition is DENIED, as is NPC's request for both costs <u>and</u> sanctions. However, costs <u>or</u> sanctions will be awarded using the same formula announced at the April 11, 2013 Rule 16 hearing, *i.e.*, the award of actual costs incurred by NPC or, in the event no actual costs were incurred, a $500.00 minimum sanction for failure to complete the scheduled deposition, and more where circumstances warrant. (MDL Doc. 6594, p. 2) NPC shall file with the court any actual costs incurred in this matter not later than October 11, 2013.

It is so ORDERED.

ENTERED this 24th day of September, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge

3

Case 3:06-md-01760   Document 7016   Filed 09/24/13   Page 3 of 3 PageID #: 290928