UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| 3:07-00470 (*Feller*) | ) | |

## ORDER

Plaintiff Huran Feller (Mr. Feller) filed two motions to quash and for protective orders on July 28, 2013, the first seeking to block his deposition scheduled for July 29, 2013, and the other seeking to block the deposition of his daughter, Linda Capley (Ms. Capley), also scheduled for July 29, 2013. (MDL Doc. 6852, 6853; Related Case 26, 27)

Mr. Feller asserts that he was scheduled to be deposed on May, 2, 2013, but subsequently "decided to use alternative local counsel and was unable to arrange to have that counsel sufficiently prepared for the July 29, 2013 deposition." (MDL Doc. 6582, ¶¶ 2-3, p. 1; Related Case 26) Plaintiff asserts that counsel notified NPC of the need to reschedule the deposition on July 25, 2013 and again on July 27, 2013, but that NPC responded by "stating that they would not agree to reschedule the deposition." (MDL Doc. 6852, ¶ 5, p. 2; Related Case 26)

Plaintiff asserts that counsel "never offered or agreed to a deposition date for Ms. Capley." (MDL Doc. 6853, ¶ 4, p. 1; Related Case 27) Plaintiff maintains that counsel notified NPC that plaintiff "intended to move for a protective order because we never offered or agreed to a deposition date." (MDL Doc. 6583, ¶ 5, p. 1; Related Case 27) Plaintiff argues further that "the practice of the parties through Group 1 and Group 2 (with limited exceptions) has been to conduct the depositions of the plaintiff (or the plaintiff['s] representative) and the plaintiff's treating physicians . . . and to defer the depositions of non-physicians and non-plaintiffs until the case has been remanded . . . ." (MDL Doc.

6853, ¶ 6, p. 2; Related Case 27)  Plaintiff has "agree[d] to make Ms. Capley available for deposition following the remand of this case." (MDL Doc. 6853, ¶ 7, p. 2; Related Case 27)

NPC has provided in its response a copy of the notice of deposition, dated May 1, 2013, scheduling the Mr. Feller's deposition for May 29, 2013, an amended notice dated July 15, 2013 rescheduling the deposition for July 29, 2013 in Winchester, Tennessee, and a second amended notice scheduling the July 29, 2013 deposition at Mr. Feller's residence in Winchester, Tennessee. (MDL Doc. 6878, Ex. 2, pp. 3, 8, 17; Related Case 28) NPC also has provided in its response a copy of the notice of deposition, dated July 15, 2013, scheduling Ms. Capley's deposition on July 29, 2013 in Winchester, Tennessee.  (MDL Doc. 6878, Ex. 2, p. 10; Related Case 28)

The essence of NPC's argument is captured in the following statement:

> [Counsel] is yet again filing another 'series of last minute motions to quash and for protective orders. . . .'  Given that [counsel] must have known his alleged objections for the depositions for some time, there can be no appropriate reason [counsel] waited until the Sunday afternoon before these depositions to file his motions.

MDL Doc. 6878, pp. 1-2; Related Case 28)[1]  NPC asks the court to: 1) deny plaintiff's motions to quash and for protective orders; 2) order plaintiff to complete these depositions "promptly" at plaintiff's expense, or dismiss the case; 3) award costs and sanctions. (MDL Doc. 6878, pp 2, 7; Related Case 30)

Both Mr. Feller's and Ms. Capley's depositions were noticed for Monday, July 29, 2013.  The motions to quash and for protective orders were not filed until the day prior, on Sunday, July 28, 2013.  The Magistrate Judge has emphasized previously with counsel the proper procedures to follow regarding motions to quash and for protective orders.  The Magistrate Judge made it very clear to counsel in at least one earlier order that the time to file a motion to quash and for a protective order "is not the day prior to the scheduled deposition." (MDL Doc. 6656)  The Magistrate Judge also reminded counsel in

---

[1] NPC has supported its opposition to plaintiff's motions with extensive documentation detailing its efforts to conduct the depositions at issue.

2

that same order that "[t]he issue of last minute motions to quash and for protective orders . . . was discussed at length at the April 11, 2013 Rule 16 hearing in Nashville." (MDL Doc. 6594, 6656) At the Rule 16 hearing, the Magistrate Judge specifically advised counsel that, "absent good cause shown" for not completing noticed depositions, sanctions and/or costs were warranted.

Motions to quash and for protective orders filed the day prior to the day of a scheduled deposition are not well received, and will not result in the relief sought. Plaintiff's motions to quash and for protective orders (MDL Doc. 6852, 6853; Related Case 26, 27) are **DENIED**.

NPC's request that plaintiff complete the depositions at issue "promptly" is GRANTED. Plaintiff shall complete the depositions of both Mr. Feller and Ms. Capley not later than October 23, 2013. Plaintiff is forewarned that failure to complete the required depositions by October 23, 2013 may result in sanctions for failure to obey the orders of the court.

NPC's request that plaintiff bear the cost of completing these depositions is DENIED, as is NPC's request for both costs and sanctions. However, costs or sanctions will be awarded using the same formula announced at the April 11, 2013 Rule 16 hearing, *i.e.*, the award of actual costs incurred by NPC or, in the event no actual costs were incurred, a $500.00 minimum sanction for failure to complete the scheduled deposition, and more where circumstances warrant. (MDL Doc. 6594, p. 2) NPC shall file with the court any actual costs incurred in this matter not later than October 11, 2013.

It is so ORDERED.

ENTERED this 24th day of September, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge

3