UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| ) | |
| 3:07-00394 (*Grant*) ) | |

# ORDER

Plaintiff, Cathy Grant (Ms. Grant), filed a motion to quash and for a protective order on August 26, 2013.[1] (MDL Doc. 6929; Related Case 34) The Novartis Pharmaceuticals Corporation (NPC) filed a response in opposition to the motion the following day, on August 27, 2013. (MDL Doc. 6931; Related Case 35) Plaintiff did not file a reply.

Ms. Grant was scheduled to be deposed on August 27, 2013. (MDL Doc. 6929, p. 1; Related Case 34) Counsel for plaintiff asserts that Ms. Grant "informed counsel that she [wa]s no longer interested in continuing with the lawsuit," but that "Kimberly Cerra, one of Mr. Grant's daughters, is willing and able to proceed with the lawsuit . . . [and] has agreed to make herself available for a deposition . . . ." (MDL Doc. 6929, ¶¶ 3-4, p. 1; Related Case 34)

Plaintiff asserts that "[c]ounsel for Ms. Grant notified defense counsel . . . of this development via e-mail at 11:32 a.m. today," *i.e.* on August 26, 2013, and that "Ms. Grant's deposition would not proceed on August 27 . . . ." (MDL Doc. 6929, ¶ 5, p. 2; Related Case 34) The portion of the e-mail relevant to the motion before the court reads as follows: "We recently learned Cathy Grant, Preston Grant's former spouse, is not willing to proceed with the lawsuit." (MDL Doc.

---

[1] Ms. Grant, "the former wife of Preston Grant [Mr. Grant], was substituted . . . as the personal representative of the estate of [Mr.] Grant on August 5, 2008." (MDL Doc 1497, 6929, ¶ 2; Related Case 11, 34)

6929, Ex. A; Related Case 34)

NPC opposes plaintiff's motion to quash and for a protective order. NPC also argues in its response that plaintiff was granted three prior extensions of time to complete Ms. Grant's deposition, and has attached copies of those orders to its response. (MDL Doc. 6931, Ex. A; Related Case 35) NPC points out that, in its July 10, 2010 Order (MDL Doc. 6803; Related Case 32), the court wrote:

> Plaintiffs shall provide NPC with dates for the deposition of the plaintiffs or proposed substitute plaintiffs . . . **NOT LATER THAN** July 24, 2013. If counsel is unable to comply with this order in the additional time provided, counsel shall notify the court not later than July 25, 2013 why he has been unable to schedule the depositions at issue, and what steps he is taking to resolve the issue. No further extension of time will be granted absent good cause shown.

(MDL Doc. 6931, Ex. A, pp. 7-8; Related Case 35)(emphasis in the original)

NPC argues that plaintiff has failed to comply with the court's prior orders, and that plaintiff has not requested an extension of time to do so. (MDL Doc. ¶ 5, p. 3; Related Case 35) NPC argues further that it is entitled to depose Ms. Grant as a fact witness because she was the late plaintiff's spouse, and because she has served as the substitute plaintiff in this action for the last five years. (MDL Doc. 6931, ¶¶ 5-6, p. 3; Related Case 35) NPC asks that the court compel counsel to produce Ms. Grant for deposition. (MDL Doc. 6931, ¶ 6, p. 3; Related Case 35)

The record shows that plaintiff's deposition was noticed on August 12, 2013, with the deposition scheduled for August 27, 2013. (MDL Doc. 6931, Ex. D; Related Case 35) As shown above, plaintiff did not notify NPC of its intent to cancel the scheduled deposition until August 26, 2013 – the day before the deposition was scheduled to be taken.

Motions to quash and for protective orders filed the day prior to the day of a scheduled deposition are not well received, and generally will not result in the relief sought. There is nothing in phrase in counsel's e-mail, "[w]e recently learned," to support the conclusion that more timely

notification was not possible. Given the frequency of similar motions involving present counsel, the Magistrate Judge is confident that, had Ms. Grant's decision prevented earlier notification, counsel would have said so. He has not. Instead, counsel rests his argument on the ambiguous phrase, "[w]e recently learned." Plaintiff's motion to quash and for a protective order (MDL Doc. 6929; Related Case 34) is **DENIED**.

A review of the record shows that plaintiff also has not complied with the court's prior orders pertaining to the deposition of Ms. Grant. NPC's request that Ms. Grant complete the deposition at issue is GRANTED for the reasons previously noted, *supra* at p. 2. Counsel shall ensure that Ms. Grant's deposition is completed promptly, but in any event not later than October 18, 2013. Plaintiff is forewarned that failure to complete Ms. Grant's deposition by October 18, 2013 may result in sanctions for failure to obey the orders of the court.

It is so ORDERED.

ENTERED this 1st day of October, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge

3