UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| 3:07-00961 (*Yeager*) | ) | |

# ORDER

Plaintiff, Lois Yeager (Ms. Yeager), filed a motion to quash and for a protective order on August 27, 2013. (MDL Doc. 6932; Related Case 41) The Novartis Pharmaceuticals Corporation (NPC) filed a response in opposition to plaintiff's motion on August 29, 2013. (MDL Doc. 6937; Related Case 42) Plaintiff did not reply, and the time for her to do so has passed.

On August 30, 2013, plaintiff filed a second motion, this one to move her case from Group 2 to Group 3. (MDL Doc. 6941; Related Case 43) NPC filed a response on September 13, 2013 in opposition to plaintiff's second motion. (MDL Doc. 6991; Related Case 46) Plaintiff did not reply, and the time for her to do so has passed.

### Plaintiff's Motion to Quash and
### for a Protective Order
### (MDL Doc. 6932; Related Case 41)

Ms. Yeager was scheduled to be deposed on August 28, 2013. (MDL Doc. 6932, p. 1; Related Case 41) Counsel explains that the deposition was canceled because Ms. Yeager is "currently caring for her daughter . . . who, we have been informed has Stage 4 lung cancer,"[1] and that her "care-giving has consumed a great deal of her time over the last several months." (MDL

---

[1] Counsel's choice of words suggests that he did not confirm the nature of the daughter's illness, or her actual condition, before representing this consideration as grounds for relief in both motions before the court.

Doc. 6932 ¶¶ 4-5; Related Case 41) Counsel also advises the court that "Ms. Yeager has informed [him] that she [wa]s having reservations about proceeding with her case," and that she was concerned "about imposing on her oncologist," Dr. Vicki Baker, M.D., "because her oncologist . . . would have to be deposed." (MDL Doc. 6932, ¶¶ 6-7; Related Case 41) Counsel claims to have advised NPC defense counsel, Vani Singhal (Mr. Singhal), by telephone of these developments "at about 4:00 p.m. CST today," *i.e.*, August 27, 2013, at the same time counsel informed Mr. Singhal that Ms. Yeager would not sit for the deposition the following day. (MDL Doc. 6932, ¶ 8; Related Case 41)

NPC argues that plaintiff's motion should be denied because NPC informed counsel "more than two months" before that "plaintiff told her doctor . . . she intended to dismiss her case and had apparently written a letter to inform Mr. Osborn of that fact." (MDL Doc. 6937, p. 1; Related Case 42) NPC argues that, under these facts, plaintiff's failure to cancel the deposition until the day prior constitutes sufficient grounds alone for denying the motion.

NPC also argues that this motion is just the most recent example of counsel's ongoing last-minute motions for protective orders arising from facts about which counsel knew, of should have known, well in advance. NPC argues that the deposition was noticed on July 29, 2013, and that the date selected was one that had been provided by counsel. NPC alleges that counsel knew, or should have known, that Ms. Yeager was considering dismissing this lawsuit since June 6, 2013, when NPC wrote a letter to him to that effect. NPC argues further that counsel's statement that Ms. Yeager is concerned that her oncologist will have to be deposed is irrelevant, because Dr. Baker's deposition was scheduled that same day, August 29, 2013. (As discussed *infra* at p. 5, Dr. Baker was deposed as scheduled. (MDL Doc. 6991, p. 2; Related Case 46))

Finally, NPC argues that fact discovery in this case is almost complete, lacking only two

depositions, Ms. Yeager's, and that of her oncologist, Dr. Baker which, as already noted, has been completed.

The record shows that, on June 6, 2013, Mr. Singhal wrote the following in a letter to Mr. Osborn:

> I have been trying to schedule a deposition of Ms. Yeager's oncologist, Vicki Baker, MD, through her attorney Bob Latham. Mr. Latham has informed me that Ms. Yeager told her oncologist's office that she is dismissing her lawsuit. Please confirm that you are dismissing this case . . . that I may cease scheduling depositions.

(MDL Doc. 6937, Ex. B & C-1; Related Case 42)

In an affidavit executed on August 29, 2013, Mr. Singhal states that, "[o]n June 13, 2013, Mr. Osborn informed me that he was not dismissing the lawsuit." (MDL Doc. 6937, Ex. C, ¶ 4; Related Case 42) Mr. Osborn's actual response to Mr. Singhal's request for confirmation is quoted in relevant part below:

> The amateurish nature of your e-mails,[2] correspondence and most recently, your discovery requests, is amusing. Under what legal theory do you think you are entitled to correspondence between me and my client?
>
> If a decision is made to dismiss this lawsuit, you will be informed. Your begging for a response is not attractive.

(MDL Doc. 6937, Ex. C-2; Related Case 42) Thereafter, plaintiff's deposition was noticed on July 29, 2013, with the deposition scheduled for August 28, 2013. (MDL Doc. 6937, Ex. A; Related Case 42)

---

[2] Mr. Singhal's e-mail to which Mr. Osborn refers is quoted below in its entirety.

> Mr. Osborn –
> I will appreciate your response to my attached letter.
> Are you dismissing this case in accordance with your client's request?
> Thanks –
> Vani Singhal

3

The record shows that Mr. Osborn was personally aware at least as early as June 13, 2013 that there was some question regarding whether there was any need to continue trying to take Ms. Yeager's deposition, that Mr. Osborn rebuffed NPC's efforts to clarify whether Ms. Yeager would agree to be deposed, that NPC provided ample notice of Ms. Yeager's subsequently scheduled deposition, and that Mr. Osborn did nothing in the 2½ months between being made aware that there was an issue until he filed the motion before the court the day prior to Ms. Yeager's scheduled deposition.

Motions to quash and for protective orders filed the day prior to the day of a scheduled deposition are not well received. Generally, such late-filed motions will not result in the relief sought. Apart from Mr. Osborn's apparent bad faith in dealing with Mr. Singhal and NPC in this matter, the motion to quash and for a protective order was untimely. Because counsel has failed to show good cause for the delay, plaintiff's motion to quash and for a protective order (MDL Doc. 6932; Related Case 41) is **DENIED**.

### Plaintiff's Motion to Move Her Case from Group 2 to Group 3
### (MDL Doc. 6941; Related Case 43)

Plaintiff provides the following arguments in support of her motion to move her case from Group 2 to Group 3: 1) her own case-related health issues; 2) her responsibilities in providing care for her daughter; and 3) her concern about the need to depose her oncologist, Dr. Baker[3] in order to proceed with this case. (MDL Doc. 6941; Related Case 43) Notwithstanding the foregoing, counsel asserts that, "[a]s of the filing of this motion, Ms. Yeager is prepared to proceed with her case . . . ." (MDL Doc. 6941; Related Case 43)

---

[3] Counsel inexplicably asserts on the one hand that plaintiff is concerned about imposing on Dr. Baker because of the need to depose her, but on the other hand, acknowledges that Dr. Baker already has been deposed. (MDL Doc. 6941; Related Case 43)

4

NPC argues, in part, that plaintiff has not established good cause for moving her case from Group 2 to Group 3. Moreover, NPC argues that Dr. Baker's deposition has been completed, and that discovery is complete in this case except for taking Ms. Yeager's deposition. (MDL Doc. 6991; Related Case 46)

The Magistrate Judge is not insensitive to Ms. Yeager's situation. However, the record shows that Ms. Yeager "is prepared to proceed with her case," that Dr. Baker's deposition already has been taken, and that all that stands in the way of a suggestion of remand in this case is to complete Ms. Yeager's deposition. Under these facts, no useful purpose would be served in moving this case from Group 2 to Group 3. On the other hand, moving Ms. Yeager's case from Group 2 to Group 3 would have the effect of delaying any relief to which Ms. Yeager might be entitled, which certainly would not seem to be in her best interest. For these reasons, plaintiff's motion to move her case from Group 2 to Group 3 (MDL Doc. 6941; Related Case 43) is **DENIED**.

Counsel is ORDERED to take one of the following actions not later than October 30, 2013: 1) complete Ms. Yeager's deposition; or 2) file a stipulation of voluntary dismissal with prejudice. Counsel is forewarned that failure to do one or the other by October 30, 2013 may result in sanctions for failure to comply with the orders of the court. Owing to the history of this matter, no extensions of time will be granted absent good cause shown.

It is so ORDERED.

ENTERED this 2nd day of October, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge
