UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

In Re:                              )
                                    )
AREDIA and ZOMETA PRODUCTS          )    No. 3:06-MD-1760
LIABILITY LITIGATION                )    Judge Campbell
(MDL No. 1760)                      )    Magistrate Judge Brown
                                    )
This Document Relates to:           )
Case 3:07-0394 (Grant)              )

## **O R D E R**

A 40-minute telephone conference was held with the parties in this matter on October 16, 2013. This case, which is presently in Group 2, has unfortunately run into a serious problem. On August 5, 2008 (Docket Entry 11), the Magistrate Judge granted a motion (Docket Entry 10) to substitute Cathy Grant as surviving spouse of Mr. Preston Grant. The motion for substitution cited that Mr. Grant passed away on February 23, 2008, and that under New York law his claims survived to his personal representative. It further stated that pursuant to Mr. Grant's last will and testament his wife, Cathy Grant, had been named Executrix of Mr. Grant's estate.

When the case was ready for discovery, difficulties arose in scheduling Mrs. Grant's deposition. From the telephone conference Mr. Osborn represented that Mrs. Grant had subsequently remarried and that the three surviving children of Mr. Grant were by a previous wife and were not children of Mrs. Cathy Grant.

In the motion for provisional substitution filed shortly before the telephone conference (Docket Entry 49), Mr. Osborn represented that Mrs. Cathy Grant (now Cathy Bostic, but

hereinafter referred to as Mrs. Grant) has remarried and is no longer interested in proceeding as the Plaintiff in this action. He represents that Mr. Grant's daughter, Kimberly Cerra, wishes to be substituted in this action and has agreed to take the steps necessary to gain the legal authority to continue this action.

The Magistrate Judge raised questions as to what the provisions of the will actually were, whether an estate had been opened, if one had been opened, whether it had been closed, as well as whether New York law would permit a substitution if the will was not probated or probated and closed. Novartis had similar issues and wanted to be sure who Mr. Osborn represented at this point, in view of Mrs. Grant's statements that she no longer wished to be the Plaintiff in the matter.

Cases should, where possible, be decided on the merits. However, if under New York law substitution is not possible then it is best to resolve that issue now rather than later. Normally, the failure of the Plaintiff to participate in a deposition would be grounds for dismissal once the individual had been warned. In this case Mrs. Grant was warned that failing to be deposed by October 18, 2013, could result in sanctions for failure to obey the order of the Court.

In an effort to resolve the legal status of who will or can be the plaintiff in this matter, the Magistrate Judge will **DENY** without prejudice the motion to substitute a party (Docket Entry

2

7069)and allow Plaintiff's counsel until **November 6, 2013,** to file a motion to actually substitute Kimberly Cerra for Cathy Grant. In filing this motion counsel should attach a copy of the will, an affidavit from Mrs. Grant concerning whether she intends to dismiss the case entirely or to resign as executrix.

Novartis has raised a question as to whether any estate was ever opened. Counsel for the Plaintiff should address this issue and provide case law, which would allow either the substitution of an executor or the opening of an estate and appointment of an executor at this late date.

Novartis will then have **14 days** within which to respond to the motion for substitution.

As Mr. Grant's surviving spouse at the time of his death, Novartis is entitled to take Mrs. Grant's deposition, whether as a party or as a witness. If the case moves forward she will be deposed at some point. At the present time the Magistrate Judge considers that Mr. Osborn represents both Mrs. Grant and Kimberly Cerra, unless otherwise notified.

If a motion to substitute is granted this case will be moved to a later group.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3