# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| ) | |
| 3:07-CV-01043 (Clark, Mary Alice) ) | |

## ORDER

The Magistrate Judge entered an order on September 9, 2013 instructing plaintiff to file an amended motion to substitute "not later than September 30, 2013." (MDL Doc. 6969; Related Case 32) In his order, the Magistrate Judge cautioned plaintiff that:

> failure to amend by September 30, 2013 may result in the Magistrate Judge recommending that this case be dismissed with prejudice for failure to comply with the Case Management Order, and for failure to comply with Rule 25(a)(1), Fed. R. Civ. P. Appropriate sanctions may be recommended as well. No extensions of time will be granted absent good cause shown.

Plaintiff did not comply with the Magistrate Judge's order by the date specified, nor did she request an extension of time to do so. Plaintiff still has not filed an amended motion to substitute more than fifty days after the fact.

On October 10, 2013, ten days after plaintiff was required to comply with the Magistrate Judge's prior order, defendant Novartis Pharmaceuticals Corporation (NPC) filed a motion to dismiss for failure to comply with the orders of the court.[1] (MDL Doc. 7047; Related Case 33) Plaintiff filed a response to NPC's motion to dismiss on November 15, 2013 – nearly two weeks

---

[1] A copy of NPC's motion to dismiss was served electronically on counsel for plaintiff on October 10, 2013. (MDL Doc. 7047, p. 4; Related Case 33)

after the time required under the Case Management Order (CMO). (MDL Doc. 7143; Related Case 36) Plaintiff asserts without elaboration that "[d]ue to the personal circumstances of Mr. Richards and Ms. Harrison, an extended period of time was required to make contact and address the situation with them." (MDL Doc. 7143, p. 2; Related Case 36) In her response, plaintiff requests that the court "withhold judgment on Defendant's currently pending Motion to Dismiss and allow Plaintiff a short period to file a Supplemental Response to said Motion and amend her original Motion to Substitute . . . ." (MDL Doc. 7143, p. 2; Related Case 36)

Plaintiff's vague reference to "personal circumstances" does not constitute good cause for her failure to comply with the Magistrate Judge's September 9, 2013 order. Plaintiff's vague reference to "personal circumstances" would not have constituted good cause for an extension of time had she filed for an extension of time to comply with the Magistrate Judge's September 9, 2013 order. Plaintiff's vague reference to "personal circumstances" does not constitute good cause for an extension of time to file an amended motion to substitute fifty days late. Plaintiff's vague reference to "personal circumstances" does not constitute good cause for her failure to file a response to NPC's motion to dismiss within the time frame specified by the CMO.

Plaintiff's motion for a "short period" of time to file a supplemental response to NPC's motion to dismiss is **DENIED**. Plaintiff has had ample time to respond to NPC's motion to dismiss as evidenced by the fact that she already has. (MDL Doc. 7143; Related Case 36) Plaintiff's request for an unspecified "short period" of time to comply with the Magistrate Judge's September 9, 2013 order is **DENIED** as well.

Notwithstanding the foregoing, the court is loathe to punish individual plaintiff's for the failings of counsel. As stated many times before, the court's preference is to adjudicate cases on the

2

merits. Therefore, plaintiff shall file an amended motion to substitute with the required supporting documentation not later than November 29, 2013. Plaintiff is forewarned that failure to comply with this order by November 29, 2013 may result in a recommendation that this case be dismissed for failure to comply with the orders of the court. No further extensions of time will be granted absent good cause shown, including why plaintiff has failed to file an amended motion for substitution in the two-plus months since the Magistrate Judge entered his original order on September 9, 2011.

Plaintiff's failure to comply with the Magistrate Judge's September 9, 2013 order by the date specified, her failure to request an extension of time to do so, her failure to comply with the CMO in filing her response to NPC's motion to dismiss, and her failure to comply with the Magistrate Judge's September 9, 2011 order more than two months after that order was entered, combine to suggest plaintiff's wilful disregard for the orders of the court. In short, plaintiff's actions/inactions have transformed this matter from a purely substitution issue into a one that appears to challenge the court's authority to move this case forward.

For the reasons explained above, Mr. Vecchione is **ORDERED** to pay a sanction in the amount of $1,000.00 for the blatant disregard for the orders of the court described herein. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *Youn v. Track Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)(both cases standing for the proposition that the district court has the inherent power to sanction a party when that party refuses to comply with the court's orders). Mr. Vecchione is **ORDERED** to pay the full amount of the sanction to the Clerk of Court for the United States District Court, Middle District of Tennessee not later than thirty (30) days after the date of entry or this order on the docket. Mr. Vecchione is **FOREWARNED** that failure to pay the amount ordered to the Clerk of Court within the time frame specified may result in additional sanctions.

In addition to the foregoing, Mr. Vecchione is **ORDERED** to reimburse NPC for reasonable costs of litigation that NPC incurred due to plaintiff's failure to comply with the orders of the court. Mr. Vecchione will have fourteen (14) days to object to any such application that NPC may file to recover its costs.

It is so **ORDERED**.

**ENTERED** this 19th day of November, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge