UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| | ) | |
| This Document Relates to: | ) | |
| *Nygren*, 3:07-CV-00957 | ) | |

# REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by defendant Novartis Pharmaceuticals Corporation (NPC) (MDL Doc. 6764; Related Case 23) be **DENIED**, and that a suggestion of remand be entered in this case.

## I. BACKGROUND

Edward Nygren died on November 4, 2006 in Wilkes-Barre, Pennsylvania. (MDL Doc. - - - - ; Related Case 4-1, ¶ 3, pp. 2, 23 & Ex. 1)[1] Mr. Nygren was a citizen and resident of the State of Pennsylvania at the time of his death. (MDL Doc. - - - - ; Related Case 4-1, ¶ 3, p. 2)

Margaret Nygren, the late Mr. Nygren's spouse, filed this action in the Southern District of New York on August 15, 2007. (MDL Doc. - - - - ; Related Case 4-1) Ms. Nygren represented herself in the style of the complaint – and the body of the complaint – as "MARGARET NYGREN . . . Surviving Spouse and Executor of the Estate of EDWARD NYGREN, Deceased . . . ." (MDL Doc. - - - - ; Related Case 4-1, p. 1) Ms. Nygren further represented herself as "a citizen and resident of the State of Pennsylvania . . . ." (MDL Doc - - - - ; Related Case 4-1, ¶ 2, p. 2)

---

[1] Documents in the record cited as "MDL Doc. - - - -" do not appear in the main docket for this multi-district litigation (MDL), *i.e.*, in 3:06-MD-1760. The referenced documents do, however, appear in the "Related Case," *i.e.*, 3:07-CV-00957.

On June 27, 2013, NPC filed a motion to dismiss under Rule 12(h)(3), Fed. R. Civ. P. (MDL Doc. 6764; Related Case 23) NPC makes the following arguments in support of its motion to dismiss: 1) Ms. Nygren lacked legal standing under Pennsylvania law to bring this lawsuit because she was not the personal representative of Mr. Nygren's estate when she filed her complaint; 2) she misrepresented her standing in the complaint; 3) she is now time barred from correcting her lack of standing by filing a new lawsuit; 4) Pennsylvania's law pertaining to the doctrine of relation back does not save her claims. (MDL Doc. 6764, ¶¶ I-II, pp. 2-5; Related Case 23)

NPC has provided a certified true copy signed by the Register of Wills in Luzerne County showing that letters of administration were issued October 3, 2012. (MDL Doc. 6764, Ex. 2; Related Case 23) NPC also has provided the declaration of Joanne E. Kubiniec in which Ms. Kubiniec declares that she was "informed" by the Register of Wills "that there [wa]s no record of estate proceedings, nor other probate-related documents filed, regarding Edward Nygren or his estate prior to October 2, 2012 in Luzerne County, Pennsylvania." (MDL Doc. 6764, Ex. 10, ¶ 3, p. 2; Related Case 23)

Plaintiff filed a response to NPC's motion on July 17, 2013. (MDL Doc. 6825; Related Case 24) Plaintiff argues as follows: 1) NPC has not provided any valid basis for its assertion that this court lacks subject matter jurisdiction; 2) NPC waived its right to challenge Ms. Nygren's standing because it did not raise the challenge at the time plaintiff filed the lawsuit; 3) the complaint is valid under Pennsylvania law; 4) Ms. Nygren has not requested leave to add a new party to this action. (MDL Doc. 6825, ¶ II, pp. 3-7; Related Case 24)

NPC filed a reply on July 29, 2013. (MDL Doc. 6871; Related Case 25) NPC argues in its reply that: 1) plaintiff does not dispute that she misrepresented her standing to file this lawsuit; 2)

NPC assumed that plaintiff's representations regarding her standing when she filed her complaint were true as required under Rule 11, Fed. R. Civ. P.; 3) plaintiff's waiver argument is frivolous. (MDL Doc. 6871, pp. 1-2; Related Case 25) NPC also repeats its earlier arguments.

This matter is now properly before the court.

## II. STANDARD OF REVIEW

"Standing 'goes to [a c]ourt's subject matter jurisdiction,'" *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013)(quoting *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)), and a challenge to standing is properly considered as one under Rule 12(b)(1), *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 Fed.Appx. 409, 411-12 (6th Cir. 2013)(citations omitted). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Standing is determined at the time the complaint is filed. *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 n. 11 (6th Cir. 2012)(citing *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005)).

Challenges to subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. are classified as facial or factual attacks. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)(citing *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). "A facial attack is a challenge to the sufficiency of the pleading itself." *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A factual attack, on the other hand, "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598.

When a court reviews a complaint under a factual attack, the allegations have no presumptive

3

truthfulness, and the court weighing the evidence has the discretion to allow affidavits, documents, etc. to resolve jurisdictional facts. *Carrier Corp.*, 673 F.3d at 440. A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See e.g., Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 571 (6th Cir. 2001). If subject matter jurisdiction is challenged, the plaintiff must bring forth relevant, competent proof to establish jurisdiction. *See Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)(citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### III. ANALYSIS

NPC couches its standing/jurisdiction argument in terms of Pennsylvania's "survival statute," 42 Pa.C.S.A. § 8302. Section 8302 provides that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."

A plain reading of the complaint shows that Ms. Nygren actually asserts two separate and distinct causes of action: a personal right of action as her late husband's surviving spouse, and a right of action as executor of her late husband's estate. Although NPC addresses the complaint in terms of Ms. Nygren's legal standing to represent the estate, NPC neglects to consider any personal right of action that Ms. Nygren might have as the surviving spouse of her late husband.

Pennsylvania's "wrongful death" statute – quoted below – shows that Ms. Nygren had a personal right of action as her late husband's surviving spouse.

> (a) General rule. An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual

4

during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

(b) Beneficiaries. Except as provided in subsection (d), **the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased**, whether or not citizens or residents of this Commonwealth or elsewhere. The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth.

(c) Special damages. In an action brought under subsection (a), the plaintiff shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death.

(d) Action by personal representative. **If no person is eligible to recover damages under subsection (b), the personal representative of the deceased may bring an action** to recover damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death.

42 Pa.C.S.A. § 8301 (emphasis added).

A plain reading of § 8301 shows that Ms. Nygren had a personal right of action as a statutory beneficiary under subsection § 8302(b), *i.e.*, as her late husband's surviving spouse. Under Pennsylvania law, "[a] wrongful death action . . . is [not] derivative of the decedent's claim . . . the right of action belongs to the statutory claimants rather than the decedent." *See Pisano v. Extendicare Homes, Inc.*, __ A.3d __, 2013 WL 4046673 * 4 (Pa. Super.). Moreover, Ms. Nygren's personal right of action under Pennsylvania's "wrongful death" statute existed long before her husband's death. *See Hill v. Pennsylvania Railroad Company*, 178 P.S. 223, 35 A. 997, 998 (1896)("[I]t cannot be argued that the intention . . . was to give one right of action to the party

5

injured, and another and independent right of action for the same injury to his widow.").

Because Ms. Nygren's personal right of action under Pennsylvania's "wrongful death" statute is not derivative of any right that flows the estate of her late husband, any alleged defects associated with actions required in state court related to the estate are not fatal to her personal right of action as a spouse under § 8301(b). More particularly, as set forth in § 8301(d), Ms. Nygren was not required to be appointed as the personal representative of her late husband's estate to bring a "wrongful death" action as a spouse beneficiary.

There also is no statute of limitations issue with respect to Ms. Nygren's personal right of action as her husband's surviving spouse. "The statute of limitations for a wrongful death . . . action is two years." *Krapf v. St. Luke's Hospital*, 4 A.3d 642, 650 (Pa. Super. 2010). Nygren filed this lawsuit a little more than 9 months after her husband died, well within the 2-year statute of limitations.

As shown above, Ms. Nygren was a proper party under Pennsylvania law to bring a "wrongful death" action in federal court in her own right, she was not required to be appointed by the Pennsylvania courts as the personal representative of her late husband's estate to do so, and she brought her action under § 8301 well within the applicable statute of limitations. In short, Ms. Nygren had standing to bring the "wrongful death" action that is embodied in this case in federal court. Because Ms. Nygren had standing under Pennsylvania's "wrongful death" statute, the district court has jurisdiction to adjudicate this case.

The next question is whether Ms. Nygren's claims on behalf of her late husband's estate are subject to dismissal for want of standing because Ms. Nygren had not been appointed as the personal representative of her late husband's estate at the time she filed the complaint. The Magistrate Judge

6

assumes without deciding for purposes of the following analysis that NPC's law and arguments on this point are correct.

The record shows that Ms. Nygren was issued letters of administration by the Register of Wills for Luzerne County on October 3, 2012. (MDL Doc. 6764, Ex. 2, p. 2; Related Case 23) Therefore, notwithstanding NPC's argument that Ms. Nygren failed to comply with state law with respect to being appointed the "personal representative" of her late husband's estate, the record shows that Ms. Nygren has, in fact, been appointed as such.[2]

Given that the letters of administration were not issued until October 3, 2012, and inasmuch as no argument has been made to the contrary, it is apparent that Ms. Nygren had not been issued the necessary letters of administration at the time she filed her complaint on August 15, 2007. In other words, although Ms. Nygren has standing now to represent the interests of her late husband's estate now, she did not have standing to represent her late husband's estate at the time she filed her complaint.

"Although the Constitution forbids federal courts from entertaining suits over which they lack jurisdiction, Rule 15(d) enables plaintiffs to cure any jurisdictional defects . . . ." *Cox v. Mayer*, 332 F.3d 422, 429 (6th Cir. 2003)(citing 28 U.S.C. § 1653). Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Congress's intent in enacting § 1653 was to avoid dismissals on technical grounds. *See Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974). The decision whether to amend a complaint to correct a jurisdictional

---

[2] NPC's motion to dismiss is grounded solely in a challenge to Ms. Nygren's standing to bring this action, and the court's jurisdiction to adjudicate her case. Therefore, the Magistrate Judge will not dwell on how the Pennsylvania courts might rule on the question of whether the letters of administration issued to Ms. Nygren were valid under the circumstances described.

defect is a discretionary decision for the trial court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Section 1653 encourages courts to permit plaintiffs to amend their pleadings to allege jurisdiction. *See Miller*, 502 F.2d at 311.

As previously discussed, Ms. Nygren brought this action on behalf of her late husband's estate as "executor" of his estate, not the "personal representative." As been stated so often stated in this multi-state litigation (MDL), "personal representative" is a term of art with a very specific meaning under the law. It also has been pointed out repeatedly that, lacking letters of administration/testamentary, the mere fact that one may have been appointed as executor of an estate does not necessarily convey the legal authority under state law to represent the estate in a survival/wrongful death action.

It is arguable whether plaintiff's use of the term "executor" rather than "personal representative" twice on the first page of the compliant,[3] including the style of the case, ought to have been sufficient to alert NPC to the possibility of a Rule 12(b)(1) challenge when this case was first filed. The only thing certain is that NPC did not raise such a challenge. The complaint has not been amended since it was first filed, nor have there been any substitutions in the ensuing years that might have clouded the issue. Therefore, we are where we are in this case, at least in part due to NPC's apparent oversight.[4]

The question begs to be asked: "Exactly where are we in this case nearly six years after the

---

[3] The Magistrate Judge notes for the record that Ms. Nygren does not appear to have misrepresented her representative capacity in the complaint..

[4] The Magistrate Judge notes for the umpteenth time in this MDL that this issue could have been avoided had counsel for plaintiff merely complied with the Case Management Order (CMO), which was in effect well before Ms. Nygren filed her complaint. It wasn't rocket science then . . . and it isn't rocket science now.

fact?" Plaintiff provides a succinct answer to the question in her July 17, 2013 response:

> [F]or almost six years, Novartis has continued to litigate the Nygren case without any objection to Ms. Nygren's standing. There has been extensive discovery and countless proceedings . . . that relate to this case, and more recently, Novartis conducted extensive discovery in this case, including scheduling the depositions of Mr. Nygren's treating physicians and service of discovery requests.

(MDL Doc. 6825, ¶ I, pp. 2-3; Related Case 24) Additionally, in NPC's November 15, 2013 response to the Magistrate Judge's request that the parties advise the court regarding the status of Group 2 cases, NPC identified this case as pending <u>only</u> a ruling on the motion to dismiss presently before the court. (MDL Doc. 7137; Related Case 29) In other words, apart from the instant motion to dismiss, fact discovery has been completed in this case, and it is ready for a suggestion of remand.

## IV. <u>CONCLUSIONS</u>

Ms. Nygren had standing under Pennsylvania law as a surviving spouse to bring her "wrongful death" action in federal court. Because Ms. Nygren had standing to bring a "wrongful death" action in federal court, the court has had jurisdiction over those claims since Ms. Nygren filed her complaint in 2007. The court's jurisdiction over Ms. Nygren's "wrongful death" claims existed quite apart from any defect that may have existed as to claims that accrued to the estate of her late husband.

As for Ms. Nygren's standing *vis-a-vis* the estate of her late husband, the court has the authority under Rule 15(d) and § 1653 to permit Ms. Nygren to cure any defect with respect to her initial standing and the court's jurisdiction over those claims. After careful consideration, the Magistrate Judge is of the view that it would be a proper exercise of the court's discretion to construe the letters of administration issued to Ms. Nygren on October 3, 2012 as an amendment to the

9

complaint, and that such amendment be construed to cure any standing/jurisdictional defect(s) in this case as to the claims pertaining to the estate of the late Mr. Nygren.

## V. **RECOMMENDATIONS**

For the reasons explained above, the Magistrate Judge RECOMMENDS that NPC's motion to dismiss (MDL Doc. 6764; Related Case 23) be **DENIED**, and that a suggestion of remand be entered in this case.

Under Rule 72(b) Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 25th day of November, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge