UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| 3:07-cv-01043 (Clark, Mary Alice) | ) | |

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge RECOMMENDS that the motion to dismiss filed by defendant Novartis Pharmaceuticals Corporation (NPC) (MDL Doc. 7047; Related Case 33) be **DENIED**.

## I. INTRODUCTION AND BACKGROUND

NPC filed a suggestion of death on April 3, 2013 indicating that plaintiff Mary Alice Clark died "on a date unknown between June 2, 2011 and November 29, 2011." (MDL Doc. 6555; Related Case 26) On June 19, 2013, a motion to substitute was filed confirming that the late Ms. Clark died on November 23, 2011, and seeking to substitute her granddaughter, Dana Pace, as plaintiff in this case. (MDL Doc. 6746; Related Case 28)

The motion to substitute was denied on September 9, 2013 because Ms. Pace failed to establish that no one else had a superior right to proceed in this case as required under Cal Prob. Code § 6402(a), or that she was the proper "successor in interest" to her late grandmother's estate as required under Cal. Civ. Proc. § 377.11. (MDL Doc. 6969; Related Case 32)

The Magistrate Judge explained what was required for Ms. Pace to proceed as "successor in interest" in this action under California law. (MDL Doc. 6969, pp. 2-3 & n. 2; Related Case 32) The

Magistrate Judge also wrote the following in his September 9, 2013 order:

> Counsel may amend the motion not later than September 30, 2013. Counsel is forewarned that failure to amend by September 30, 2013 may result in the Magistrate Judge recommending that this case be dismissed with prejudice for failure to comply with the Case Management Order, and for failure to comply with Rule 25(a)(1), Fed. R. Civ. P. Appropriate sanctions may be recommended as well. No extensions of time will be granted absent good cause shown.

(MDL Doc. 6969, p. 3; Related Case 32) Counsel did not amend the complaint by September 30, 2013, nor did he seek an extension of time to do so.

NPC filed the motion to dismiss presently before the court on October 10, 2013. (MDL Doc. 7047; Related Case 33) NPC argued that this case should be dismissed "based on the plaintiff's clear violation of th[e] Court's [earlier] Order," because "[t]his case has not had a proper plaintiff since [the late Ms.] Clark's death on November 23, 2011," and because Ms. Pace still was "neither the personal representative of [the late Ms.] Clark's estate nor the 'successor in interest'" as required under California law. (MDL Doc. 7047, pp. 1-2; Related Case 33)

Counsel responded to NPC's motion to dismiss on November 15, 2013, ten days after he was required to comply with the Magistrate Judge's September 9, 2013 order, and nearly two weeks after he was required under the Case Management Order (CMO) to respond to NPC's motion to dismiss. (MDL Doc. 7143; Related Case 36) Counsel "apologize[d] to the Court" noting vaguely that the plaintiff "was not in a position" to amend her motion by the date ordered, and that "[d]ue to the personal circumstances of Ms. Richards and Ms. Harrison, an extended period of time was required to make contact and address the situation with them." (MDL Doc. 7143, pp. 1-2; Related Case 36) Counsel sought "a short period to file a Supplemental Response," and to amend the original motion to substitute. (MDL Doc. 7143, p. 2; Related Case 36) Counsel offered no explanation for his failure to respond to NPC's motion to dismiss within the time frame prescribed by the CMO.

The Magistrate Judge entered an order on November 19, 2013 denying counsel "a short period" of time to file a supplemental response to NPC's motion to dismiss and to amend the original motion to dismiss. (MDL Doc. 7152, p. 2; Related Case 37) Nevertheless, noting that the court was "loathe to punish individual plaintiffs for the failings of counsel," the Magistrate Judge ordered that an amended motion to substitute be filed not later than November 29, 2013. (MDL Doc. 7152, pp. 2-3; Related Case 37) Counsel also was ordered to pay a $1,000.00 sanction for his "blatant disregard for the orders of the court." (MDL Doc. 7152, p. 3; Related Case 37)

That same day, November 19, 2013, counsel filed an amended motion to substitute and a supplemental response to NPC's motion to dismiss. (MDL Doc. 7155, 7160; Related Case 38-39) As established in the Magistrate Judge's recent December 5, 2013 order, the amended motion to substitute cured the original substitution defect. (MDL Doc. 7182; Related Case 41) Inasmuch as the supplemental response to NPC's motion to dismiss was filed the same day that the Magistrate Judge entered his order on November 19, 2013, the supplemental response is properly before the court. NPC did not file a reply to the supplemental response, and the time for it to do so has passed. This matter is now properly before the court.

## II. ANALYSIS

Dismissal of an action on procedural grounds is an appropriate sanction only if "no alternative sanction would protect the integrity of the pretrial process." *Wu v. T. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005). The Sixth Circuit has "repeatedly 'reversed district courts for dismissing cases because litigants failed to . . . comply with pretrial orders when the district court did not put the derelict parties on notice that further noncompliance would result in dismissal.'" *Wu*, 420 F.3d at 644 (quoting *Harris v. Callwood*, 844 F.3d 1254, 1256 (6th Cir. 1988)); *see* MDL Doc. 7011, 7107.

As previously noted at p. 3, counsel was sanctioned $1,000.00 for failure to comply with the orders of the court. As also noted at p. 3, the amended motion to substitute cured the original substitution defect. Because counsel has been sanctioned, and because the amended motion to substitute has been granted, dismissal of this case is neither warranted nor appropriate.

### III. **RECOMMENDATION**

For the reasons explained above, the Magistrate Judge RECOMMENDS that the motion to dismiss filed by NPC (MDL Doc. 7047; Related Case 33) be **DENIED**.

Under Rule 72(b) Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 10th day of December, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge