UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | MDL No. 1760 |
| ) | Judge Campbell/Brown |
| No. 3:06-MD-1760 ) | |
| ) | |
| This Document Relates to: ) | |
| 3:8-cv-00907 (*Wood*) ) | |

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends the following for the reasons explained below: **1)** the motion to vacate and dismiss filed by defendant Novartis Pharmaceuticals Corporation (NPC) (MDL Doc. 6987; Related Case 45) be **DENIED**; **2)** plaintiff's motion to be named a proper party *nunc pro tunc* in this case (MDL Doc. 6995; Related Case 46) be **GRANTED**; **3)** absent good cause shown, the decision on all future substitution-related motions to dismiss based on allegations of failure to comply with state law filed in this court be **DEFERRED** to the remand court; **4)** absent good cause shown, all future motions to dismiss based on the alleged failure to comply with Rule 25, Fed. R. Civ. P. and/or the Case Management Order (CMO) be **DENIED** for reasons set forth recently by the court in MDL Docs. 7011, 7107, 7132, and 7210.

### I. INTRODUCTION
### AND
### BACKGROUND

Angela Wood died on February 14, 2007. Then counsel John Threadgill filed a suggestion of death in the wrong case, *i.e.*, in *Casali*, No. 3:05-cv-00719, on November 26, 2007, attached to which as exhibit A was a copy of Ms. Wood's death certificate. (MDL Doc. 813) The Clerk

instructed counsel to refile the suggestion of death and supporting exhibits in the proper case.[1]

A related telephone conference was held with the parties on December 12, 2007. (MDL Doc. 861) Agreeing that it "appear[ed' from discussion with counsel that Wood . . . ha[d] . . . passed away," NPC "indicated no objection to a substitution upon a properly filed motion . . . ." (MDL Doc. 861, p. 2) The record shows that counsel had filed a motion two days earlier to substitute the late Ms. Wood's Husband, Larry Wood, as plaintiff in this case. (MDL Doc. 849; Related Case 2) The motion to substitute was granted on December 27, 2007. (MDL Doc. 947)

On August 29, 2013, Mr. Wood filed a copy of his late wife's last will and testament and copies of letters testamentary issued to him. (MDL Doc. 6934; Related Case 43) The letters testamentary were issued by the Circuit Court of Pulaski County, Arkansas Probate Division on August 30, 2010, more than 2½ years after the Magistrate Judge granted the motion to substitute.

NPC responded to the filing above on September 12, 2013, moving simultaneously to vacate the court's December 27, 2007 order that granted the original motion to substitute, and to dismiss with prejudice for failure to comply with Arkansas state law, Rule 25 and the CMO. (MDL Doc. 6987; Related Case 45) In response, Mr. Wood filed a cross-motion on September 17, 2013 to have the court name him as a proper party *nunc pro tunc* to revive the claim of his late wife. (MDL Doc. 6995; Related Case 46) NPC filed a reply on October 1, 2013 in support of its motion to vacate and dismiss. (MDL Doc. 7030; Related Case 50) NPC filed its response on October 1, 2013 in opposition to Mr. Wood's cross-motion, to which Mr. Wood replied on October 14, 2013. (MDL Doc. 7031, 7063; Related Case 51-52)

This matter is now properly before the court.

---

[1] It does not appear from the record before the court that counsel complied with the Clerk's instruction.

2

## II. ANALYSIS

### A. NPC's State Law Arguments in this Case

NPC argues that this case should be dismissed under state law because Mr. Wood has no authority to continue this lawsuit under Arkansas law. (MDL Doc. 6987; Related Case 45) More particularly, NPC argues that Mr. Wood was not timely appointed either as the personal representative or special administrator as required by Arkansas statute to continue this action, and that this case can no longer be pursued because it was not "revived" by the late Ms. Wood's representatives or successors within the time frame required under state law. NPC cites two cases in support of its argument: *McDaniel v. NPC*, No. 08-cv-02088 (W.D. Ark, Jan. 6, 2012) (MDL Doc. 6811, Ex. 8) and *Carter v. NPC*, No. 4:12-cv-605-DPM (E.D. Ark., June 4, 2013) (MDL Doc. 6811, Ex. 6).

A review of *McDaniel* and *Carter* reveals that those two cases are distinguishable from this case. First, both *McDaniel* and *Carter* were pending in the remand court at the time the cases were dismissed for failure to comply with Arkansas law. This case is pending in the MDL Court, not the remand court. Second, it is not apparent from the opinions whether the plaintiffs in *McDaniel* and *Carter* had been issued letters testamentary by an Arkansas court of competent authority. As noted at p. 2 above, the Circuit Court of Pulaski County issued letters testamentary to Mr. Wood more than 3 years ago.

In addition to the foregoing, the District Judge wrote in *McDaniel* that "Plantiff's counsel **could have asked the MDL court at any time in the intervening years of litigation** to name [plaintiff] the personal representative of his deceased wife, or in the alternative, special administrator of her estate." (MDL Doc. 6811, Ex. 8, p. 5) A fair reading of the foregoing is that the state

3

procedural law at issue is tolled while a case is pending in the MDL court. This reading of *McDaniel* is supported by *Carter* where the District Judge wrote:

> [R]evival ha[s] to occur within the statute of limitations covering abated claims that survive. Arkansas law allows one year from the suggestion of death. . . . Three months passed between the suggestion and the motion for conditional substitution. **Toll the remainder of the usual period while the case was pending in the MDL Court**, which would be equitable in light of the Case Management Order. Even so, the statute ran without Mr. Carter perfecting the revival by getting appointed personal representative and eliminating the condition of his substitution – **either before transfer out of the MDL Court or within nine months thereafter**.

(MDL Doc. 6811, Ex. 6, p. 7)(emphasis added)

Applying *McDaniel* and *Carter* to the facts before the court, Mr. Wood may perfect his position under Arkansas law at any time this case is pending in the MDL court. This is precisely what Mr. Wood is trying to do in his cross-motion, *i.e.*, to have the court name him as a proper party *nunc pro tunc* to revive the claim of his late wife. Moreover, given the dates that counsel filed the original motion to substitute and when the motion was granted, under *McDaniel* and *Carter*, Mr. Wood would have up to 11 months under Arkansas law to perfect his standing even after this case is remanded to the transferor court.

For the reasons explained above, NPC's motion to dismiss this case for failure to comply with Arkansas law should be denied, and plaintiff's motion that the court name him as a proper party *nunc pro tunc* should be granted.

### B. Motions to Dismiss Under State Law Generally

Substitution has long been a bugaboo in this MDL. There are two general circumstances in which challenges to substitution have arisen: 1) those in which motions to dismiss have been filed

for failure to comply with the substitution requirements of Rule 25 and/or the CMO; 2) those in which motions to dismiss have been filed because the to-be-substituted party allegedly has failed to comply with the law of the forum state. Although the court has dealt with both circumstances in the past, as illustrated above, deciding state law challenges often involves deciding issues based on nuances in case law, not merely the interpretation of the black-letter law.

Deciding substitution-related motions to dismiss grounded in state law has the potential to be counterproductive when those decisions are rendered by the MDL court. Specifically, if this court denies a substitution-related motion to dismiss on state law grounds, there is nothing to prevent NPC from raising the question anew on jurisdictional grounds upon remand. "Standing 'goes to [a c]ourt's subject matter jurisdiction,'" *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013)(quoting *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)), and a challenge to standing is properly considered as one under Rule 12(b)(1), *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 Fed.Appx. 409, 411-12 (6th Cir. 2013)(citations omitted). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Not only would such renewed challenges to standing upon remand cause unnecessary delays in litigation, such renewed challenges would have the effect of wasting already scarce judicial resources.

The Plaintiffs' Steering Committee (PSC) and individual plaintiffs' counsel have long urged expedited remand as being in the best interest of the plaintiffs. The PSC and individual plaintiffs' counsel also have long bemoaned NPC's alleged delaying tactics upon remand, such as seeking to revisit previously decided issues. Deferring the decision to the remand court in matters pertaining to substitution where NPC seeks dismissal on state law/procedural grounds would have the effect

5

of addressing both of these issues. It appears from a document filed recently that NPC would not object to such decisions being deferred to the remand court. (MDL Doc. 7262)

For the reasons explained above, the Magistrate Judge recommends that, absent of good cause shown, future substitution-related motions to dismiss grounded in state law be deferred to the remand court as being in the best interests of the parties and judicial efficiency.

### C. Plaintiffs Rule 25 and CMO Arguments

NPC also seeks to have this case dismissed on procedural grounds arguing that plaintiff failed to comply with Rule 25 and the CMO. These arguments are virtually identical to those that the court considered and rejected in 15 other cases decided in the last 3 months. (MDL Doc. 7011, 7107, 7132, 7210) In those cases, the court sided with the long-held preference that cases be decided on the merits rather than dismissed for technical and/or procedural error. NPC's motion to vacate and dismiss based on plaintiff's failure to comply with Rule 25 and the CMO should be denied for the reasons set forth in those previous 15 cases. The Magistrate Judge further recommends that, absent good cause shown, the district court deny future substitution-related motions to dismiss on technical and/or procedural grounds under Rule 25 and the CMO for the reasons set forth in the 15 cases referred to above.

The Magistrate Judge cannot help noting that these substitution issues could be easily avoided if Plaintiffs counsel kept in closer contact with the clients and advised them on the need for a will and assisted whoever the client wanted to administer their estate in filing for probate and appointment as administrator or executor either directly or through a local attorney as appropriate.

### III. RECOMMENDATIONS

The Magistrate Judge recommends the following for the reasons explained above: **1)** the motion to vacate and dismiss filed by NPC (MDL Doc. 6987; Related Case 45) be **DENIED**; **2)**

plaintiff's motion to be named a proper party *nunc pro tunc* in this case (MDL Docs. 6995, 6997-98; Related Case 46-48) be **GRANTED**; **3)** absent good cause shown, the decision on all future substitution-related motions to dismiss based on allegations of failure to comply with state law filed in this court be **DEFERRED** to the remand court; **4)** absent good cause shown, all future motions to dismiss based on the alleged failure to comply with Rule 25 and/or the CMO be **DENIED** for reasons set forth recently by the court in MDL Docs. 7011, 7107, 7132, and 7210.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986).

**ENTERED** the 17th Day of January, 2014.

/s/Joe B. Brown
Joe B. Brown
January 17, 2014 United States Magistrate Judge