**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | |
| **AREDIA® AND ZOMETA® PRODUCTS** ) | |
| **LIABILITY LITIGATION** ) | |
| ) | **No. 3:06-MD-1760** |
| **(MDL No. 1760)** ) | **Judge Campbell/Brown** |
| ) | |
| **This Document Relates to:** ) | |
| ) | |
| **3:09-00965 (*MacDonald*)** ) | |

## ORDER

A suggestion of death was filed on August 21, 2013 noticing those concerned that plaintiff Marjorie MacDonald died on December 27, 2011. (MDL Doc. 6923; Related Case 13) Thereafter, counsel filed a motion on November 18, 2013 to substitute the late Ms. MacDonald's husband, Ed MacDonald, as the plaintiff in this case. (MDL Doc. 7148; Related Case 14)

Defendant Novartis Pharmaceuticals Corporation (NPC) filed a response in opposition to the motion on November 27, 2013 arguing that the motion should be denied because Ms. MacDonald's estate had not been opened, and that Mr. MacDonald had not been appointed as the personal representative of her estate as required under Ohio law. (MDL Doc. 7165; Related Case 15) NPC provided law and argument in support of its position that Mr. MacDonald may not maintain this action unless and until he has been appointed as the personal representative of his late wife's estate by order of the Ohio courts.

Citing Ohio Rev. Code Ann. § 5815.36,[1] counsel replies that "Ohio law defines 'personal representative' to 'include [] any fiduciary as defined in section 2109.01 of the Revised Code and any executor, trustee, guardian, or other person or entity having a fiduciary relationship with regard to any interest in property passing to the fiduciary, executor, ***trustee***, guardian, or other person . . .

---

[1] Section 5815.36 pertains to "Disclaimers of successions to property" under Title LVII, Trusts.

.'" (MDL Doc. 7212, p. 2; Related Case 16)(emphasis in the original)   Counsel hangs his hat in reply on a sentence fragment taken out of context with the remainder of § 2109.01 which provides that a "fiduciary" must be "appointed by and accountable to the probate court . . . ." Ohio Rev. Code Ann. § 2109.01.[2]

NPC's arguments represent a correct statement of the law.  Counsel's argument in reply does not.  Therefore, the motion to substitute Mr. MacDonald as the plaintiff in this case (MDL Doc. 7148; Related Case 14) is **DENIED**.  Counsel may renew the motion to substitute when he has complied with the Case Management Order and Ohio law.

It is apparent from counsel's selective reading of the law that counsel may have intended to mislead the court.  Therefore, counsel shall provide proof not later than March 12, 2014 that Mr. MacDonald has been appointed as the personal representative of his late wife's estate by order of the Ohio courts.  If not, counsel shall provide proof by that same date that he has exercised due diligence in seeking expedited relief from the Ohio courts.  Counsel is forewarned that failure to comply with the Case Management Order as it pertains to substitution, and this order as it pertains this case specifically, may result in the imposition of sanctions.

**ENTERED** this 10th day of February, 2014.


/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[2]  Section 2109.01 defines "Fiduciary" under Title XXI, Courts – Probate – Juvenile.