UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| AREDIA® AND ZOMETA® PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | |
| | ) | No. 3:06-MD-1760 |
| (MDL No. 1760) | ) | Judge Campbell/Brown |
| | ) | |
| This Document Relates to: | ) | |
| 3:7-cv-00007 (*Davis*) | ) | |

**ORDER**

The late Anne Davis' daughter, Sherry Cleveland-Case, was substituted as the plaintiff in this case on November 12, 2009 following her late mother's death the year before on May 11, 2008. (MDL Docs. 2938, 2951, 2959; Related Case 13-16) Before the court is a second motion for substitution filed on December 5, 2013 ("the second motion"). (MDL Doc. 7191; Related Case 65) Defendant Novartis Pharmaceuticals Corporation (NPC) has responded in opposition to the second motion. (MDL Doc. 7248; Related Case 68)

Counsel moves in the second motion to substitute Jennifer Lint, the Public Administrator of the late Ms. Davis' county of residence at the time of her death, until Ms. Cleveland-Case "is able" to take the steps necessary to petition the Montana courts to be appointed as the personal representative of her late mother's estate. Counsel states in the second motion that it is his "intent and expectation" that Ms. Cleveland-Case will "be substituted as the personal representative **as soon as she is able** to sign the affirmation" required for appointment. (MDL Doc. 7191, ¶ 14, p. 2; Related Case 65)(emphasis added) It appears from Ms. Lint's December 5, 2013 petition in the Montana Twenty-First Judicial District Court that the vague expression "as soon as she is able" means that the whereabouts of Ms. Cleveland-Case may be unknown, or at least they were unknown

at the time the second motion was filed. (MDL Doc. 7191, Ex. C, ¶ 9, pp. 2-3; Related Case 65)

On July 24, 2013, NPC correctly argued in its motion to vacate and dismiss that the original motion to substitute Ms. Cleveland-Case was granted in 2009 based on the misrepresentations of counsel. (MDL Doc. 6846; Related Case 49) Ms. Cleveland-Case had never been appointed personal representative of her late mother's estate as required under Montana law as counsel represented in the original motion. (MDL Doc. 6846, pp. 1, 8-11; Related Case 49) As evidenced by the second motion filed in December 2013, Ms. Cleveland-Case had not initiated the required action in the Montana courts in the four-plus months following the revelation that she had been improperly substituted.

Ever the optimist, the Magistrate Judge believes that Ms. Cleveland-Case may have been contacted and taken the steps required to perfect her position as personal representative of her late mother's estate in the four-plus months since the second motion was filed. Therefore, counsel is **ORDERED** to supplement the second motion **NOT LATER THAN APRIL 14, 2014** to clarify/update the status of Ms. Cleveland-Case's petition for appointment by the Montana courts as personal representative of her late mother's estate. In his response to this order, counsel **SHALL PROVIDE** the court with copies of any and all documents filed by or on behalf of Ms. Cleveland-Case in the Montana courts to that end.

This case is part of the first group of cases to be referred to fact discovery, which was to have been completed not later than March 1, 2013. More than one year later, fact discovery still has not been completed – and seven-plus months since the original substitution defect was identified, counsel still has failed to correct the issue. If Ms. Cleveland-Case has not yet been contacted, and/or she has not yet filed the necessary documents in the Montana courts to be substituted properly as the

plaintiff in this case, then counsel shall so say so **CLEARLY AND WITHOUT EQUIVOCATION**. Counsel either knows Ms. Cleveland-Case's whereabouts or he does not. Ms. Cleveland-Case either has initiated the required proceedings in the Montana courts or she has not. Ms. Cleveland-Case either is willing and able to represent this action or she is not. It's time to fish or cut bait!

Failure to comply fully with this order by the date specified may result in the imposition of sanctions and/or entry of a recommendation that the case be dismissed for failure to prosecute. No extensions of time to comply with this order will be granted absent truly extraordinary circumstances.

It is so **ORDERED**.

**ENTERED** the 7th day of April, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge